ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
RACHAEL G. JUNG (SBN 239323)
rjung@kellergrover.com
**KELLER GROVER LLP**
1965 Market Street
San Francisco, California 94103
Telephone: (415) 543-1305
Facsimile: (415) 543-7861

SCOT BERNSTEIN (SBN 94915)
swampadero@sbernsteinlaw.com
**LAW OFFICES OF SCOT D. BERNSTEIN,
A PROFESSIONAL CORPORATION**
101 Parkshore Drive, Suite 100
Folsom, California 95630
Telephone: (916) 447-0100
Facsimile: (916) 933-5533

DON BIVENS (*pro hac vice*)
don@donbivens.com
**DON BIVENS, PLLC**
15169 N. Scottsdale Road, Suite 205
Scottsdale, Arizona 85254
Telephone: (602) 708-1450

*Attorneys for Plaintiffs*
R,C, and D.G., Individuals

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| R.C. and D.G., individually and on behalf of a class of similarly situated individuals, | Case No: 3:24-cv-02609-JSC |
| Plaintiffs, | Assigned to: Hon. Jacqueline Scott Corley |
| v. | <u>CLASS ACTION</u> |
| SUSSEX PUBLISHERS, LLC; and DOES 1 through 100, inclusive, | **FIRST AMENDED COMPLAINT FOR DAMAGES** |
| Defendants. | **DEMAND FOR JURY TRIAL** |
| | Complaint Filed: November 30, 2023 |

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

## CLASS ACTION COMPLAINT

Plaintiffs R.C. and D.G. ("Plaintiffs"), on behalf of themselves and a class of similarly situated individuals as defined below, and based on personal knowledge where applicable, information and belief, and the investigation by counsel, allege the following against Defendant Sussex Publishers, LLC.[1]

## INTRODUCTION

1.      This class action lawsuit arises out of Defendant's policy and practice of (1) disclosing to and sharing with third parties, without users' knowledge, authorization, or consent, private and personal information, including sensitive medical information, that Defendant's website, www.psychologytoday.com, has collected while users navigate its online platform and (2) aiding and abetting Google's (and possibly other third party interceptors') unauthorized intercepting, recording, collection and use of California residents' highly personal and confidential data and communications.

2.      Sussex Publishers, LLC is a private media company that owns Psychology Today magazine and the www.psychologytoday.com website.  The Psychology Today platforms focus on behavioral science with a stated mission to cover all aspects of human behavior so as to help people better manage their own health and wellness, adjust their mindset, and manage a range of mental health and relationship concerns.  The Psychology Today website features therapy and health professional directories as well as hundreds of blogs and articles written by a variety of psychologists, psychiatrists, social workers, medical doctors, anthropologists, sociologists, and science journalists.

3.      Psychology Today content and its therapist directories are found in more than 20 countries worldwide, making it one of the most widely used directories to find a mental health professional.  The online directory provides free access to a vast network of hundreds of thousands

---

[1] R.C. and D.G. file their claims under pseudonyms to protect against further disclosure of the private and potentially stigmatizing nature of the mental health conditions for which they sought treatment through Defendant's online platform.  Revealing Plaintiffs' true identities would substantially cause the exact harm that they are seeking to remedy through the filing of this suit, i.e., the disclosure of their personal and sensitive health information.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

of professionals and allows users to sort providers by location, insurance, therapy type, mental health specialty, price, and many other preferred characteristics, such as age, ethnicity, sexuality, language, and faith.

4.      The Psychology Today website also allows and provides a means (i.e., a button or link) for consumers to contact therapists directly through the website, via either telephone or email. Additionally, if online versus in-person therapy is chosen, Psychology Today facilitates the teletherapy appointment by (1) sending an email with the appointment date and time and a link to check-in and (2) hosting the online session on its own website or on the Psychology Today "Sessions by Psychology Today!" mobile app.

5.      Plaintiffs and Class members who visited the Psychology Today website expected that their personal and sensitive medical information – including without limitation their name, email address, telephone number, age and insurance information, their search parameters detailing their mental health concerns and conditions, their gender, ethnicity, sexuality, and faith preferences regarding providers, and the type of therapy or category of treatment they sought – would be and remain private and confidential.  Plaintiffs and Class members had a reasonable expectation that their interactions with and communications through Psychology Today's website, which contained personal and/or uniquely identifying information, would not be shared with any third parties, let alone to *undisclosed* third parties.

6.      Unbeknownst to individuals using the Psychology Today online platform, Google Analytics code is embedded into the Psychology Today website.  Through that embedded tracking technology, while Plaintiffs and Class members were and are interacting with the Psychology Today website, Google, in real time, was and is able to and did and does intercept, eavesdrop upon, and collect Psychology Today website users' sensitive information, including their individually identifiable and protected mental health information.  All of this happens without the knowledge of the individual, and certainly without any choice, authorization, or consent.

7.      Stated another way, as Plaintiffs and Class Members are using their various electronic devices to enter their personally identifiable and sensitive mental health information, Google simultaneously is intercepting their private data in real time, while it is in transit, by using

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

the embedded Google Analytics code.  Moreover, because Defendant failed to turn on the IP anonymization feature on its Psychology Today website, Google was and is able to identify, from the unauthorized intercepted data, individual Psychology Today website users' IP addresses[2] and to access and obtain their other uniquely identifying information.

8.    Plaintiffs are informed and believe and on that ground allege that Google views, reads, and uses, and/or has the capability to use, the information shared by the Psychology Today website not only to provide analytics services, but also to maintain and improve Google's own services, develop new analytics and marketing services, and measure the effectiveness of advertising on Google's and its partners' sites and applications.

9.    Defendant's unauthorized disclosure of Plaintiffs' and Class members' personally identifiable information and private and sensitive mental health information, all without adequate notification to Plaintiffs and Class members regarding that data sharing, is an invasion of Plaintiffs' and Class members' privacy.  It also violates various laws, including the California Confidentiality of Medical Information Act, Cal. Civil Code §§ 56, *et seq.* ("CMIA"); the California Consumer Privacy Act, Cal. Civil Code §§ 1798.100, *et seq.* ("CCPA"); the California Invasion of Privacy Act, Cal. Penal Code §§ 630, *et seq.* ("CIPA"); and the right to privacy under the Article 1, § 1, of the California Constitution, which includes privacy as one of six fundamental rights of all Californians.

### PARTIES

**A.    Plaintiff R.C.**

10.    Plaintiff R.C. is a natural person and a citizen and resident of California.

11.    On more than one occasion over the 12-month period preceding the filing of the Complaint, Plaintiff R.C. accessed Defendant's online platform and used the therapist directory to search for a mental health professional.  While navigating the Psychology Today website, Plaintiff

---

[2] IP addresses have been classified by the United States Department of Health and Human Services ("HHS") as personally identifying information.  *Use of Online Tracking Technologies by HIPAA Covered Entities and Business Associates*, U.S. Department of Health and Human Services (Dec. 1, 2022), https://www.hhs.gov/hipaa/for-professionals/privacy/guidance/hipaa-online-tracking/index.html

KELLER GROVER LLP

1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1  R.C. provided personal and mental health information to narrow his search.[3]  Plaintiff R.C.

2  reviewed the list of results, read various therapist biographies, viewed articles, blogs and/or videos,

3  and sent email communications to a number of therapists directly through the Psychology Today

4  website.

5         12.    When emailing potential therapists through the website, Plaintiff R.C. was required

6  to fill in a form and enter his name, email address, and telephone number.  Those email

7  communications also included personal and sensitive medical information, such as Plaintiff R.C.'s

8  age, issues he was presenting, his mental health concerns, and the types of treatment or therapy

9  that he was seeking.  For each email that Plaintiff R.C. sent, Psychology Today then sent Plaintiff

10  R.C. an email response that included his full name and email address as well as a copy of his

11  personal and confidential communication to the therapist.

12         13.    On information and belief, Google was able to intercept Plaintiff R.C.'s personal

13  interactions with and private communications through the Psychology Today website and did so.

14  On information and belief, Google intercepted and obtained individually identifiable and sensitive

15  information regarding Plaintiff R.C.'s mental health conditions, the treatment he was seeking, and

16  his provider preferences.  Through Google Analytics tracking technology embedded in the

17  Psychology Today website, Google was able to carry out that interception simultaneously as

18  Plaintiff R.C. was transmitting his personally identifiable and sensitive mental health information

19  to and through Psychology Today.

20         14.    When Plaintiff R.C. chose to seek help through Psychology Today, including

21  utilizing its therapist directory and contacting mental health providers directly through the

22  Psychology Today website, he did not consent to Google's interception or receipt of his personal,

23  confidential, and protected mental health information.  Further, he was unaware of and had no

24  opportunity to opt out of Google's interception.

25         **B.    Plaintiff D.G.**

26

27

28  [3]  So as not to suffer a further disclosure of personally identifiable medical information, Plaintiffs
are not disclosing their mental health conditions or concerns in this public filing.

---

FIRST AMENDED CLASS ACTION COMPLAINT          5          CASE NO. 3:24-cv-02609-JSC

15.     Plaintiff D.G. is a natural person and a citizen and resident of California.

16.     Beginning in or around November 7, 2019, and continuing into 2023, Plaintiff D.G. would visit the Psychology Today website and use the therapist directory to search for a mental health provider.  While navigating the Psychology Today website, Plaintiff D.G. provided personal information including but not limited to her name, email address, telephone number, city and zip code, insurance carrier information, mental health concerns, and therapist preferences.  From the list of results displayed, Plaintiff D.G. would click on and review the therapist biographies.

17.     On numerous occasions, Plaintiff D.G. sent email communications to potential therapists directly through the Psychology Today website.  In order to do so, Plaintiff D.G. completed the required online form and entered her name, email address, and telephone number. Plaintiff D.G. also included a detailed message specifying her insurance information and preference to stay in-network, her patient status, and the reason for and additional therapy she was seeking.  For each of these email communications, Psychology Today sent Plaintiff D.G. a response that was addressed to her full name and email address and included a full copy of her private correspondence seeking mental health treatment.

18.     In addition to being able to email therapists directly through the Psychology Today website, Plaintiff D.G. also used the website for her online teletherapy sessions.  Shortly before a scheduled appointment, Plaintiff D.G. would receive an email from her therapist through Psychology Today specifying the date and time of her upcoming appointment.  The email also provided    Plaintiff    D.G.    a    link    to    check    in    for    her    appointment    at https://sessions.psychologytoday.com/name-of-therapist and invited her to join her teletherapy session via the "Sessions by Psychology Today!" mobile app.  Plaintiff D.G. then was required to enter her name in the virtual waiting room in order to join the therapy session hosted online by Psychology Today.

19.     On information and belief, through Google Analytics tracking technology embedded in the Psychology Today website, Google was able to intercept in real time Plaintiff D.G.'s personal interactions with and private communications through the Psychology Today website and did so.  On information and belief, Google intercepted and obtained individually

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

identifiable and sensitive information regarding Plaintiff D.G.'s own mental health conditions, the treatment she was seeking, and her provider preferences. Google was able to carry out that interception simultaneously as Plaintiff D.G. was transmitting her personally identifiable and sensitive mental health information to and through Psychology Today.

20.    When Plaintiff chose to utilize the Psychology Today website, its therapist directory, its email option, and its teletherapy session services, she did not consent to Google's interception or receipt of her personal, confidential, and protected mental health information. Further, she was unaware of and had no opportunity to opt out of Google's interception.

**C.    Defendant Sussex Publishers, LLC and Psychology Today**

21.    Defendant Sussex Publishers, LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in New York.

22.    Defendant currently owns the Psychology Today magazine, which was founded in 1967 to make psychology literature available to the general public. The magazine has received numerous awards for both editorial and design, and is published six times a year.

23.    Defendant also owns the www.psychologytoday.com website, which publishes content written by clinicians, experts, and researchers from across the field of behavior and psychology. In addition to a comprehensive Diagnosis Dictionary, the online platform includes a directory that lists clinical professionals, psychiatrists and treatment centers providing mental health services. The providers who are registered on the Psychology Today website offer detailed profiles and video introductions to demonstrate their expertise. They are searchable by numerous factors such as location, mental health conditions treated, and the type(s) of therapy they practice.

24.    Psychology Today also facilitates the provision of mental health services by listed therapists by, among other things, (1) providing a button and link for consumers to contact therapists directly through the Psychology Today website via telephone or email, (2) sending consumers emails with copies of their private communications to therapists containing medical information, (3) sending consumers emails with the dates and times of their scheduled appointments and a Psychology Today website link to use to check in for their appointments, and (4) hosting teletherapy sessions on the Psychology Today website or mobile app.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

25.    Psychology Today's online content, its therapist directory, and its teletherapy session services are found in 20 countries worldwide, including the United States.  Defendant systematically and continuously does business in California and with California residents and California mental healthcare providers.

26.    Defendant's Psychology Today website and Privacy Policy fail to put visitors on notice of Defendant's use of Google Analytics tracking technology, Defendant's disclosure of personally identifiable and sensitive medical information to unauthorized third parties, and Defendant's decision to allow Google (and possibly other third-parties) to intercept, in real time and while in transit, the transmission and dissemination of Plaintiffs' and other Class members' personal and private information, including protected mental health information and other health information.

27.    Upon information and belief, Plaintiffs allege that Google received, viewed, and used Plaintiffs' and Class members' information not only to provide analytics services to Defendant, but also for Google's other business purposes including but not limited to (1) improving its own software, algorithms, and other technology and business activities and (2) providing marketing services and offerings, such as creating customer profiles, custom audiences, and targeted advertisements.

**D.    Doe Defendants**

28.    Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sue those defendants by those fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and on that ground allege that each of the fictitiously-named defendants is responsible in some manner for the occurrences alleged in this Complaint and that Plaintiffs' injuries and damages, as alleged, are proximately caused by those occurrences.

29.    Plaintiffs are informed and believe and on that ground allege that, at all relevant times, each named Defendant and the Doe Defendants were the principals, agents, partners, joint venturers, officers, directors, controlling shareholders, subsidiaries, affiliates, parent corporations, successors in interest, and/or predecessors in interest of some or all of the other Defendants, were

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

1    engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such

2    other relationships to some or all of the other Defendants as to be liable for their conduct with

3    respect to the matters alleged below.  Plaintiffs are informed and believe and on that ground allege

4    that each Defendant acted pursuant to and within the scope of the relationships alleged above and

5    that each knew or should have known about and that each authorized, ratified, adopted, approved,

6    controlled, aided and abetted the conduct of all Defendants.

7                                **JURISDICTION AND VENUE**

8         30.    This Court has subject matter jurisdiction over this action under the California

9    Confidentiality of Medical Information Act, Cal. Civil Code §§ 56, *et seq.*, the California

10   Consumer Privacy Act, Cal. Civil Code §§ 1798.100, *et seq.*, the California Invasion of Privacy

11   Act, Cal. Penal Code §§ 631 and 632, and the California Constitution.

12        31.    This Court has personal jurisdiction over the parties because Defendant has

13   sufficient minimum contacts with this State in that it operates and markets its services throughout

14   this State, including working with patient-clients and mental health care providers in California.

15   Further, a substantial part of the events and conduct giving rise to Plaintiffs' claims occurred in

16   the State of California, including Plaintiffs' accessing the Psychology Today website, Google's

17   unauthorized intercepting and collecting of Plaintiffs' and Class members' private and sensitive

18   data from Defendant's website, and Google's use of that data for commercial purposes.  Plaintiffs'

19   rights were violated in the State of California, and those violations arose out of their contact with

20   Defendant from and within the State of California.

21        32.    Venue is proper in this Court because Code of Civil Procedure §§ 395 and 395.5

22   and case law interpreting those sections provide that if a foreign business entity fails to designate

23   with the office of the California Secretary of State a principal place of business in California, it is

24   subject to being sued in any county that a plaintiff desires.  On information and belief, Defendant

25   Sussex Publishers, LLC is a foreign business entity and, as of the date this Complaint was filed,

26   had failed to designate with the office of the California Secretary of State a principal place of

27   business in California.

28

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

**KELLER GROVER LLP**
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

## FACTUAL ALLEGATIONS COMMON TO THE CLASS

**A.    Google's Website Tracking Technology**

33.    Google dominates online search.  One of Google's most lucrative lines of business is its advertising and analytics services.  Google provides a number of tracking tools, including Google Analytics, which are used to collect data from websites and mobile applications into which the tools are embedded and integrated.

34.    In 2005, Google launched the initial version of Google Analytics, which served as a tool for website traffic analysis.  In the years that followed, Google introduced various other technologies with improved tracking functionality.  Examples include Google Analytics Synchronous code and Google Analytics Asynchronous code, which allowed webpages to track commerce transactions with improved data collection and accuracy.  Google continues to update its analytics platform with the launch of additional tracking technologies, including Universal Analytics and Google Analytics 4, both of which provide more in-depth information about users' behavior.

35.    Google markets Google Analytics as a platform that offers "a complete understanding of your customers across devices and platforms" to "uncover new insights and anticipate future customer actions with Google's machine learning to get more value out of your data."[4]  Google Analytics collects data from a website or application to create shareable reports that provide insights into a business.  It is designed to work together with other Google solutions to provide a company with a complete understanding of its marketing efforts and to enhance performance.

36.    In order to get that benefit, a website like Psychology Today adds or imbeds a small piece of JavaScript measurement code into each page of its site.  The code intercepts a user's interaction in real-time as the user navigates the page, including intercepting any information that the user may input and what links the user clicked, and sends a second, duplicate set of

---

[4]  *Analytics*, Google Marketing Platform, https://marketingplatform.google.com/about/analytics/ (last visited October 5, 2023).

KELLER GROVER LLP

1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

transmissions to third parties' servers.  The measurement code also collects information from the browser, such as the language setting, the type of browser and the device and operating system on which the browser is running.  It even can collect and record the "traffic source" – which is what brought the user to the site in the first place – such as a search engine, an advertisement on which the user clicked, or an email marketing campaign.[5]

37.    All that information, including personal medical information, is sent simultaneously, while in transit, to Google for processing.  Once Google Analytics receives, views, reads, and processes the data, it aggregates and organizes the data based on particular criteria.  The criteria can be customized by applying filters.

38.    After the data has been viewed, processed, and subsequently stored in the Google database, Google uses the data to generate reports to help analyze the data collected.  This includes reports on acquisition (e.g., information about where the traffic originated and the methods by which users arrived at a site), engagement (what web pages and app screens a user visited), and demographics (a user's age, location, language, gender, and interests expressed when browsing online and engaging in purchase activities).

39.    In addition to using the data collected to provide its services, Google also uses the information shared by sites like Psychology Today to maintain and improve Google's own services, develop new services, measure the effectiveness of its advertising, and personalize content and ads that one sees on Google's and its partners' sites and applications.

**B.    Defendant's Use of Google Analytics on the Psychology Today Website**

40.    According to the National Alliance on Mental Health and the Centers for Disease Control, one in five adults in the United States is affected by mental illness each year.  Equivalent to more than 52 million Americans, 55% of those affected adults receive no treatment.  While cost is one of the main reasons for the lack of treatment, it also is challenging to find a mental health

---

[5] *How Google Analytics Works*, Google Analytics Help,
https://support.google.com/analytics/answer/12159447?hl=en&ref_topic=12156336,12153943,2986333,&sjid=478430351580570002-NA&visit_id=638186454308763581-3109655727&rd=1
(last visited October 5, 2023).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

provider who both specializes in a specific area of concern and provides the right type of treatment for the affected individual.

41.    Psychology Today claims that it is the world's largest mental health and behavioral science destination online and touts the motto "Here to Help."  Although its articles and blogs are not peer reviewed, Psychology Today publishes content written by clinicians, experts, and researchers from across the fields of psychology and behavior.  The website also includes a "Diagnosis Dictionary," which is a comprehensive guide to diagnosable conditions, a section for commonly used and need-to-know psychology basics, a full overview of therapy types, and a content center dedicated to numerous subjects ranging from ADHD to parenting.[6]

42.    In addition to providing behavioral science content, the Psychology Today website also offers a free online directory that lists clinical professionals, psychiatrists, treatment centers, and support groups providing mental health services in more than 20 countries.  Launched in 2003, the searchable directory connects consumers with licensed clinicians.  Under the "Get Help" link, website users can specify the type of help they are seeking, such as mental health (which encompasses listed conditions such as addiction, anxiety, depression, and eating disorders), personality, personal growth, relationships, and family life.

43.    Alternatively, website users can click and follow the "Find a Therapist" link and search for a provider by city or zip code.  After a location is chosen, the search for a mental health provider can be narrowed further by specifying a user's mental health concerns, insurance provider, gender preference, type of therapy sought, age range treated, price, and many other preferences. Some of those filters and preferences shared by a user are, by their nature, very personal and confidential.

44.    For example, the list of mental health concerns that a user can specify and select includes, but is not limited to, addiction, adoption, anger management, behavioral issues, bipolar disorder, borderline personality, cancer,  chronic illness/pain, dementia, domestic abuse, eating

---

[6] *About Psychology Today*, Psychology Today, https://psychologytoday.com/us/docs/about-psychology-today (last visited October 5, 2023).

FIRST AMENDED CLASS ACTION COMPLAINT          12          CASE NO. 3:24-cv-02609-JSC

disorders, infertility, marriage counseling, medication management, obesity, pregnancy, relationship issues, sex therapy, stress, substance abuse, suicidal ideation, trauma and PTSD, and many other medical or mental health issues.  A user also can share and specify the type of therapy he or she is seeking, which can include applied behavioral analysis (ABA), brainspotting, cognitive processing (CPT), couples counseling, dialectical behavior (DBT), experiential therapy, family therapy, hypnotherapy, intervention, psychological testing and evaluation, rational emotive behavior (REBT), trauma therapy, and many more categories of treatment.

45.    After sharing personal and sensitive medical information on the website, a user's search yields a list of potential therapists, each of whom offers a detailed profile biography and video introduction to demonstrate his or her expertise.  The Psychology Today directory also provides contact information for each registered therapist with an option to call or email the therapist directly through the Psychology Today website.  *See* Figure 1.

Figure 1:



KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

46.     To contact a therapist, users can click a telephone number or telephone icon to place a call or, alternatively, they can click an "Email me" button that pops up a browser window with a fillable form. *See* Figure 2. Users must enter and provide their name, email address, telephone number, subject, and a message explaining who they are and what services they are seeking.

Figure 2:



47.     For email communications sent directly through its website, Psychology Today receives the email and then sends users an email response that is addressed to the user's full name and email address and includes a complete copy of the user's private correspondence to the therapist for the user's records.

48.     In addition to facilitating communications with therapists who are listed on its website, Psychology Today also assists users with their mental health needs by hosting online teletherapy sessions on the Psychology Today website and mobile app. Before a scheduled

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

appointment, a therapist will send an email through Psychology Today to the user detailing the date and time of the user's upcoming appointment.  The email also will provide the user with a link to check in for the online appointment at https://sessions.psychologytoday.com/name-of-therapist.  Additionally, the email will invite the user to join the teletherapy session via the "Sessions by Psychology Today!" mobile app.

49.    Once a user checks in for the teletherapy appointment and enters the virtual waiting room, the user must provide and submit his or her name in order to join the therapy session hosted online by Psychology Today.  *See* Figure 3.  The user also must grant access to Sessions by Psychology Today for the use of the user's camera and microphone to conduct the online appointment.

Figure 3:



50.    On information and belief, as users navigate the Psychology Today website and online platform, Google Analytics, in real-time, surreptitiously is collecting users' sensitive information, including users' private personal and medical information, without the users' knowledge or consent.  In addition to IP addresses, that personal information includes but is not

limited to (1) the user's specific medical or mental health concern giving rise to the need for therapy; (2) the type of care or treatment the user is requesting; (3) information concerning the user's gender, ethnicity, and faith preferences regarding the therapist; (4) the city or zip code where the user is seeking therapy sessions; and (5) information regarding the therapists viewed and/or contacted if that was done directly through the website.

51.     For example, the Psychology Today website, in real time, automatically captures and transmits to Google the following personal information entered by a hypothetical user, all without that user's knowledge, authorization, and consent: that the user clicked on the profile page of Dr. X, a male psychiatrist specializing in transgender issues, who accepts LGBTQ+ teenage patients; that the price of the therapy is high (more than $130); and that the practice is located near the 90025 zip code.  If the user clicks on the telephone number or email buttons for Dr. X, the user's clicks and attempts to communicate with Dr. X are shared with Google.  *See* Figures 4-6.

Figure 4:

```
Protocol: https
    Host: www.google-analytics.com
    Path: /collect
PARAMETERS
        v: 1
       _v: j101
        a: 298840119
        t: event
       ni: 0
       _s: 1
       dl: https://www.psychologytoday.com/us/psychiatrists/90025?category=transgender
       ul: en-us
       de: UTF-8
       dt: Find Transgender Psychiatrists in 90025   Psychology Today
       sd: 24-bit
       sr: 1920x1080
       vp: 1903x961
       je: 0
       ec: ResultsPage
       ea: ApplyFilter
       el: 1002   Show Me Men
      _u: SCCACEBRADACAAL~
      jid:
     gjid:
      cid: 1272014801.1689159218
      tid: UA-2018330-4
     _gid: 956588897.1689159219
      gtm: 45He37a0n71WGTKPG
      gcs: G111
```

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

Figure 5:



Figure 6:



52.    In fact, the information submitted by users through the search bar on the Psychology Today homepage, e.g., doctor, specialty, type of treatment, insurance, etc., as well as the subjects searched (see Figure 7) and the names of the articles that users view (see Figure 8), *are shared with Google simultaneously while the user is navigating the Psychology Today website*.

Figure 7:

```
Protocol: https
    Host: www.google-analytics.com
    Path: /j/collect
PARAMETERS
        v: 1
      _v: j101
       a: 486144573
       t: pageview
      _s: 1
      dl: https://www.psychologytoday.com/us/archive?search=anorexia/top
          =Search
      ul: en-us
      de: UTF-8
      dt: Search | Psychology Today
      sd: 24-bit
      sr: 1920x1080
      vp: 1903x961
      je: 0
      _u: QACAAAABAAAAAC~
     jid: 328568436
    gjid: 1885013502
     cid: 1272014801.1689159218
     tid: UA-2018278-8
    _gid: 956588897.1689159219
      _r: 1
```

Figure 8:

```
Protocol: https
    Host: www.google-analytics.com
    Path: /j/collect
PARAMETERS
        v: 1
      _v: j101
       a: 185930079
       t: pageview
      _s: 1
      dl: https://www.psychologytoday.com/intl/blog/meaningfull/20
          2306/eating-disorders-treatment-a-new-study-offers-promi
          se
      ul: en-us
      de: UTF-8
      dt: Eating Disorders Treatment: A New Study Offers Promise |
          Psychology Today
      sd: 24-bit
      sr: 1536x864
      vp: 1019x710
      je: 0
      _u: YADAAAABAAAAAC~
     jid: 604686905
    gjid: 561808448
     cid: 2137713603.1689772514
     tid: UA-2018278-8
```

53.    Notably, Google recognizes the privacy risks inherent in its Analytics services.  As one way to mitigate those risks, Google offers website owners an opt-in feature that automatically

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

anonymizes visitors' IP addresses.  According to Google, this feature was designed to help site owners comply with their own privacy policies and governing law.[7]  When enabled by website owners, the anonymization feature automatically adds a parameter to communications between website visitors' computers and Google's Analytics server, which appears on the website's back-end code as the "aip" parameter.  Figure 9 below is an example of how the "aip" parameter is displayed if the anonymization feature is turned on.

Figure 9:



54.     When the "aip" parameter does not appear, IP addresses are not anonymized, which then allows and enables Google to identify users' IP addresses and track their online actions.  As demonstrated in Figure 10 below, prior to the filing of the Complaint, Psychology Today did not

---

[7] *IP masking in Universal Analytics*, Google, https://support.google.com/analytics/answer/2763052?hl=en (accessed Nov. 10, 2023).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

enable or utilize Google's IP anonymization feature. The "aip" parameter is completely missing, indicating that IP anonymization is not enabled. As a result, Google Analytics could see and collect Psychology Today website users' IP addresses and information related to their mental or physical condition, diagnosis, and treatment.

Figure 10:



55.     Thus, while Google Analytics offers website owners like Defendant an opt-in IP anonymization feature, Psychology Today does not enable that anonymization feature on its website. By using the Google Analytics tool without the anonymized IP feature enabled, Psychology Today is disclosing to and sharing with Google its users' IP addresses. IP addresses

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

are personally identifiable information and are subject to HIPAA protection.[8]

56.    Defendant's Psychology Today website also is disclosing to Google private and personal medical information regarding its users' specific mental-health conditions and concerns and their treatment for those conditions and concerns, all without the knowledge of the individual, and certainly without any choice or consent.

57.    In its Privacy Policy linked at the very bottom of its web page, Psychology Today states that it will collect "personally identifiable information," such as names and email addresses, when visitors use the website to perform certain tasks.   Those tasks can include posting or commenting on an article, calling or emailing a professional, filling out a self-assessment or taking a self-test, subscribing, purchasing a product, registering to be listed in the directory, and opening an email communication from Defendant.[9]  But Defendant fails to disclose that users' private and sensitive medical information, including users' mental health conditions and concerns, therapy and treatment preferences, and other personally identifiable information are captured and saved simply as a result of the users viewing the website and searching the free online therapist directory.

58.    The Psychology Today Privacy Policy also asserts that Defendant maintains logs of site usage "for purposes such as to evaluate users' interest level in areas of the website, which and how many pages they look at, how long they stay on the website, and what web browsers are used." ***But the Privacy Policy falsely claims that that data is "tracked in aggregate form, not at an individual user level, and is not uniquely identifying."***

59.    By failing to turn on the IP anonymization feature on its website, Psychology Today automatically captures personal and uniquely identifying information and simultaneously shares that information with Google in a form that is not anonymous.[10]

60.    Psychology Today further claims that it uses information collected, and shares that

---

[8]  *See* 45 C.F.R. § 164.514(b)(2)(i)(O).

[9]  *Privacy Policy*, Psychology Today, https://psychologytoday.com/us/docs/privacy-policy (last visited October 6, 2023).

[10] An IP address is one way that Google can identify the person whose sensitive data and information Google is intercepting.  But it is not the only way.  Google also can identify persons via their browser, device identifiers, and cookies, among other things.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

1    information with third parties, only when needed to provide or deliver the products or services that

2    users request on the website.

3        61.    But Psychology Today goes far beyond sharing information necessary to provide

4    or deliver its products and services.  Through the tracking technology embedded on its website,

5    Psychology Today simultaneously transmits and discloses personal and protected mental health

6    information to Google.  Nowhere on its website does Psychology Today disclose that it is using

7    Google Analytics, which is completely unrelated to Defendant's offered products and services and

8    is completely unrelated to anything that Defendant needs to do in order to offer or provide those

9    products or services.  Defendant also fails to identify Google, or any other third-party interceptor,

10   as a recipient of users' private communications and confidential mental health information.

11       62.    Further, although the Privacy Policy discloses that Defendant uses third-party

12   advertising companies to serve ads when users visit the Psychology Today website, ***it does not***

13   ***disclose that sensitive and individually identifiable medical information is being shared with***

14   ***Google to improve Google's own analytics services, software, algorithms and other technology.***

15   Upon information and belief, the information intercepted by Google, while in transit, also was and

16   is used by Google's advertising offerings to create targeted advertisements and customer profiles,

17   all to enhance Google advertising features and unrelated to any products or services offered by

18   Psychology Today.

19       **C.    Plaintiffs And Class Members Did Not Consent To Defendant's Disclosure**
         **Of Their Private Information And Confidential Communications; They Have**
20       **A Reasonable Expectation Of Privacy In Their User Data.**

21       63.    Psychology Today does not ask its website visitors, including Plaintiffs, whether

22   they consent to having the contents of their private interactions and communications containing

23   their personal and sensitive mental-health information disclosed to and used by third parties like

24   Google.  Further, Google's analytics software is incorporated seamlessly – and, to users, invisibly

25   – in the background.  That seamless and invisible incorporation gave and gives Plaintiffs and Class

26   members no way of knowing that Google was and is intercepting their individually identifiable

27   and protected health information.  The intercepted information included and includes their IP

28   addresses; their medical conditions and concerns; their search parameters; their preferences

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

regarding a mental health professional; and the type of treatment they are seeking.

64. Although Psychology Today's Privacy Policy mentions the use of cookies, which it claims cannot be used to find a user's name, email address, or anything uniquely identifying, that minimal mention does not put Psychology Today website or app users on notice of Defendant's use of invasive tracking technology like Google Analytics.

65. Unlike first-party cookies, Google Analytics (1) simultaneously communicates information to an external server as a user navigates a website; (2) tracks users across devices, meaning that a user's actions on multiple devices all will be included in the information stored regarding that user; (3) is not easily disabled by users; and/or (4) creates a record of all of the information that users provide to and/or receive from the website. Plaintiffs and Class members could not consent or be deemed to have consented to Google's conduct when they were unaware that their confidential communications would be intercepted, stored, read, and used by Google or any other undisclosed third party.

66. Plaintiffs and Class members had and have a reasonable expectation of privacy in their confidential communications, including *and especially* information related to their medical concerns and conditions, their gender, ethnic, and faith preferences regarding providers, the type of treatment they are seeking, and their sensitive communications with potential therapists. All of that is private and personal information related to Plaintiffs' and Class members' mental or physical condition, diagnosis, and treatment.

67. Privacy studies, such as those by *Pew Research Center*, show that a majority of Americans are concerned about how data is collected about them.[11] Those privacy polls also reflect that Americans consider one of the most important privacy rights to be the need for a consumer's or individual's affirmative consent before a company collects and shares data regarding that consumer or other individual.

---

[11] Brooke Auxier et al., *Americans and Privacy: Concerned, Confused and Feeling Lack of Control Over Their Personal Information*, Pew Research Center (Nov. 15, 2019), https://www.pewresearch.org/internet/2019/11/15/americans-and-privacy-concerned-confused-and-feeling-lack-of-control-over-their-personal-information/

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

68.     Indeed, according to *Consumer Reports*, more than 90% of Americans believe that more should be done to ensure that companies protect consumers' privacy.  Further, 64% of Americans believe that companies should be prohibited from sharing data with third parties, while 63% of Americans want a federal law requiring companies to obtain a consumer's permission before sharing the consumers' information.  To that end, 60% of Americans believe that companies should be required to be more transparent about their privacy policies so that consumers can make more informed choices.[12]

69.     Users act in a manner that is consistent with those preferences.  During a rollout of new iPhone operating software, for example, 94% of U.S. users who were asked for clear, affirmative consent before allowing companies to track them chose ***not*** to share their data.[13]

70.     The privacy expectation is even greater when personal and sensitive medical information is at stake.  Patient healthcare data in the United States is protected by federal law under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1320d-6, and its implementing regulations, which are promulgated by the Department of Health and Human Services ("HHS").

71.     In December 2022, HHS issued a bulletin to "highlight the obligations" of health care providers under the HIPAA Privacy Rule "when using online tracking technologies" (such as those used by Psychology Today) that "collect and analyze information about how internet users interact with regulated entities' websites or mobile applications."[14]  **HHS affirmed that health care providers violate HIPAA when they use tracking technologies that disclose an individual's identifiable information even if no treatment information is included *and even***

---

[12]  Benjamin Moskowitz et al., *Privacy Front & Center: Meeting the Commercial Opportunity to Support Consumer Rights*, Consumer Reports in collaboration with Omidyar Network (Fall 2020), https://thedigitalstandard.org/downloads/CR_PrivacyFrontAndCenter_102020_vf.pdf

[13]  *See* https://www.wired.co.uk/article/apple-ios14-facebook ("According to Flurry Analytics, 85 per cent of worldwide users clicked 'ask app not to track' when prompted, with the proportion rising to 94 per cent in the US.").

[14]  *Use of Online Tracking Technologies by HIPAA Covered Entities and Business Associates*, U.S. Department of Health and Human Services (Dec. 1, 2022), https://www.hhs.gov/hipaa/for-professionals/privacy/guidance/hipaa-online-tracking/index.html

***if the individual does not have a relationship with the health care provider***:

How do the HIPAA Rules apply to regulated entities' use of tracking technologies?

Regulated entities disclose a variety of information to tracking technology vendors through tracking technologies placed on a regulated entity's website or mobile app, including individually identifiable health information (IIHI) that the individual provides when they use regulated entities' websites or mobile apps. This information might include an individual's medical record number, home or email address, or dates of appointments, as well as an individual's IP address or geographic location, medical device IDs, or any unique identifying code. ***All such IIHI collected on a regulated entity's website or mobile app generally is PHI, even if the individual does not have an existing relationship with the regulated entity and even if the IIHI, such as IP address or geographic location, does not include specific treatment or billing information like dates and types of health care services. This is because, when a regulated entity collects the individual's IIHI through its website or mobile app, the information connects the individual to the regulated entity (i.e., it is indicative that the individual has received or will receive health care services or benefits from the covered entity), and thus relates to the individual's past, present, or future health or health care or payment for care.***

[Emphasis added.]

72.     The HHS bulletin expressly provided that "[r]egulated entities are not permitted to use tracking technologies in a manner that would result in impermissible disclosures of PHI to tracking technology vendors or any other violations of the HIPAA Rules."  Defendant's actions clearly violate HIPAA Rules.

73.     In its guidance for Marketing, the HHS also provided that written authorization is required before a use or disclosure of protected health information can be made for marketing:

The HIPAA Privacy Rule gives individuals important controls over whether and how their protected health information is used and disclosed for marketing purposes.  With limited exceptions, the Rule requires an individual's written authorization before a use or disclosure of his or her protected health information can be made for marketing….***Simply put, a covered entity may not sell protected health information to a business associate or any other third party for that party's own purposes.***[15]

74.     Under federal law, a healthcare provider may not disclose personally identifiable, non-public medical information about a patient, a potential patient, or a household member of a

---

[15] https://www.hhs.gov/sites/default/files/ocr/privacy/hipaa/understanding/coveredentities/marketing.pdf (last visited November 15, 2023)[emphasis added].

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

patient for marketing purposes without the patient's express written authorization.[16]  California law provides for similar protections and safeguards.

75.     Due to the highly personal and sensitive nature of the information that is input onto and shared on the Psychology Today website, Plaintiffs and Class members who used the Psychology Today online platform reasonably believed that their interactions and private communications with Psychology Today were and are confidential and would not be recorded, transmitted to third parties, or monitored for later use.  Defendant's unauthorized disclosure and sharing of highly personal information and Google's surreptitious interception, storage, reading, and use of Plaintiffs' and Class members' private medical information violate Plaintiffs' and Class members' privacy interests and rights.

**D.     Plaintiffs' And Class Members' Personal And Private Information, Including Sensitive Medical Information, Has Economic Value, and Its Unauthorized Disclosure And Interception Have Caused Economic Harm**.

76.     It is well known that there is an economic market for a consumer's personal data, with personal medical information being one of the most valuable categories of data.

77.     In a 2014 article by the Federal Trade Commission, the agency detailed the value of user data, particularly health information, and found that data brokers sell data in sensitive categories for a premium.[17]  The FTC subsequently brought a lawsuit against one of the data brokers for selling location data regarding people who visit abortion clinics for approximately $160 for a week's worth of data.[18]

78.     For years, data harvesting has been one of the fastest growing industries in the United States.  Between 2016 and 2018, the value of information mined from Americans increased by 86% for Meta and 40% for Google.  Conservative estimates suggest that in 2018, internet companies earned $202 per American user, and that value was expected to rise to $434 per user,

---

[16]  HIPAA, 42 U.S.C. § 1320; 45 C.F.R. §§ 164.502, 164.508(a)(3), and 164.514(b)(2)(i).

[17]  *Data Brokers, A Call For Transparency And Accountability*, Federal Trade Commission, (May 2014), https://www.ftc.gov/system/files/documents/reports/data-brokers-call-transparency-accountability-report-federal-trade-commission-may-2014/140527databrokerreport.pdf

[18]  *See* https://www.ftc.gov/news-events/news/press-releases/2022/08/ftc-sues-kochava-selling-data-tracks-people-reproductive-health-clinics-places-worship-other.

or almost $200 billion industry-wide.

79.     In particular, the value of health data is well-known and has been reported upon extensively in the news.  For example, a 2017 article by Time Magazine titled "How Your Medical Data Fuels a Hidden Multi-Billion Dollar Industry" described the extensive market for health data and noted that the market for information was both lucrative and a significant risk to privacy.[19]

80.     More recently, a 2021 report from *Invisibly* noted that "because health care records often feature a more complete collection of the patient's identity, background, and personal identifying information (PII), health care records have proven to be of particular value for data thieves."[20]  The article further explained that "while a single social security number might go for $0.53, a complete health care record sells for $250 on average" – nearly 500 times as much. According to the report, health care data breaches increased by 55% in 2020.

81.     Due to the difficulty in obtaining health information, illegal markets also exist for such personal and sensitive information.  NPR reported that health data can be "more expensive than stolen credit card numbers."[21]

82.     Further, individuals can sell or monetize their own data if they choose to do so.  A host of companies and applications such as Nielsen Data, Killi, DataCoup, and AppOptix offer consumers money in exchange for their personal data.

83.     In sum, Plaintiffs' and Class members' private and personal information, including their protected medical information, is recognized to have monetary value.  Psychology Today's unauthorized disclosure and Google's interception of that sensitive medical information have deprived Plaintiffs and Class members of the economic value of their personal property without proper consideration.

84.     Plaintiffs and Class members have suffered injuries in the form of (i) invasion of

---

[19]  *See* https://time.com/4588104/medical-data-industry/ (last visited November 15, 2023).

[20]  *How Much is Your Data Worth?  The Complete Breakdown for 2021*, Invisibly, (July 13, 2021), https://www.invisibly.com/learn-blog/how-much-is-data-worth/.

[21]  Aarti Shahani, *The Black Market For Stolen Health Care Data*, NPR (Feb. 13, 2015, 4:55 am), https://www.npr.org/sections/alltechconsidered/2015/02/13/385901377/the-black-market-forstolen-health-care-data (last visited June 29, 2023).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

privacy; (ii) diminution of value of their private information; (iii) statutory damages; (iv) the continued and ongoing risk to their private medical information; and (v) the continued and ongoing risk of harassment, spam, and targeted advertisements specific to their medical and mental health conditions and their other confidential information communicated and otherwise disseminated via the Psychology Today website.

## CLASS ACTION ALLEGATIONS

85.     Plaintiffs bring this action under California Code of Civil Procedure § 382 on behalf of themselves and a class (the "Psychology Today Website Class" or "the Class") defined as follows:

> All California residents who, while located within California at any time during the applicable limitations period preceding the filing of the Complaint in this matter and through and including the date of resolution, visited and used the Psychology Today website and whose health information and/or other personal data was intercepted by, and/or or disclosed to, Google through Google's tracking technology embedded in the Psychology Today website.

86.     Excluded from the Psychology Today Website Class are employees of Defendant and employees of Defendant's parents, subsidiaries, and corporate affiliates.  Plaintiffs reserve the right to amend or modify the class definition and/or to add sub-classes or limitations to particular issues, where appropriate, based upon subsequently discovered information.

87.     This action may properly be maintained as a class action under section 382 of the California Code of Civil Procedure because (1) there is a well-defined community of interest in the litigation, (2) common questions of law and fact predominate over individual issues, and (3) the proposed Class is ascertainable.

**Numerosity**

88.     The Psychology Today Website Class that Plaintiffs seek to represent contains numerous members and is clearly ascertainable including, without limitation, by using Defendant's records and/or Google's records to determine the size of the Class and to determine the identities of individual Class members.

89.     Based on information and belief, the Psychology Today Website Class consists of at least 75 individuals.  The Class is so numerous that joinder of all members is impracticable.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

**Typicality**

90.    Plaintiffs' claims are typical of the claims of all of the other members of the Psychology Today Website Class, as Plaintiffs now suffer and have suffered from the same violations of the law as other putative Class members.  Plaintiffs' claims and the Class members' claims are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiffs and all of the other Class members.

**Adequacy**

91.    Plaintiffs will fairly and adequately represent and protect the interests of the other members of the Class.  Plaintiffs have retained competent counsel with substantial experience in prosecuting complex litigation and class actions.  Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Psychology Today Website Class members and have the financial resources to do so.  Neither Plaintiffs nor their counsel have any interests that are adverse to those of the other Psychology Today Website Class members.

**Commonality and Predominance**

92.    By its unlawful actions, Defendant has violated Plaintiffs' and the Class members' privacy rights under the CMIA, the CCPA, the CIPA, and the California Constitution.  The questions raised are, therefore, of common or general interest to the Class members, who have a well-defined community of interest in the questions of law and fact presented in this Complaint.

93.    This action involves common questions of law and fact that predominate over any questions affecting only individual Class members.  Those common questions of law and fact include, without limitation, the following:

    (a)    Whether Defendant has or had a policy or practice of disclosing and sharing personal and private information collected on the Psychology Today website including, without limitation, individually identifiable and protected mental health information, with Google and/or other third parties;

    (b)    Whether Defendant has or had a policy or practice of not disclosing to Psychology Today website users that it would share their personal and private information,

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

including individually identifiable and protected mental health information, with Google and/or other third parties;

(c)  Whether Defendant has or had a policy or practice of not obtaining Psychology Today website users' consent to share personal and private information, including individually identifiable and protected mental health information, with Google and/or other third parties;

(d)  Whether Defendant has or had a policy or practice of allowing the simultaneous transmission of Psychology Today website users' private information and confidential communications, without users' knowledge or consent, to Google and/or other third parties;

(e)  Whether Defendant, through the website tracking technology embedded on its Psychology Today website, has or had a policy or practice of permitting or enabling third parties to intercept, collect, record, and use confidential communications and information, including individually identifiable and protected mental health information, submitted and shared by or otherwise obtained from Psychology Today website users;

(f)  Whether Defendant's acts and practices violate or violated California's Confidentiality of Medical Information Act, Civil Code §§ 56, *et seq.*;

(g)  Whether Defendant's acts and practices violate or violated the California Consumer Privacy Act, Cal. Civil Code §§ 1798.100, *et seq.*;

(h)  Whether Defendant's acts and practices violate or violated the California Invasion of Privacy Act, Cal. Penal Code §§ 630, *et seq.*;

(i)  Whether Defendant's acts and practices violate or violated the California Constitution or individual rights arising under the California Constitution; and

(j)  Whether Plaintiffs and Class members are entitled to actual, statutory, nominal, and/or other forms of damages and other monetary relief.

**Superiority**

94.  A class action is superior to other available methods for the fair and efficient

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1   adjudication of this controversy because individual litigation of the claims of all of the members

2   of the Class is impracticable and because questions of law and fact common to the Psychology

3   Today Website Class predominate over any questions affecting only individual members of the

4   Class. Even if every individual member of the Class could afford individual litigation, the court

5   system could not. It would be unduly burdensome to the courts if individual litigation of the

6   numerous cases were to be required. Individualized litigation also would present the potential for

7   varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all

8   parties and to the court system resulting from multiple trials of the same factual issues. By contrast,

9   the conduct of this action as a class action with respect to some or all of the issues will present

10  fewer management difficulties, conserve the resources of the court system and the parties, and

11  protect the rights of each member of the Psychology Today Website Class. Further, it will prevent

12  the very real harm that would be suffered by numerous members of the putative Class who simply

13  will be unable to enforce individual claims of this size on their own, and by Defendant's

14  competitors, who will be placed at a competitive disadvantage as their punishment for obeying the

15  law. Plaintiffs anticipate no difficulty in the management of this case as a class action.

16    95. The prosecution of separate actions by individual members of the Psychology

17  Today Website Class would create a risk of adjudications with respect to them that would, as a

18  practical matter, be dispositive of the interests of other members of the Class who are not parties

19  to those adjudications or that would substantially impair or impede the ability of those non-party

20  members of the Class to protect their interests.

21    96. The prosecution of individual actions by members of the Psychology Today

22  Website Class also would run the risk of establishing inconsistent standards of conduct for

23  Defendant.

24  **FIRST CAUSE OF ACTION**
**Violation of CMIA**

25  **(California Civil Code §§ 56.06, 56.101, 56.10)**

26    97. Plaintiffs incorporate each allegation set forth above as if fully set forth herein and

27  further allege as follows.

28    98. The CMIA defines "medical information" to mean "any individually identifiable

information, in electronic or physical form," that is related to a person's "medical history, mental health application information, mental or physical condition, or treatment." Medical information is "individually identifiable" if it includes or contains "any element of personal identifying information sufficient to allow identification of the individual, such as the patient's name, address, electronic mail address, telephone number, or social security number, or other information that, alone or in combination with other publicly available information, reveals the identity of the individual." Cal. Civ. Code § 56.05(i).

99.     Section 56.05 also defines "mental health application information" to mean any "information related to a consumer's inferred or diagnosed mental health or substance use disorder" that is collected by a mental health digital service. Cal. Civ. Code § 56.05(j).

100.     The information that is submitted and shared by Psychology Today website users and collected and maintained by Defendant, including but not limited to Psychology Today website users' personal and sensitive information such as names, email addresses, telephone numbers, mental health conditions and concerns, and mental health provider and treatment preferences, is medical information because it is individually identifiable information relating to a patient's medical condition or mental health and plan of treatment.

101.     A "mental health digital service" refers to a "mobile-based application or internet website that collects mental health application information from a consumer, markets itself as facilitating mental health services to a consumer, and uses the information to facilitate mental health services to a consumer." Cal. Civ. Code § 56.05(k). As discussed in detail above, Psychology Today is both an internet website (www.psychologytoday.com) and mobile application (Sessions by Psychology Today!) that collects personal and mental health information from consumers, including their inferred or diagnosed mental health condition.

102.     The Psychology Today website, which touts the motto "Here to Help," markets itself as facilitating mental health services to consumers. It claims that it is the world's largest mental health and behavioral science destination online. In addition to providing articles, blogs, and other behavioral science content, including a "Diagnosis Dictionary," the Psychology Today website also offers (1) a search-engine tool to find a mental healthcare provider based on specific

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

concerns and preferences input by the user and (2) links and buttons for the user to click and, by so doing, directly call or send an email communication to a therapist of interest. Psychology Today also provides a copy of those private communications to users for their records.

103. Psychology Today further facilitates mental health services by providing an online platform (Sessions) for users and therapists to communicate regarding appointment details and check-in information and by hosting online teletherapy sessions either directly on the Sessions by Psychology Today webpage or through its mobile app. Based on the personal and individually identifiable medical information collected and used by Psychology Today and the mental health services it provides or facilitates, Defendant is a mental health digital service.

104. The CMIA also defines and identifies categories of businesses that are deemed to be providers of health care and subject to the same standards of confidentiality with respect to medical information disclosure that are required of a provider of health care. For example, California Civil Code § 56.06(b) states that any "business that offers software or hardware to consumers, including a mobile application or other related device that is designed to maintain medical information in order to make the information available to an individual or health care provider…, or for the diagnosis, treatment, or management of a medical condition of the individual, shall be deemed to be a provider of health care subject to the requirements of this part."

105. California Civil Code § 56.06(d) further provides that "any business that offers a mental health digital service to a consumer for the purposes of allowing the individual to manage the individual's information, or for the diagnosis, treatment, or management of a medical condition of the individual, shall be deemed to be a provider of health care subject to the requirements of this part."

106. Defendant offers digital services and software applications in the form of the Psychology Today website (www.psychologytoday.com) and therapist directory and its mobile application (Sessions by Psychology Today!). Both platforms are designed to maintain medical information, especially that which is contained within email communications, and both facilitate the diagnosis, treatment, and management of users' medical or mental health conditions. Therefore, Defendant also is deemed to be a provider of health care and is subject to the standards

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

of confidentiality with respect to medical information disclosure that are required by the CMIA.

107.    As alleged in detail above, through the use of Google Analytics website tracking technology embedded into Psychology Today's website, Defendant intentionally and knowingly shared Plaintiffs' and Class members' medical information with and disclosed that information to third party Google (and possibly others) without Plaintiffs' and Class members' knowledge, authorization, or consent.  In so doing, Defendant violated Cal. Civ. Code § 56.06(e) by failing to maintain the confidentiality of users' private and personal medical information.

108.    Defendant also violated Cal. Civ. Code § 56.101(a) by failing to maintain, preserve, and store medical information in a manner that preserves the confidentiality of the information. Instead, Psychology Today allowed and enabled third-party Google (and possibly others) to intercept and otherwise access Plaintiffs' and Class members' private medical information, which Google used for its own purposes including improving and creating new marketing and analytics services for itself.

109.    California Civil Code § 56.10(a) further provides that a provider of health care "shall not disclose medical information regarding a patient of the provider of health care or an enrollee or subscriber of a health care service plan without first obtaining an authorization." Defendant violated this section of the CMIA when it disclosed Plaintiffs' and Class members' medical information to undisclosed third-party Google (and possibly others) without first obtaining Plaintiffs' and the Class members' authorization to do so.  **Nowhere on its Psychology Today website does Defendant identify Google as a recipient of users' highly personal and sensitive data, including their protected mental health information, nor does Defendant ask for or obtain user consent to share or disclose information to Google.**

110.    Defendant's conduct, as described above, violated California Civil Code §§ 56.06, 56.101, and 56.10.  Under Civil Code §§ 56.36(b) and (c), Defendant is liable to Plaintiffs and the Psychology Today Website Class members for statutory damages of $1,000 per violation, even in the absence of proof of actual damages, the amount deemed proper by the California Legislature.

KELLER GROVER LLP

1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

**SECOND CAUSE OF ACTION**
**Aiding and Abetting Violation of the CMIA**
**(California Civil Code §§ 56.36)**

111. Plaintiffs incorporate each allegation set forth above as if fully set forth herein and further allege as follows.

112. California Civil Code § 56.36(B)(3)(A) prohibits any person or entity other than a licensed healthcare professional from knowingly or willfully obtaining medical information for financial gain.

113. California Civil Code § 56.36(B)(5) also prohibits any person or entity who is not permitted to receive medical information under the CMIA from knowingly and willfully obtaining, disclosing, or using medical information without written authorization.

114. Google is an entity that is not a licensed health care professional and is not permitted to receive medical information under the CMIA. Through its website tracking technology embedded in the Psychology Today website, Google knowingly and willfully received and obtained medical information submitted by Psychology Today website users without their authorization or written consent. Upon information and belief, Google obtained and used that information for Google's own financial gain, such as improving its algorithms and analytics services and serving targeted advertisements, in violation of California Civil Code § 56.36(B)(3)(A) and (B)(5).

115. By allowing and enabling Google (and possibly others) to intercept and obtain Plaintiffs' and Psychology Today Website Class Members' personal identifying data and private communications, including protected medical information, Defendant acted intentionally, or, alternatively, with knowledge that Google's misappropriation of Plaintiffs' and Class members' confidential medical information was without written consent or authorization and would be a violation of the CMIA.

116. Defendant provided substantial assistance and encouragement to Google, including but not limited to (1) installing and embedding Google Analytics code on its Psychology Today website without proper safeguards to preserve the confidentiality of users' medical information, (2) allowing Google to have direct access to Psychology Today website users' private medical

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

information, and (3) failing to provide notice to users of its use of Google Analytics website tracking technology despite knowing that Google collects and records users' personal and sensitive information, including protected medical information. By so doing, Defendant provided the means to accomplish Google's unauthorized receipt, retention and use of Plaintiffs' and Psychology Today Website Class members' private medical information.

117. Notably, transmissions occur only on webpages that contain Google Analytics code. Thus, Plaintiffs' and Class members' private medical information *would not have been disclosed to Google or other unauthorized third parties via the tracking technology but for Defendant's decision to install the Google Analytics tracking tool on its Psychology Today website, including on webpages that transmit protected health information.*

118. Defendant's agreement with Google to use Google Analytics website tracking technology and Defendant's unauthorized disclosure to Google of protected medical information collected by the Psychology Today website and mobile app are substantial factors in causing Google's CMIA violations that are alleged in this Complaint.

119. Defendant's conduct as described above violated California Civil Code § 56.36. As a result, Defendant aided and abetted Google's CMIA violations and therefore is liable for the relief sought by Plaintiffs and the Psychology Today Website Class.

### THIRD CAUSE OF ACTION
#### Violation of CCPA
**(California Civil Code §§ 1798.100(e), 1798.81.5(b), and 1798.150(a))**

120. Plaintiffs incorporate each allegation set forth above as if fully set forth herein and further allege as follows.

121. In 2018, Californians voted the California Consumer Privacy Act of 2018 ("CCPA") into law. The CCPA gives California consumers the right to learn what information a business has collected about them, to delete their personal information, to stop businesses from selling their personal information, including using it to target them with ads that follow them as they browse from one website to another, and to hold businesses accountable if they do not take reasonable steps to safeguard protected information.

122. In further protecting consumers' rights, including the constitutional right to privacy,

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

the CCPA states that one purpose and intent of the act is to allow consumers "to control the use of their personal information, including limiting the use of their sensitive personal information, the unauthorized use or disclosure of which creates a heightened risk of harm to the consumer," and to provide consumers with "meaningful options" over how information is collected, used, and disclosed.

123. To that end, businesses are required to inform consumers specifically and clearly about how those businesses collect and use personal information and how consumers can exercise their rights and choices. The CCPA further provides that businesses should collect consumers' personal information only for specific, explicit, and legitimate disclosed purposes and should not further collect, use, or disclose consumers' personal information for reasons incompatible with those purposes.

124. These guiding principles are codified in California Civil Code §§ 1798.100, *et seq.* Subsection (a)(1) of § 1798.100 provides that "a business shall not collect additional categories of personal information or use personal information collected for additional purposes that are incompatible with the disclosed purpose for which the personal information was collected without providing the consumer with notice." Subsection (a)(2) requires the same for sensitive personal information.

125. California Civil Code § 1798.100(c) further provides that "[a] business' collection, use, retention, and sharing of a consumer's personal information shall be reasonably necessary and proportionate to achieve the purposes for which the personal information was collected or processed, or for another disclosed purpose that is compatible with the context in which the personal information was collected, and not further processed in a manner that is incompatible with those purposes."

126. To achieve the CCPA's objectives and safeguard consumers' information, subsection (e) of § 1798.100 requires a business that collects consumer personal information to "implement reasonable security procedures and practices appropriate to the nature of the personal information to protect the personal information from unauthorized or illegal access, destruction, use, modification, or disclosure in accordance with Section 1798.81.5."

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

127.    Similarly, California Civil Code § 1798.81.5(b) provides that a "business that owns, licenses, or maintains personal information about a California resident shall implement and maintain reasonable security procedures and practices appropriate to the nature of the information, to protect the personal information from unauthorized access, destruction, use, modification, or disclosure."

128.    The CCPA defines "personal information" as an individual's "first name or first initial and the individual's last name in combination with any one or more of the following data elements, when either the name or the data elements are not encrypted or redacted": (i) Social security number; (ii) unique identification numbers issued on government documents used to verify an individual's identity, such as a driver's license number, military identification number or passport number; (iii) account number or credit or debit card number along with access information; (iv) medical information; (v) health insurance information; (vi) unique biometric data; and (vii) genetic data.  California Civil Code § 1798.81.5(d)(1)(A).

129.    Subsection (d)(2) of § 1798.81.5 further defines "medical information" as "any individually identifiable information, in electronic or physical form, regarding the individual's medical history or medical treatment or diagnosis by a health care professional."

130.    As alleged in detail above, Psychology Today's Privacy Policy does not identify Google as a recipient of users' personal information or sensitive medical information, nor does Defendant acknowledge its use of Google Analytics or other website tracking tools.  Defendant also fails to disclose to its Psychology Today website users that it redirects, shares, and discloses website users' individually identifiable and protected mental health information and IP addresses with Google.

131.    Indeed, Psychology Today's only disclosure of information sharing states that it will share collected information with third parties **only** when needed to deliver its products or services as requested on the website.  Nowhere does the Psychology Today website or Privacy Policy state that Defendant will disclose private medical information and confidential communications to Google and for the additional purposes of improving Google algorithms and data points and creating new advertising and analytics technologies, services, and business

opportunities. This goes far beyond the disclosed purposes of facilitating mental health services and is a clear breach of Defendant's duties required under Civil Code § 1798.100.

132. Further, Defendant's disclosure to Google of – and Defendant's permitting Google to have unauthorized access to – Plaintiffs' and Class members' personal information, including IP addresses and private medical information, are violations of Defendant's duty to implement and maintain reasonable security procedures and practices to safeguard such sensitive information and constitute violations of sections 1798.100(e), 1798.81.5(b), and 1798.150(a) of the CCPA.

133. Defendant breached its duty to implement reasonable security measures by: (i) failing to remove or disengage technology that was known and designed to share website users' private information surreptitiously, including individually identifiable and sensitive mental health information; (ii) failing to obtain written consent of Plaintiffs and Class members to disclose their personally identifiable information to Google and any other unauthorized third parties with which Defendant has failed to execute a HIPAA-compliant business associate agreement; (iii) failing to take steps to block the transmission of protected health information that was taking place via website tracking tools that were installed on its Psychology Today website; and (iv) otherwise failing to design and monitor its Psychology Today website to maintain the confidentiality and integrity of users' personal and private information.

134. Under Civil Code § 1798.150(a)(1)(A), Defendant is liable to Plaintiffs and Psychology Today Website Class members, each of whom is entitled to the greater of (i) his or her actual damages or (ii) statutory damages of not less than $100 and up to $750 per consumer per incident, plus any other relief that the court deems proper under § 1798.150(a)(1)(C).

135. On November 30, 2023, via FedEx Priority, Plaintiffs' counsel sent Defendant a California Civil Code § 1798.150(b) notice of non-compliance advising Defendant of its violations of the CCPA. Defendant did not respond or cure the alleged breach. Therefore, under Civil Code § 1798.150(a)(1)(A), Defendant is liable to Plaintiffs and each of the Psychology Today Class members for the greater of (a) statutory damages of not less than $100 and up to $750 per consumer per incident or (b) actual damages suffered as a result of Defendant's violations of the CCPA.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

**FOURTH CAUSE OF ACTION**
**Aiding and Abetting Unlawful Interception**
**(Violation of California Penal Code § 631)**

136.    Plaintiffs incorporate each allegation set forth above as if fully set forth herein and further allege as follows.

137.    The California Legislature enacted the California Invasion of Privacy Act, Cal. Penal Code §§ 630, *et seq*. ("CIPA"), to address "advances in science and technology [that] have led to the development of new devices and techniques for the purpose of eavesdropping upon private communications and that the invasion of privacy resulting from the continual and increasing use of such devices and techniques has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society." *Id.* § 630. CIPA is intended "to protect the right of privacy of the people of this state." *Id.*

138.    To establish liability under section 631(a), Plaintiffs need only establish that Defendant, "by means of any machine, instrument, or contrivance, or in any other manner," did or does any of the following:

[i] [I]ntentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system,

Or

[ii] [W]illfully and without the consent of all parties to the communication, or in any unauthorized manner, reads or attempts to read or learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line or cable or is being sent from or received at any place within this state,

Or

[iii] [U]ses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained,

Or

[iv] [A]ids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section.

139.    Under § 631, a defendant must show that it had all parties' consent.

140.    Defendant and Google are each a "person" for the purposes of CIPA.

141.    Defendant systematically and routinely does business in California with California residents and California mental health providers.  Google maintains its principal place of business in California, where it designed, contrived, agreed to, conspired to achieve, effectuated, and/or received the interception and use of the contents of Plaintiffs' and Psychology Today Website Class members' private and sensitive communications containing protected mental health information.  Additionally, Google intercepted Plaintiffs' and Class members' data and confidential communications in California, where Plaintiffs, Class members and Google all are located.

142.    Google Analytics website tracking technology, Plaintiffs' and Class members' web browsers, and Plaintiffs' and Class members' computing and mobile devices are a "machine, instrument, or contrivance…or other manner."

143.    At all relevant times, Defendant used Google Analytics website tracking technology on its Psychology Today website without Plaintiffs' and Psychology Today Website Class members' knowledge, consent, or authorization.

144.    By using Google Analytics and allowing Google to intercept and access Psychology Today website users' private information and confidential communications, Defendant permitted Google contemporaneously to read or attempt to read, and/or to learn, the contents or meaning of Plaintiffs' and Class members' sensitive interactions and private communications with Psychology Today while the communications were in transit or passing over any wire, line or cable, or were being received at any place within California.  Plaintiffs' and Class members' communications to and through Psychology Today, which included protected mental health information, were and are being sent simultaneously to Google servers and were and are transmitted to Google in real time via Google Analytics tracking technology.

145.    Google used, or at the very least has the capability to use, the private communications and confidential information it received through Google Analytics for its own purposes, including to improve Google's own advertising and analytics services and to create new technologies and offerings.

146.    At all relevant times, Defendant willingly facilitated, aided, employed, agreed with,

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

and conspired with unauthorized third parties like Google to track, intercept, read, and use Plaintiffs' and Class members' personal and private communications made via the Psychology Today website. These communications were transmitted to and intercepted by Google while the communications were in transit, and were not authorized or consented to by Plaintiffs and Class members.

147.    By allowing Google (and possibly others) to intercept and obtain Plaintiffs' and Psychology Today Website Class Members' personal and private communications, without consent or written authorization, Defendant acted intentionally, or, alternatively, with knowledge that Google's unauthorized interception, receipt, reading, and use of Plaintiffs' and Class members' confidential communications would be a violation of CIPA.

148.    Defendant provided substantial assistance and encouragement to Google, including but not limited to (1) installing and embedding Google Analytics code on its Psychology Today website without proper safeguards to preserve the confidentiality of users' communications, (2) failing to provide notice to Psychology Today website users of its use of Google Analytics website tracking technology despite knowing that Google collects and records users' personal and sensitive communications, and (3) allowing Google to have direct access to, read, and use Psychology Today website users' private and confidential communications without those users' consent or authorization.

149.    By so doing, Defendant provided the means to accomplish Google's unauthorized receipt, reading and use of Plaintiffs' and Psychology Today Website Class members' confidential communications. Accordingly, the interception by Google was unlawful, and Defendant aided and abetted Google's unlawful conduct.

150.    Defendant's conduct as described above violated California Penal Code § 631(a). Under Penal Code § 637.2, Plaintiffs and Psychology Today Website Class members therefore are entitled to $5,000 in statutory damages per violation, even in the absence of proof of actual damages, the amount deemed proper by the California Legislature.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

# FIFTH CAUSE OF ACTION
## Unlawful Recording of and Eavesdropping Upon Confidential Communications
### (Violation of California Penal Code § 632)

151.    Plaintiffs incorporate each allegation set forth above as if fully set forth herein and further allege as follows.

152.    California Penal Code § 632 prohibits using "an electronic amplifying or recording device to eavesdrop upon or record [a] confidential communication". . . "intentionally and without the consent of all parties to a confidential communication."

153.    Google's tracking technology embedded into the Psychology Today website is an electronic amplifying or recording device for purposes of § 632.  The Google Analytics code records a user's interaction in real-time as the user navigates the page, including recording any information that the user may input and the links that the user clicked.  The measurement code also collects and records information from the browser, such as the language setting, the type of browser and the device and operating system on which the browser is running.

154.    Section 632 defines a "confidential communication" to include "any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto."

155.    Plaintiffs' and Psychology Today Website Class members' personal and private communications with Defendant, including their submission of sensitive medical information such as their mental health conditions and concerns, their provider and treatment preferences, and their contact with potential mental healthcare providers, were confidential communications for purposes of § 632.

156.    Because Defendant did not disclose to Plaintiffs or to the Psychology Today Website Class members that their private communications containing protected medical information were being recorded and/or eavesdropped upon by Google, Defendant did not obtain, and could not have obtained, Plaintiffs' or the Class members' express or implied advance consent to Google's recording or monitoring of those communications.  As a result, Plaintiffs and the Psychology Today Website Class members had an objectively reasonable expectation that their confidential communications were not being recorded and/or eavesdropped upon by Google.  That

KELLER GROVER LLP

1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

expectation and its objective reasonableness arise, in part, from the objective offensiveness of surreptitiously recording and/or eavesdropping upon people's private – and in this case medically-sensitive and mental-health-related – communications and the ease with which a disclosure or warning could have been provided.

157.    Plaintiffs and Psychology Today Website Class members expected that their personal and private communications with Defendant would not be intercepted and secretly recorded and/or eavesdropped upon by third parties, let alone *undisclosed* third parties.

158.    By (1) installing and embedding Google Analytics code on its Psychology Today website without proper safeguards to preserve the confidentiality of users' communications and (2) contemporaneously redirecting and transmitting Plaintiffs' and Class members' confidential communications through Google Analytics website tracking technology, Defendant permitted, encouraged, and gave substantial assistance to Google to eavesdrop upon and/or record Psychology Today website users' confidential communications through an electronic amplifying or recording device.  By so doing, Defendant violated § 632.

159.    At no time did Plaintiffs or Class members consent to Defendant's and Google's unlawful conduct.  Nor could Plaintiffs or Class members reasonably expect that their confidential communications with Psychology Today would be overheard or recorded by Google, especially in the absence of any disclosure in Psychology Today's Privacy Policy.

160.    Upon information and belief, Google utilized Plaintiffs' and Class members' sensitive personal information, including their protected mental health information, for Google's own purposes, including improving Google's advertising and analytics services offerings and revenue.

161.    Defendant's conduct as described above violated California Penal Code § 632. Under Penal Code § 637.2, Plaintiffs and the Psychology Today Website Class members therefore are entitled to $5,000 in statutory damages per violation, even in the absence of proof of actual damages, the amount deemed proper by the California Legislature.

**SIXTH CAUSE OF ACTION**
**Invasion of Privacy**
**(Violation of Art. 1, § 1, California Constitution)**

162. Plaintiffs incorporate each allegation set forth above as if fully set forth herein and further allege as follows.

163. "Privacy" is listed in Article I, Section 1, of the California Constitution as a fundamental right of all Californians. That section of the Constitution provides: "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy."

164. The right to privacy in California's Constitution creates a right of action against private entities such as Defendant. To state a claim for invasion of privacy under the California Constitution, a plaintiff must establish: (1) a legally protected privacy interest; (2) a reasonable expectation of privacy; and (3) an intrusion so serious in nature, scope, and actual or potential impact as to constitute an egregious breach of social norms.

165. Plaintiffs and Class members have a legally protected privacy interest in their private and confidential communications with Defendant, including in their individually identifiable medical information submitted and shared through their use of the Psychology Today website. That information, including but not limited to Plaintiffs' and Class members' names/identities, telephone numbers, email addresses, other personally identifiable information, patient status, health conditions and concerns, provider preferences and medical treatment, are inherently private, personal and sensitive in nature, and are protected by the right to privacy and confidentiality under the CMIA, HIPAA, CCPA, and CIPA.

166. Plaintiffs and Class members had a reasonable expectation of privacy under the circumstances, including that: (i) the private communications disclosed by Psychology Today and intercepted by Google include personal and sensitive information related to Plaintiffs' and Class members' mental health conditions and treatment; and (ii) Plaintiffs and Class members did not consent to Defendant disclosing or otherwise authorize Defendant to disclose their private and confidential health information to Google or other third-party interceptors, nor did they authorize

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

Google to intercept, store, read, or use that private information for Google's own benefit and monetary gain.

167.    Defendant's conduct constituted a serious invasion of privacy that would be highly offensive to a reasonable person in that: (i) the information disclosed by Psychology Today and allowed by Psychology Today to be intercepted and collected  by Google was highly sensitive and personal medical information protected by the California Constitution and numerous California statutes including the CMIA and the CCPA; (ii) Defendant did not have authorization or consent to disclose that personally identifiable and protected mental health information to any third party interceptor, including Google, and Google did not have authorization to collect, read, or use that highly sensitive information; and (iii) the invasion deprived Plaintiffs and Class members of the ability to control the dissemination and circulation of that private and sensitive information, an ability that is considered a fundamental privacy right.  Defendant's conduct constitutes a severe and egregious breach of social norms.

168.    As a direct and proximate result of Defendant's actions, Plaintiffs and Class members have had their privacy invaded and have sustained injury, including injury to their peace of mind.

169.    Plaintiffs and Psychology Today Website Class members seek appropriate relief for that injury, including but not limited to restitution, disgorgement of profits earned by Defendant as a result of the intrusions upon Plaintiffs' and Class members' privacy, nominal damages, and any other equitable relief that will compensate Plaintiffs and Class members properly for the harm to their privacy interests.

170.    Plaintiffs also seek such other relief as the Court may deem just and proper.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and the members of the Class, pray for the following relief:

a.    An order certifying the Psychology Today Website Class, appointing Plaintiffs R.C. and D.G. as representatives of the Psychology Today Website Class, and

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

appealing counsel for Plaintiffs as counsel for the Psychology Today Website Class;

b. An order declaring that Defendant's actions, as described above, violate California Civil Code §§ 56, *et seq.*;

c. An order declaring that Defendant's actions, as described above, violate California Civil Code §§ 1798.100, *et seq.*;

d. An order declaring that Defendant's actions, as described above, violate California Penal Code § 631;

e. An order declaring that Defendant's actions, as described above, violate California Penal Code § 632;

f. An order declaring that Defendant's actions, as described above, violate Art. 1, § 1 of the California Constitution;

g. A judgment for and award of statutory damages of $1,000 per violation under California Civil Code §§ 56.36(b) and (c) to Plaintiffs and each of the members of the Psychology Today Website Class;

h. A judgment for and award of actual damages, or an award of statutory damages of not less than $100 and up to $750 per consumer per incident, whichever is greater, under California Civil Code § 1798.150(a)(1)(A) to Plaintiffs and each of the members of the Psychology Today Website Class;

i. A judgment for and award of statutory damages of $5,000 per violation under California Penal Code § 637.2 to Plaintiffs and each of the members of the Psychology Today Website Class;

j. A judgment for and award of compensatory and/or nominal damages to Plaintiffs and each of the members of the Psychology Today Website Class;

k. Payment of costs of the suit;

l. Payment of attorneys' fees under California Code of Civil Procedure § 1021.5;

m. An award of pre- and post-judgment interest to the extent allowed by law; and

n. Such other or and further relief as the Court may deem proper.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

Respectfully submitted,

Dated:  August 12, 2024          **KELLER GROVER LLP**


By: _/s/ Eric A. Grover_
ERIC A. GROVER
*Attorneys for Plaintiffs*


### JURY DEMAND

Plaintiffs request a trial by jury of all claims that can be so tried.


Respectfully submitted,

Dated:  August 12, 2024          **KELLER GROVER LLP**


By: _/s/ Eric A. Grover_
ERIC A. GROVER
*Attorneys for Plaintiffs*

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861