Matthew D. Pearson, SBN 294302
**WOMBLE BOND DICKINSON (US) LLP**
400 Spectrum Center Drive, Suite 1700
Irvine, California 92618
Telephone: (714) 557-3800
Facsimile: (714) 557-3347
Matthew.Pearson@wbd-us.com

Attorneys for Defendant
SUSSEX PUBLISHERS, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

R.C. and D.G., on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

SUSSEX PUBLISHERS, LLC, and DOES 1-100, inclusive,

Defendants.

Case No.: 3:24-cv-02609-JSC

The Honorable Jacqueline Scott Corley

**DEFENDANT SUSSEX PUBLISHERS, LLC'S ANSWER TO THIRD AMENDED COMPLAINT**

Action Filed: November 30, 2023
Initial CMC: August 1, 2024

Pursuant to Federal Rules of Civil Procedure 12(a)(4)(A), Defendant Sussex Publishers, LLC ("Sussex") hereby files its Answer to the Third Amended Complaint ("TAC") that was filed by Plaintiffs R.C. and D.G. (collectively, "Plaintiffs") on April 24, 2025 [Dkt. No. 55].

## ANSWER TO TAC

The first paragraph in the TAC contains legal conclusions to which no response is required. To the extent the first paragraph in the TAC is intended to include any allegations of fact, Sussex admits that Plaintiffs filed the TAC on their own behalf and, purportedly, on behalf of a putative class. As to the remaining allegations in the first paragraph of the TAC, if any, Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the first paragraph of the TAC and, therefore, denies the allegations.

## INTRODUCTION[1]

1. Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegation regarding what "[t]his class action arises out of." As to the remaining allegations in paragraph 1 of the TAC, Sussex denies them. Sussex does not now have, nor has it ever had, a "policy and practice of disclosing to and sharing with third parties, without users' knowledge, authorization, or consent, private and personal information, including sensitive medical information, that Defendant's website, www.psychologytoday.com, has collected while users navigate its online platform" or "a policy and practice of aiding and abetting Google's (and possibly other third party interceptors') unauthorized (1) intercepting, reading, and learning while in transit and (2) subsequent recording, collection and use of California residents' highly personal and confidential data and communications."

2. Sussex admits that it owns the Psychology Today magazine and the URL www.psychologytoday.com. Sussex further admits that the content on www.psychologytoday.com focuses on "behavioral science with a stated mission to cover all aspects of human behavior so as to help people better manage their own health and wellness, adjust their mindset, and manage a range of mental health and relationship concerns." Finally, Sussex admits that

[1] Sussex has included in its Answer the TAC's headings. Sussex has done this simply for ease of reference and does not adopt any of the factual or legal assertions in the headings.

www.psychologytoday.com includes "therapy and health professional directories as well as hundreds of blogs and articles written by a variety of psychologists, psychiatrists, social workers, medical doctors, anthropologists, sociologists, and science journalists." To the extent not admitted, Sussex denies the allegations in paragraph 2 of the TAC.

3. Sussex admits that the site, wwww.psychologytoday.com, is accessible in "more than 20 countries worldwide." Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegation that the site is "it one of the most widely used directories to find a mental health professional" and, therefore, denies the allegation. Sussex admits that the online directory on the site allows users to filter therapists based on various attributes or characteristics of the providers, including their location, the insurance they accept, the type of therapy or treatment they offer, the fees they charge, their ethnicity, their sexuality, their language, and their faith. To the extent not admitted, Sussex denies the allegations in paragraph 2 of the TAC.

4. Sussex denies that "if online versus in-person therapy is chosen, Psychology Today facilitates the teletherapy appointment by (1) sending an email with the appointment date and time and a link to check-in". Sussex denies that it hosts online therapy sessions on www.psychologytoday.com (the "Site"). Sussex denies the existence of a native app branded in the way characterized by Plaintiffs. While therapists telephone numbers may be available on the Site, Sussex denies that the Site provides users with the ability to call therapists through the Site. As to the remaining allegations in paragraph 4 of the TAC, Sussex admits them.

5. Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegation that they and the Class members "who visited the Psychology Today website expected that their personal and sensitive medical information – including without limitation (a) their name, email address, telephone number, age and insurance information, (b) their search parameters detailing their mental health symptoms, concerns and conditions, (c) their gender, ethnicity, sexuality, and faith preferences regarding mental health providers, and (d) the type of therapy or category of treatment they sought – would be and remain private and confidential" and, therefore, denies the allegation. Plaintiffs' allegation that they and the Class members "had a reasonable expectation that their interactions with and communications through

Psychology Today's website, which contained personal and/or uniquely identifying information, would not be shared with any third parties, let alone to undisclosed third parties" is a legal conclusion to which no response is required. To the extent a response is required, Sussex denies the allegation that Plaintiffs and the Class Members "had a reasonable expectation that their interactions with and communications through Psychology Today's website, which contained personal and/or uniquely identifying information, would not be shared with any third parties, let alone to undisclosed third parties."

6. Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegation regarding what individuals using the Site knew or did not know and, therefore, denies the allegation. Sussex admits that Google Analytics code is embedded in *select parts of* the HTML code of the Site, but Sussex denies that Google Analytics code was embedded on any page that collected personally identifying information. Sussex denies that Google Analytics JavaScript code was and is configured to capture and collect communication data between the user and the Site. Sussex denies that "while Plaintiffs and Class members were and are interacting with the Psychology Today website, Google, concurrently and in real time, did and does intercept, read, and analyze user communications and interpret the contents of those communications for Google subsequently to use for its advertising and analytics purposes." Sussex denies that Figures 7 through 13 of the TAC or the video described in paragraph 63 of the TAC demonstrates that "the user information intercepted, read, analyzed, and later selected for Google's use by the embedded Google Analytics code, while the data was and is in transit to the Psychology Today website, contains website users' sensitive information, including their individually identifiable and protected mental health information." Sussex denies that Plaintiffs ever saw or interacted with the features depicted on Figures 7–13 and on the video. The HTML demonstrated in these Figures and on the video did not exist before July 2024.

7. Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegation regarding what individuals using the Site knew or did not know and, therefore, denies that allegation. As to the rest of the allegations in Paragraph 7 of the TAC, Sussex denies them.

8. Sussex denies the allegations in paragraph 8 of the TAC.

9. Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegation that "that Google views, reads, and uses, and/or has the capability to use, the information shared by the Psychology Today website not only to provide analytics services, but also to maintain and improve Google's own services, develop new analytics and marketing services, and measure the effectiveness of advertising on Google's and its partners' sites and applications." Google, however, is precluded by its contract with Sussex from "us[ing]…the information shared by the Psychology Today website…to maintain and improve Google's own services, develop new analytics and marketing services, and measure the effectiveness of advertising on Google's and its partners' sites and applications." As it relates to Sussex, Google Analytics merely provides Sussex with aggregated information on Site traffic. Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegation that they and the Class Members "did not consent to that undisclosed and inappropriate access, viewing, and use of their private information, including individually identifiable medical information" because Sussex (1) does not collect individually identifiable medical information and, therefore, (2) does not allow for the "inappropriate access, viewing, and use" of such information.

10. Sussex denies the allegations in paragraph 10 of the TAC.

## PARTIES

**A. Plaintiff R.C.**

11. Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegation that Plaintiff R.C. is a "natural person and a citizen and resident of California," and, therefore, denies the allegation.

12. Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations in paragraph 12 of the TAC and, therefore, denies the allegations.

13. Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations in paragraph 13 of the TAC and, therefore, denies the allegations.

14. Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations in paragraph 14 of the TAC and, therefore, denies the

allegations.

15. Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations regarding what Plaintiff R.C. did or did not do while on the Site and, therefore, denies those allegations. Sussex denies that "Google was able to and did intercept Plaintiff R.C.'s personal interactions with and communications through the Psychology Today website." Sussex does not know to what "private communications" Plaintiffs are referring in paragraph 15 of the TAC and, therefore, is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations as to what those "private communications" related. Sussex denies that "[t[hrough the Google Analytics tracking technology embedded in the Psychology Today website, Google was able to carry out that interception simultaneously as Plaintiff R.C. was transmitting his individually identifiable and sensitive mental health information to Psychology Today."

16. Sussex has no way of determining, at this stage in the case, who Plaintiff R.C. is and, therefore, has no way of knowing whether Plaintiff R.C. was ever even on the Site. Therefore, Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations in paragraph 16 of the TAC and, therefore, denies the allegations.

**B. Plaintiff D.G.**

17. Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegation that Plaintiff D.G. is a "natural person and a citizen and resident of California," and, therefore, denies the allegation.

18. Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations in paragraph 18 of the TAC and, therefore, denies the allegations.

19. Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations in paragraph 19 of the TAC and, therefore, denies the allegations.

20. Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations in paragraph 20 of the TAC and, therefore, denies the allegations.

21. Sussex has no way of determining, at this stage in the case, who Plaintiff D.G. is and, therefore, has no way of knowing whether Plaintiff D.G. was ever even on the Site. Therefore,

Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations in paragraph 21 of the TAC and, therefore, denies the allegations.

22. Sussex has no way of determining, at this stage in the case, who Plaintiff D.G. is and, therefore, has no way of knowing whether Plaintiff D.G. was ever even on the Site. Therefore, Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations in paragraph 22 of the TAC and, therefore, denies the allegations.

23. Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations regarding what Plaintiff D.G. did or did not do while on the Site and, therefore, denies those allegations. Sussex denies that "Google was able, in real time through the Google Analytics tracking technology embedded in the Psychology Today website, to intercept Plaintiff D.G.'s personal interactions with and private communications through the Psychology Today website and did so." Sussex denies that "Google was able to carry out that interception simultaneously as Plaintiff D.G. was transmitting her personal identifying and sensitive mental health information to Psychology Today."

24. Sussex has no way of determining, at this stage in the case, who Plaintiff D.G. is and, therefore, has no way of knowing whether Plaintiff D.G. was ever even on the Site. Therefore, Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations in paragraph 24 of the TAC and, therefore, denies the allegations.

**C. Defendant Sussex Publishers, LLC and Psychology Today**

25. Sussex admits the allegation in paragraph 25.

26. Sussex admits the allegations in paragraph 26 of the TAC.

27. Sussex admits that it owns the URL www.psychologytoday.com. Sussex admits that the site, wwww.psychologytoday.com, includes "content written by clinicians, experts, and researchers from across the field of behavior and psychology." Sussex denies that it publishes a "Diagnosis Dictionary" in paper form or online. Sussex admits that the site includes "a directory that lists clinical professionals, psychiatrists, and treatment centers that provide mental health services." Sussex admits that the site includes profiles for and video introductions by providers. Sussex admits that the online directory on the site allows users to filter providers based on various

characteristics of providers, including their location and the type of therapy or treatment offer they offer. To the extent not admitted, Sussex denies the allegations in paragraph 2 of the TAC.

28. Sussex admits that the Site allows users to email therapists directly. Sussex denies it "provid[es] a…link to contact therapists directly through" the Site. Sussex denies that users of the Site can call therapists directly through the Site. Sussex admits that when a user sends an email to a therapist using the Site, a confirmation copy of the email is delivered to the user who sent it. Sussex denies it "facilitates the provisions of mental health services…by sending consumers emails with the dates and times of their appointments". Sussex denies that there is a "Psychology Today website link to use to check in for their appointments." Sussex denies that the Site "hosts teletherapy sessions"; online therapy sessions are hosted by therapists using Sessions, a separate, zoom-like mobile application.

29. Sussex admits that it does business in California and with California residents and California mental healthcare providers. Sussex denies that it provides teletherapy session services or that therapists can use the online video tool in 20 countries. Sussex admits that the site, www.psychologytoday.com, and its content are available in 20 countries worldwide.

30. Sussex denies that the Site "and Privacy Policy fail to put visitors on notice of Defendant's use of Google Analytics." Sussex denies that it discloses "personally identifiable and sensitive medical information to unauthorized third parties" or "allow[s] Google (and possibly other third-parties) to embed a JavaScript code that intercepts, reads, and analyzes users' communications with Psychology Today in real-time while the users are navigating the Psychology Today website." Therefore, Sussex denies that it was obligated to, or even could, disclose that it does so. Sussex further denies that "Google intercepts, reads, and analyzes users' communications while they are in transit to Psychology Today website servers," that "Google's JavaScript code then selects which part of the communications will be sent and later used by Google for its advertising and analytics purposes," that there was any "transmission and dissemination of Plaintiffs' and other Class members' personal and private information – including protected mental health information and other health information – to Google," and that anything Sussex did "violates the Plaintiffs' and Class members' privacy rights."

31. Sussex denies that Google Analytics "read[s], learn[s] [or] captur[es]…users' communications while they are in transit to Psychology Today." Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegation that Google "views and uses Plaintiffs' and Class members' information not only to provide analytics services to Defendant, but also for Google's other business purposes including but not limited to (1) improving its own software, algorithms, and other technology and business activities and (2) providing marketing services and offerings, such as creating customer profiles, custom audiences, and targeted advertisements." Google, however, is precluded by its contract with Sussex from "us[ing] Plaintiffs' and Class members' information…[to] provid[e] marketing services and offerings, such as creating customer profiles, custom audiences, and targeted advertisements" for any party other than Sussex.

**D. Doe Defendants**

32. Paragraph 32 of the TAC contains legal conclusions to which no response is required. To the extent paragraph 32 of the TAC is intended to include any factual allegations, Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations in paragraph 32 of the TAC and, therefore, denies the allegations.

33. Paragraph 33 of the TAC contains legal conclusions to which no response is required. To the extent paragraph 33 of the TAC is intended to include any factual allegations, Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations in paragraph 33 of the TAC and, therefore, denies the allegations.

**JURISDICTION AND VENUE**

34. Paragraph 34 of the TAC contains legal conclusions to which no response is required. To the extent paragraph 34 of the TAC is intended to include any factual allegations, Sussex denies those allegations.

35. Paragraph 35 of the TAC contains legal conclusions to which no response is required. To the extent paragraph 35 of the TAC is intended to include any factual allegations, Sussex admits that it is subject to personal jurisdiction in California and denies all other allegations in paragraph 35 of the TAC.

36. Sussex admits the allegations in paragraph 36 of the FAC.

## FACTUAL ALLEGATIONS COMMON TO THE CLASS

### A. Google's Website Tracking Technology

37. Sussex admits that Google provides a service called Google Analytics. As to the remaining allegations in paragraph 37 of the TAC, Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of them and, therefore, denies them.

38. Sussex admits that Google provides a service called Google Analytics, which can utilize Google Analytics Asynchronous code. Sussex also admits that Google offers or has offered services called Universal Analytics and Google Analytics 4. As to the remaining allegations in paragraph 38 of the TAC, Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of them and, therefore, denies them.

39. Sussex admits that Google Analytics collects data from a website to create aggregated reports on website traffic and functionality. Sussex admits that Google provides a service called Google Analytics. As to the remaining allegations in paragraph 39 of the TAC, Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of them and, therefore, denies them.

40. Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations regarding Google's marketing statements and, therefore, denies the allegations. To the extent those marketing statements are included in a document, the document speaks for itself.

41. Sussex admits that, in order to implement Google Analytics on a website, a party can "add[] or embed[] a small piece of Google Analytics JavaScript code into each page of its website that it wishes to track information." Sussex denies that when "a user accesses a website hosting Google Analytics, Google's JavaScript code surreptitiously reads and analyzes the user's communications sent from the user's browser to the host website while those communications are in transit to the host website." As to Plaintiffs' allegation that "[a]s part of the process, the Google Analytics JavaScript code analyzes and interprets the contents of a user's transmissions in order to select what portion of the communications is further processed by Google for its analytics and

advertising purposes," Sussex does not know to which "process" Plaintiffs are referring and, therefore, is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation. Sussex further denies that the Google Analytics JavaScript code can "analyze and interpret the contents of a user's transmissions", and therefore denies the allegation. Sussex denies that "[t]he initial interception and analysis by Google occurs while the entire communication from the user is being transmitted and sent to the host website."

42. Sussex denies the allegations in paragraph 42 of the TAC.

43. Sussex admits that Google Analytics JavaScript can collect a browser's "language setting, the type of browser, and the device and operating system on which the browser is running," depending on how Google Analytics is configured and/or the user's browser is configured. Sussex also admits that that Google Analytics code can collect the referrer header of a visitor, depending on how Google Analytics and/or the user's browser is configured. To the extent not admitted in this response, the remaining allegations in paragraph 43 of the TAC are denied.

44. Sussex denies that "[a]ll the information collected by the Google Analytics JavaScript code, which first was intercepted, read, and analyzed while it was in transit to the host website, then is directed to Google for additional processing, including aggregating and organizing the data based on particular criteria." Sussex does not know to what "criteria" Plaintiffs are referring in paragraph 44 of the TAC and, therefore, is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations that "[t]he criteria can be customized by applying filters to the intercepted information."

45. Sussex denies that Google Analytics intercepts any data while it is in transit. Sussex denies that Google Analytics JavaScript runs on any "app screens a user visited" or on the zoom-like video tool (Sessions). As to the remaining allegations in Paragraph 45 of the TAC, Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, denies the allegations.

46. Sussex denies that Google Analytics "intercept[s], read[s], and analyz[es] the data collected from website users while that data is in transit." As to the remaining allegations in paragraph 46 of the TAC, Sussex is without knowledge or information sufficient to form a belief

as to the truth or falsity of those allegations and, therefore, denies the allegations.

**B. Defendant's Use of Google Analytics on the Psychology Today Website**

47. Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations in paragraph 47 of the TAC and, therefore, denies the allegations in paragraph 47 of the TAC.

48. Sussex denies that the site, www.psychologytoday.com, includes "a 'Diagnosis Dictionary,' which is a comprehensive guide to diagnosable conditions; a section for commonly used and need-to-know psychology basics; a full overview of therapy types; and a content center dedicated to numerous subjects ranging from ADHD to parenting." Sussex admits the remaining allegations in paragraph 48 of the TAC.

49. Sussex admits that the site, www.psychologytoday.com, includes "a free online directory that lists clinical professionals, psychiatrists, treatment centers, and support groups providing mental health services in more than 20 countries." Sussex denies that the directory is "searchable." The directory can be filtered based on characteristics of the available providers, such as location and the type of therapy or treatment offered. Sussex admits the remaining allegations in paragraph 49 of the TAC.

50. Sussex admits that, on the Site, users can "click and follow the 'Find a Therapist' link and search for a provider by city or zip code." Sussex denies that, "[a]fter a location is chosen, the search for a mental health provider can be narrowed further by specifying a user's mental health concerns." Sussex denies that "[s]ome of those filters and preferences shared by a user are, by their nature, very personal and confidential." Sussex allows users to *sort or filter* providers using predetermined attribute buttons. Sort results reflect the attributes of the provider population, not the user.

51. Sussex admits the allegations in paragraph 51 of the TAC in so far as users may *sort* providers using the predetermined attribute buttons, which reflect attributes of the provider population, not the user. Sussex denies that "a user can share" any of attributes they "specify and select" with anyone, or that Sussex does so.

///

52. Sussex denies that any Site user "share[s] personal and sensitive medical information on the website." Sussex admits that a user's filtering for potential therapists could yield "a list of potential therapists, each of whom offers a detailed profile biography and video introduction to demonstrate his or her expertise" and could provide "contact information for each registered therapist with an option to…email the therapist directly through" the Site. Sussex denies that any user can call a therapist directly through the Site. To the extent not admitted, all other allegations in paragraph 52 of the TAC are denied.

[Plaintiffs' Figure 1]

53. Sussex denies that a user can call a therapist directly through the Site. Sussex denies that users "must enter and provide" any personal details in the email form (see Figure 2). The only necessary information is a valid email address along with the user's active consent to verify they are a real person via reCAPTCHA, next to which Google's Privacy Policy and Terms are clearly linked (as indicated below by the red square). Sussex admits the remaining allegations in paragraph 53 of the TAC.

Figure 2:



54. Sussex admits the allegations in paragraph 54 of the TAC.

55. Sussex denies that it "assists users…by hosting[s] online teletherapy sessions on" the Site. Sussex admits that therapists have the option to use the Sessions video tool, a zoom-like application. Sussex denies that "[b]efore a scheduled appointment, a therapist will send an email through Psychology Today to the user detailing the date and time of the user's upcoming appointment." Sussex admits that therapists can invite anyone to a video call with them at the therapist's own unique link "at https://sessions.psychologytoday.com/name-of-therapist" which is the URL for Figure 3. As to the remaining allegations in paragraph 55 of the TAC, Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' those allegations and, therefore, denies the allegations.

56. Sussex denies that "[o]nce a user checks in for the teletherapy appointment and enters the virtual waiting room, the user must provide *his or her name* in order to join the therapy session hosted online by Psychology Today." (emphasis added). Sussex further denies that a user "must grant access to Sessions for the use of the user's camera and microphone to conduct the online appointment." A user can, but is not required to, do these things except that for "access to Sessions" a user must actively consent by ticking the box next to the following statement "By checking in, you are agreeing to these **terms of service**" (as highlighted by the red box below).

[Plaintiffs' Figure 3]




57. Sussex denies the allegations in paragraph 57 of the TAC.

58. Sussex denies the allegations in paragraph 58 of the TAC.

[Plaintiffs' Figures 4-6]

59. Sussex denies that "the Google Analytics JavaScript code embedded in the Psychology Today website is configured to intercept, read, and analyze user communications and then select specific information for Google's advertising and analytics purposes, all without that user's knowledge, authorization, or consent." Sussex admits that Figures 4 through 6 in the TAC show Google Analytics operating on the Site. Sussex demies that "[a]ll of those user interactions on the Psychology Today website were intercepted while in transit to Psychology Today, read and analyzed by Google Analytics code, and then selected by Google as the types of user communication data that are designated to be used for Google's advertising and analytics purposes." Sussex admits that if a user clicks on the telephone number or email buttons for a specified therapist, Google Analytics JavaScript may be triggered to log that a button was clicked. However, Sussex denies that this action captures the user's intent or "attempt to communicate with Dr. X," as no message content or actual communication is recorded. To the extent not admitted, Sussex denies all other allegations in paragraph 59 of the TAC.

[Plaintiffs' Figures 7 - 12]

60. Sussex denies that a user who clicks on filters on the Site is necessarily doing so for his or her own purposes. Sussex denies the remaining allegations in paragraph 60 of the TAC.

[Plaintiffs' Figure 13]

61. Sussex admits that "[o]nce a user has selected the necessary and preferred filters and clicks the 'Show # Therapists' button, the Psychology Today server will respond to the user with a list of therapists who meet the criteria established by the prior filter options." Sussex denies that "[c]oncurrent with the processing by Psychology Today, Google Analytics also performs an analysis of the user's information and produces a log/report with the number of filters applied, the specification code for each filter chosen with the primary filter identified by name/title, and the number of results displayed." Sussex also denies that "[h]itting the 'Show # Therapists' button…results in a descriptive URL being shown in the user's browser, which contains at least one personal and sensitive search term related to the user's mental health condition or treatment" and denies "[t]hat same descriptive URL is captured by and disclosed to Google in the same manner

as described above and is reflected in the Google Analytics report."

62. Sussex denies the allegations in paragraph 62 of the TAC.

[Plaintiffs' Figures 14 - 15]

63. Sussex denies the allegations in paragraph 63 of the TAC.

[Plaintiffs' Figure 16.]

64. Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations in paragraph 64 of the TAC and, therefore, denies the allegations in paragraph 64 of the TAC.

65. Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations in paragraph 65 of the TAC and, therefore, denies the allegations in paragraph 65 of the TAC.

66. Sussex denies that "IP addresses contain geographical location information from which the state, city, and zip code of a specific device can be determined." Sussex admits that "various services use databases to map IP addresses to physical locations in geographic areas," but denies that these databases identify the physical location of a specific device. Sussex admits that such services "often can provide information about the country, city, and approximate latitude and longitude coordinates" of an IP address, but states that this information typically reflects the registered location of the internet service provider ("ISP"), not the user or specific device. Sussex admits that sometimes "the ISP associated with the IP address can be determined."

67. Paragraph 67 includes legal conclusions to which no response is required.

[Plaintiffs' Figure 17]

68. Sussex admits that it did not utilize Universal Analytics IP anonymization parameter. However, since July 2022, Sussex has used the Google Analytics 4 ("GA4") JavaScript on the Site. GA4 does not collect or store IP addresses and does not have an IP anonymization parameter. As of July 2023, Universal Analytics no longer processed new data and users were required to transition to GA4. Further, Sussex denies that "before the introduction of GA4, Google Analytics could see and collect Psychology Today website users' IP addresses along with information related to their mental or physical conditions, diagnosis, and treatment."

69. Since July 2022, Sussex has used Google Analytics 4 JavaScript on the Site, a year before Google retired Universal Analytics in July 2023. GA4 does not collect or store IP addresses and does not offer website owners an opt-in ”aip” parameter. Further, Sussex denies that “[b]y using the Google Analytics tool without the anonymized IP feature enabled, Psychology Today was ***disclosing*** to Google and sharing with Google Psychology Today’s users’ IP addresses” (emphasis added). To the extent not admitted, Sussex denies the remaining allegations in paragraph 69.

70. Sussex denies the allegations in paragraph 70 of the TAC.

71. Sussex admits that “[i]n its Privacy Policy linked at the very bottom of its web page, Psychology Today states that it will collect ‘personally identifiable information,’ such as names and email addresses, when visitors use the website to perform certain tasks” and that “[t]hose tasks can include posting or commenting on an article, calling or emailing a professional, filling out a self-assessment or taking a self-test, subscribing, purchasing a product, registering to be listed in the directory, and opening an email communication from Defendant.” Sussex denies that “users’ private and sensitive medical information, including users’ mental health conditions and concerns, therapy and treatment preferences, and other personally identifiable information are captured and saved simply as a result of the users viewing the website and searching the free online therapist directory.” Sussex therefore denies that it failed to disclose this “fact” in its Privacy Policy.

72. Sussex admits that its Privacy Policy states that it maintains logs of site usage “for purposes such as to evaluate users’ interest level in areas of the website, which and how many pages they look at, how long they stay on the website, and what web browsers are used.” Sussex denies that its statement that data is “tracked in aggregate form, not at an individual user level, and is not uniquely identifying” is false.

73. Sussex denies the allegations in paragraph 73 of the TAC.

74. Sussex denies the allegations in paragraph 74 of the TAC.

75. Sussex denies that it goes “far beyond sharing information necessary to provide or deliver its products and services” and denies that “[t]hrough the tracking technology embedded on its website, Psychology Today simultaneously transmits and discloses personal and protected

mental health information to Google." Sussex denies that "nowhere on its website does Psychology Today disclose that it is using Google Analytics." Sussex requires active consent next to Google's Privacy and Terms (see Figure 2). Sussex denies that "Google Analytics…is completely unrelated to Defendant's offered products and services and is completely unrelated to anything that Defendant needs to do in order to offer or provide those products or services." Sussex denies that "Google, or any other third-party interceptor, [i]s a recipient of users' private communications and confidential mental health information" from the Site. Sussex denies all other allegations in paragraph 75 of the TAC.

76. Sussex denies that it shares or discloses "sensitive and individually identifiable medical information…with Google to improve Google's own analytics services, software, algorithms and other technology." Sussex further denies that any information, let alone sensitive and individually identifiable medical information was or is "intercepted, read, analyzed by Google, while it was in transit to Psychology Today" and denies that sensitive and individually identifiable medical information was and is being "used by Google's advertising offerings to create targeted advertisements and customer profiles, all to enhance Google advertising features and unrelated to any products or services offered by Psychology Today." Sussex denies all other allegations in paragraph 76 of the TAC.

**C. Plaintiffs and Class Members Did Not Consent to Defendant's Disclosure of Their Private Information and Confidential Communications; They Have a Reasonable Expectation of Privacy in Their User Data.**

77. Sussex denies that the contents of Plaintiffs' or any Site visitors' "private interactions and communications containing their personal and sensitive mental-health information" were "disclosed to and used by third parties like Google." Sussex admits that Google Analytics code is embedded in select parts of the HTML code of the Site. Sussex denies that Google Analytics code was embedded on any page that collected personally identifying information. Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegation that "Google's analytics software is incorporated seamlessly – and, to users, invisibly – in the background." Sussex denies that "Plaintiffs and Class members have no way of

knowing" that Google Analytics was running on the Site; its presence on the site is publicly available information and disclosed (see Figure 2, active consent for Google's Privacy and Terms adjacent to reCAPTCHA). Sussex denies that Google Analytics was "intercepting [Plaintiffs' and the Class Members'] individually identifiable and protected health information." Sussex denies that the "intercepted information included and includes their IP addresses; their medical conditions and concerns; their search parameters; their preferences regarding a mental health professional; and the type of treatment they are seeking." To the extent not admitted, Sussex denies all remaining allegations in paragraph 77 of the TAC.

78. Sussex denies that Google Analytics is an "invasive tracking technology." Sussex denies that it does not mention its use of Google Analytics (see Figure 2, active consent for Google's Privacy and Terms adjacent to reCAPTCHA). Sussex denies that it "does not put…app users on notice of Defendants use of…technology like Google Analytics" (see Figure 3) for whom active consent is required to the terms of service incorporating the Privacy Policy. Further, Sussex denies that Google Analytics code runs anywhere on its zoom-like video tool (Sessions) whether for "website or app users". Sussex admits that its Privacy Policy does discuss the Site's use of cookies. To the extent not admitted, Sussex denies the remaining allegations in paragraph 78 of the Complaint.

79. Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations regarding what Google Analytics does generally; Sussex only knows what it does on the Site. Sussex is also without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations regarding what Plaintiffs were aware or not aware of when they visited the Site. Sussex denies any remaining allegations in paragraph 79 of the TAC.

80. Paragraph 80 of the TAC includes legal conclusions to which no response is required. To the extent paragraph 80 includes any allegations of fact, Sussex denies those allegations as it relates to the information collected by Google Analytics on the Site.

81. Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations in paragraph 81 of the TAC and, therefore, denies those

allegations.

82. Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations in paragraph 82 of the TAC and, therefore, denies those allegations.

83. Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations in paragraph 83 of the TAC and, therefore, denies those allegations.

84. Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegation that "[t]he privacy expectation is even greater when personal and sensitive medical information is at stake." The remaining allegations in paragraph 84 of the TAC are legal conclusions to which no response is required. To the extent Plaintiffs' allegations cite to and rely on the text of HIPAA, HIPAA speaks for itself.

85. Paragraph 85 of the TAC includes legal conclusions to which no response is required. Paragraph 85 of the TAC also includes citations to a document Sussex did not write and that has been subsequently overruled by the United States District Court for the Northern District of Texas in *Am. Hosp. Ass'n v. Becerra*, 738 F. Supp. 3d 780 (N.D. Tex. 2024). To the extent paragraph 85 includes allegations regarding that document, the document speaks for itself. If there are any additional allegations of fact in paragraph 85 of the TAC, Sussex denies them.

86. With regard to what the HHS bulletin stated, the HHS bulletin speaks for itself. It has been subsequently overruled by the United States District Court for the Northern District of Texas in *Am. Hosp. Ass'n v. Becerra*, 738 F. Supp. 3d 780 (N.D. Tex. 2024). With regard to Plaintiffs' allegations that "Defendant's actions clearly violate HIPAA Rule," Sussex denies that it is regulated by HIPAA and that its actions violated HIPAA Rules.

87. Paragraph 87 of the TAC includes legal conclusions to which no response is required. Paragraph 87 of the TAC also includes citations to a document Sussex did not write. To the extent paragraph 87 includes allegations regarding that document, the document speaks for itself has been subsequently overruled by the United States District Court for the Northern District of Texas in *Am. Hosp. Ass'n v. Becerra*, 738 F. Supp. 3d 780 (N.D. Tex. 2024).. If there are any

additional allegations in paragraph 87 of the TAC, Sussex denies them.

88. Paragraph 88 of the TAC includes legal conclusions to which no response is required. To the extent paragraph 88 of the TAC includes any allegations that are not legal conclusions, Sussex denies them.

89. Sussex denies that "highly personal and sensitive…information…is input onto and shared on the" Site. Sussex further denies that it engaged in any "unauthorized disclosure and sharing of highly personal information" or that Google engaged in any "surreptitious interception, storage, reading, and use of Plaintiffs' and Class members' private medical information." Sussex denies that anything it did violated "Plaintiffs' and Class members' privacy interests and rights." As to what Plaintiffs and Class Members believed when they visited the Site, Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, denies them.

**D. Plaintiffs' and Class Members' Personal and Private Information, Including Sensitive Medical Information, Has Economic Value, and Its Unauthorized Disclosure and Interception Have Caused Economic Harm.**

90. Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegation in paragraph 90 of the TAC and, therefore, denies those allegations.

91. Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegation in paragraph 91 of the TAC and, therefore, denies those allegations.

92. Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegation in paragraph 92 of the TAC and, therefore, denies those allegations.

93. Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegation in paragraph 93 of the TAC and, therefore, denies those allegations.

///

94. Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegation in paragraph 94 of the TAC and, therefore, denies those allegations.

95. Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegation in paragraph 95 of the TAC and, therefore, denies those allegations.

96. Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegation in paragraph 96 of the TAC and, therefore, denies those allegations.

97. Sussex denies that it engaged in any "unauthorized disclosure…of…sensitive medical information" or that Sussex "deprived Plaintiffs and Class members of the economic value of their personal property without proper consideration." Sussex further denies that Google "intercepted" any "sensitive medical information." As to Plaintiffs' allegation about the value of their and the Class Members' "private and personal information, including their protected medical information," Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, denies those allegations.

98. Sussex denies the allegations in paragraph 98 of the TAC.

## CLASS ACTION ALLEGATIONS

99. Paragraph 99 of the TAC includes legal conclusions to which no response is required.

100. Paragraph 100 of the TAC includes legal conclusions to which no response is required.

101. Paragraph 101 of the TAC includes legal conclusions to which no response is required. To the extent paragraph 101 of the TAC includes any allegations of fact, Sussex denies those allegations.

**Numerosity**

102. Paragraph 102 of the TAC includes legal conclusions to which no response is required. To the extent paragraph 102 of the TAC includes any allegations of fact, Sussex denies

those allegations.

103. Paragraph 103 of the TAC includes legal conclusions to which no response is required. To the extent paragraph 103 of the TAC includes any allegations of fact, Sussex denies those allegations.

**Typicality**

104. Paragraph 104 of the TAC includes legal conclusions to which no response is required. To the extent paragraph 104 of the TAC includes any allegations of fact, Sussex denies those allegations.

**Adequacy**

105. Paragraph 105 of the TAC includes legal conclusions to which no response is required. To the extent paragraph 105 of the TAC includes any allegations of fact, Sussex denies those allegations.

**Commonality and Predominance**

106. Sussex denies the allegations in paragraph 106 of the TAC.

107. Paragraph 107, including subparts (a) through (i), of the TAC includes legal conclusions to which no response is required. To the extent paragraph 107, including subparts (a) through (i), of the TAC includes any allegations of fact, Sussex denies those allegations.

**Superiority**

108. Paragraph 108 of the TAC includes legal conclusions to which no response is required. To the extent paragraph 108 of the TAC includes any allegations of fact, Sussex denies those allegations.

109. Paragraph 109 of the TAC includes legal conclusions to which no response is required. To the extent paragraph 109 of the TAC includes any allegations of fact, Sussex denies those allegations.

110. Paragraph 110 of the TAC includes legal conclusions to which no response is required. To the extent paragraph 110 of the TAC includes any allegations of fact, Sussex denies those allegations.

///

## FIRST CAUSE OF ACTION

**Violations of CMIA**

**(California Civil Code §§ 56.06, 56.101, 56.10, 56.36)**

111. Sussex incorporates herein its responses to Plaintiffs' allegations in paragraphs 1 through 110 of the TAC.

112. Paragraph 112 of the TAC either includes legal conclusions to which no response is required or cites to the CMIA's statutory text, which speaks for itself.

113. Paragraph 113 of the TAC either includes legal conclusions to which no response is required or cites to the CMIA's statutory text, which speaks for itself.

114. Sussex denies the allegations in paragraph 114 of the TAC.

115. The first sentence of paragraph 115 of the TAC either includes legal conclusions to which no response is required or cites to the CMIA's statutory text, which speaks for itself. Sussex denies the allegations in the second sentence of paragraph 115 of the TAC.

116. Sussex admits that the Site allows consumers to locate mental health services and that it is marketed as the world's largest mental health and behavioral science destination online. Sussex admits that the Site provides "articles, blogs, and other behavioral science content". Sussex denies that the Site or the magazine includes a "Diagnosis Dictionary." Sussex admits that the Site has a search bar, but Sussex denies that the search bar allows users to search using any parameters other than location or name of the provider. Sussex admits that the Site has a link that allows users to email providers directly and that, if a user does email a provider directly, it sends a copy of that email back to the user. To the extent not admitted, Sussex denies the remaining allegations in paragraph 116 of the TAC.

117. Sussex denies that "Psychology Today further facilitates mental health services by providing an online platform (Sessions)". Sussex denies that its "online platform (Sessions) [is] for users and therapists to communicate regarding appointment details and check-in information". Sussex denies that it "hosts online teletherapy sessions." Sussex admits that therapists can invite anyone to the Sessions video tool—a zoom-like application—for video calls "either directly on the [Sessions] webpage or through [a] mobile app.". Sussex denies the remaining allegations in

paragraph 117 of the TAC.

118. Paragraph 118 of the TAC either includes legal conclusions to which no response is required or cites to the CMIA's statutory text, which speaks for itself.

119. Paragraph 119 of the TAC either includes legal conclusions to which no response is required or cites to the CMIA's statutory text, which speaks for itself.

120. Sussex admits that it operates the Site, which includes a therapist directory, and that it operates a separate mobile application, called Sessions, that acts as a zoom-like application to be used by providers at their own discretion and for their own purposes. Sussex denies the remaining allegations in paragraph 120 of the TAC.

121. Sussex denies the allegations in paragraph 121 of the TAC.

122. Sussex denies the allegations in paragraph 122 of the TAC.

123. The first sentence of paragraph 123 of the TAC either includes legal conclusions to which no response is required or cites to the CMIA's statutory text, which speaks for itself. Sussex denies all other allegations in paragraph 123 of the TAC.

124. Sussex denies the allegations in paragraph 124 of the TAC.

**SECOND CAUSE OF ACTION**

**Violations of CCPA**

**(California Civil Code § 1798.150(a)(1))**

125. Paragraph 125 of the TAC contains no allegations of fact to which Sussex is required to respond.

**THIRD CAUSE OF ACTION**

**Aiding and Abetting Unlawful Interception**

**(Violations of California Penal Code § 631)**

126. Sussex incorporates herein its responses to Plaintiffs' allegations in paragraphs 1 through 125 of the TAC.

127. Paragraph 127 of the TAC either includes legal conclusions to which no response is required or cites to CIPA's statutory text, which speaks for itself.

128. Paragraph 128 of the TAC either includes legal conclusions to which no response

is required or cites to CIPA's statutory text, which speaks for itself. To the extent paragraph 128 of the TAC includes any factual allegations to which a response is required, Sussex denies those allegations.

129. Paragraph 129 of the TAC includes legal conclusions to which no response is required. To the extent paragraph 129 of the TAC includes any factual allegations to which a response is required, Sussex denies those allegations.

130. Paragraph 130 of the TAC includes legal conclusions to which no response is required. To the extent paragraph 130 of the TAC includes any factual allegations to which a response is required, Sussex denies those allegations.

131. Sussex admits that it does business in California with California residents and California mental health providers. As to Plaintiffs' allegation that "Google maintains its principal place of business in California, where it designed, contrived, agreed to, conspired to achieve, effectuated, and/or received the interception and use of the contents of Plaintiffs' and Psychology Today Website Class members' private and sensitive communications containing protected mental health information," Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, denies those allegations. Sussex denies that "Google intercepted Plaintiffs' and Class members' data and confidential communications in California, where Plaintiffs, Class members and Google all are located."

132. Paragraph 132 of the TAC includes legal conclusions to which no response is required. To the extent paragraph 132 of the TAC includes any factual allegations to which a response is required, Sussex denies those allegations.

133. Paragraph 133 of the TAC includes legal conclusions to which no response is required. To the extent paragraph 133 of the TAC includes any factual allegations to which a response is required, Sussex denies those allegations.

134. Sussex denies the allegations in paragraph 134 of the TAC.

135. Sussex denies the allegations in paragraph 135 of the TAC.

136. Sussex denies the allegations in paragraph 136 of the TAC.

137. Sussex denies the allegations in paragraph 137 of the TAC.

138. Sussex denies the allegations in paragraph 138 of the TAC.

139. Sussex denies the allegations in paragraph 139 of the TAC.

140. Sussex denies the allegations in paragraph 140 of the TAC.

**FOURTH CAUSE OF ACTION**

**Unlawful Recording of and Eavesdropping Upon Confidential Communications**

**(Violations of California Penal Code § 632)**

141. Sussex incorporates herein its responses to Plaintiffs' allegations in paragraphs 1 through 140 of the TAC.

142. Paragraph 142 of the TAC either includes legal conclusions to which no response is required or cites to CIPA's statutory text, which speaks for itself.

143. Sussex denies the allegations in paragraph 143 of the TAC.

144. Paragraph 144 of the TAC either includes legal conclusions to which no response is required or cites to CIPA's statutory text, which speaks for itself.

145. Sussex denies the allegations in paragraph 145 of the TAC.

146. Paragraph 146 of the TAC includes legal conclusions to which no response is required. To the extent paragraph 146 of the TAC includes any factual allegations to which a response is required, Sussex denies those allegations.

147. As to any allegations in paragraph 147 of the TAC regarding what Plaintiffs and/or the putative class members expected while visiting the Site, Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, denies those allegations. Sussex denies any and all other factual allegations included in paragraph 147 of the TAC.

148. Sussex denies the allegations in paragraph 148 of the TAC.

149. Sussex denies that either it or Google engaged in any type of "unlawful conduct." As to the remaining allegations in paragraph 149 of the TAC regarding what Plaintiffs and/or putative class members "expected," Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, denies those allegations.

150. Sussex denies the allegations in paragraph 150 of the TAC because Google never

received Plaintiffs' and/or the putative class members' "protected mental health information."

151. Sussex denies the allegations in paragraph 151 of the TAC.

**FIFTH CAUSE OF ACTION**

**Invasion of Privacy**

**(Violations of Art. 1, § 1, California Constitution)**

152. Sussex incorporates herein its responses to Plaintiffs' allegations in paragraphs 1 through 151 of the TAC.

153. Paragraph 153 of the TAC either includes legal conclusions to which no response is required or cites to the California Constitution's text, which speaks for itself.

154. Paragraph 154 of the TAC includes legal conclusions to which no response is required. To the extent paragraph 154 of the TAC includes any allegations of fact, Sussex denies them.

155. Sussex denies the allegations in paragraph 155 of the TAC.

156. As to any allegations in paragraph 156 of the TAC regarding what Plaintiffs and/or the putative class members expected while visiting the Site, Sussex is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, denies those allegations. Sussex denies any and all other factual allegations included in paragraph 156 of the TAC.

157. Sussex denies the allegations in paragraph 157 of the TAC.

158. Sussex denies the allegations in paragraph 158 of the TAC.

159. Sussex denies that it "intru[ded] on Plaintiffs' and Class members' privacy. Sussex further denies that Plaintiffs and/or the Class members were injured, in any way, by anything Sussex did or did not do. Therefore, Sussex denies that Plaintiffs are entitled to any relief from Sussex. As to the allegations in paragraph 159 of the TAC regarding the relief Plaintiffs seek, the TAC speaks for itself.

160. Sussex denies that Plaintiffs and/or the Class members were injured, in any way, by anything Sussex did or did not do. Therefore, Sussex denies that Plaintiffs are entitled to any relief from Sussex. As to the allegations in paragraph 160 of the TAC regarding the relief Plaintiffs seek,

the TAC speaks for itself.

**PRAYER FOR RELIEF**

161. Sussex denies that Sussex denies that Plaintiffs and/or the Class members were injured, in any way, by anything Sussex did or did not do. Therefore, Sussex denies that Plaintiffs are entitled to any relief from Sussex.

**JURY DEMAND**

162. Sussex admits that Plaintiffs have requested "a trial by jury of all claims that can be so tried."

**SUSSEX'S AFFIRMATIVE AND OTHER DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Subject Matter Jurisdiction)**

1. This Court lacks subject matter jurisdiction over this class action because Plaintiffs have not suffered any injury or harm cognizable under Article III of the United States Constitution given that none of the information allegedly disclosed by Sussex to Google identified Plaintiffs.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

2. The TAC fails to state a claim upon which relief can be granted against Sussex.

**THIRD AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

3. The TAC is barred, in whole or in part, by the applicable statutes of limitation, including, but not limited to, those under California Penal Code § 630*, et seq.* and California Civil Code § 56*, et seq*.

**FOURTH AFFIRMATIVE DFENSE**

**(Lack of Statutory Standing)**

4. The TAC is barred, in whole or in part, because Plaintiffs' have not been injured by a violation of California Penal Code § 630, *et seq.,* which is required to assert a claim for statutory damages under California Penal Code § 637.2.

///

**FIFTH AFFIRMATIVE DFENSE**

**(Prior Consent or Permission)**

5. Plaintiffs' claims are barred, in whole or in part, on the grounds that, among other things, if they had an account with Google, which is the only way Google could have identified them, they consented to Google's collection of information from the site, www.psychologytoday.com.

**SIXTH AFFIRMATIVE DEFENSE**

**(No Class Capable of Certification)**

6. Plaintiffs have not identified a class of litigations capable of class certification under the Federal Rules of Civil Procedure.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Inadequate Representation)**

7. Plaintiffs will not fairly and adequately protect the interests of the class because, among other things, the purported class may have interacted differently with the site, www.psychologytoday.com (if they interacted with it at all) and those different interactions may, or may not, be governed by either the California Invasion of Privacy Act ("CIPA") or the Confidentiality of Medical information Act ("CMIA").

**EIGHTH AFFIRMATIVE DEFENSE**

**(Insufficient Facts to Support Class Certification)**

8. The TAC is barred, in whole or in part, on the grounds that Plaintiffs do not allege facts sufficient to support class certification.

**NINTH AFFIRMATIVE DEFENSE**

**(Inappropriate Method of Adjudication)**

9. A class action is not the appropriate method for fair and efficient adjudication of the alleged controversy because, among other things, the purported class may have interacted differently with the site, www.psychologytoday.com (if they interacted with it at all) and those different interactions may, or may not, be governed by either CIPA or the CMIA.

**TENTH AFFIRMATIVE DEFENSE**

**(No Statutory Damages)**

10. Plaintiffs are not entitled to statutory damages because Sussex has not engaged in any conduct in violation of CIPA or the CMIA.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Uncertainty)**

11. Plaintiffs' claims are barred, in whole or in part, to the extent that they are uncertain in pleading the material allegations thereof or to the extent they are based on a criminal statute, such as CIPA, whose interpretation is uncertainty and, therefore, unenforceable against Sussex under the rule of lenity.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Failure to Join Necessary or Indispensable Party)**

12. Plaintiffs' claims are barred, in full or in part, because Plaintiffs have failed to join a necessary or indispensable party to the action – namely, Google.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Excessive Fines)**

13. CIPA's private right of action, codified at California Penal Code § 637.2, upon which two of Plaintiffs' four claims rely, violates the Due Process Clause under the Fifth and Fourteenth Amendments to the United States Constitution, which prohibit the imposition of grossly excessive or arbitrary punishment on a defendant, and if a class were to be certified and liability were to be found, the statutory damages provided for in CIPA would be grossly disproportionate to any "harm" suffered by the class members.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Other Defense)**

14. Sussex claims the benefit of all other defenses and presumptions set forth in or arising from any rule of law or statute or any other rule of law that is deemed to apply in this action. Sussex reserves the right to assert any additional defenses which may be disclosed during the course of additional investigation and discovery.

**PRAYER**

WHEREFORE, having fully answered, Sussex respectfully prays for judgment as follows:

1. that the Court deny Plaintiffs' request for certification of a class;
2. that judgment be entered in favor of Sussex and against Plaintiffs;
3. that Plaintiffs take nothing from Sussex by their suit;
4. that the TAC be dismissed in its entirety with prejudice; and
5. for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: July 11, 2025

**WOMBLE BOND DICKINSON (US) LLP**

By: */s/ Matthew D. Pearson*
MATTHEW D. PEARSON

*Attorney for Defendant*
SUSSEX PUBLISHERS, LLC