ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
RACHAEL G. JUNG (SBN 239323)
rjung@kellergrover.com
**KELLER GROVER LLP**
1965 Market Street
San Francisco, California 94103
Telephone: (415) 543-1305
Facsimile: (415) 543-7861

SCOT BERNSTEIN (SBN 94915)
swampadero@sbernsteinlaw.com
**LAW OFFICES OF SCOT D. BERNSTEIN, A PROFESSIONAL CORPORATION**
101 Parkshore Drive, Suite 100
Folsom, California 95630
Telephone: (916) 447-0100
Facsimile: (916) 933-5533

DON BIVENS (*pro hac vice admission)*
don@donbivens.com
**DON BIVENS, PLLC**
15169 N. Scottsdale Road, Suite 205
Scottsdale, Arizona 85254
Telephone: (602) 708-1450

*Attorneys for Plaintiffs*
R.C. and D.G., Individuals

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

R.C. and D.G., individually and on behalf of a class of similarly situated individuals,

Plaintiffs,

v.

SUSSEX PUBLISHERS, LLC; and DOES 1 through 100, inclusive,

Defendants.

Case No: 3:24-cv-02609-JSC

Assigned to Honorable Jacqueline Scott Corley

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS ON PLAINTIFFS' CALIFORNIA INVASION OF PRIVACY ACT, PEN. CODE § 631 CLAIM**

Date: February 5, 2026
Time: 10:00 a.m.
Courtroom: 8

Complaint Filed: November 30, 2023
FAC Filed: August 12, 2024
SAC Filed: October 31, 2024
TAC Filed: April 24, 2025

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ....7

II. THE MOTION IS PROCEDURALLY IMPROPER. ....8

III. CIPA'S EXPRESS LEGISLATIVE INTENT IS TO PROTECT CALIFORNIA CITIZENS' PRIVACY....9

IV. CIPA IS A COHERENT STATUTORY SCHEME THAT BROADLY PROTECTS THE PRIVACY OF CALIFORNIA CITIZENS' COMMUNICATIONS....10

A. Section 631(a) prohibits conduct by "person[s]," a term that, as defined by CIPA, includes LLCs....11

B. Section 631's express statutory exemptions preclude reading an implied LLC exemption into the statute....13

C. Courts interpret broad protective statutes expansively....14

D. Even if Penal Code § 7's general definition applied, it is expansive and includes LLCs. ....16

E. Section 631's omission of a specific definition of "person" is not the clincher Defendant makes it out to be. ....17

F. Defendant's argument that § 631 prohibits only humans, and not businesses, from unauthorized wiretapping contradicts CIPA's statutory scheme and purpose and is legally unsupported....20

G. Although no further analysis is needed because CIPA and the case law interpreting it make it clear that § 631 applies to LLCs, it is worth noting that other California statutes treat LLCs as "persons."....23

V. DEFENDANT'S INTERPRETATION LEADS TO ABSURD RESULTS. ....24

VI. THE RULE OF LENITY DOES NOT APPLY. ....27

VII. CONCLUSION....28

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Ambriz v. Google, LLC*,
2025 U.S. Dist. LEXIS 29609 (N.D. Cal. Feb. 10, 2025) ........ *passim*

*Baptiste v. Apple Inc.*,
2024 U.S. App. LEXIS 5999 (9th Cir. Mar. 13, 2024)........ 7

*Brown v. Google LLC*,
2021 U.S. Dist. LEXIS 244695 (N.D. Cal. Dec. 22, 2021)........ 12

*Burgess v. United States*,
553 U.S. 124 (2008)........ 16

*Deivaprakash v. Condé Nast Digit.*,
2025 U.S. Dist. LEXIS 172906 (N.D. Cal. Sept. 4, 2025) ........ 28

*Doe v. Eating Recovery Ctr. LLC*,
2025 U.S. Dist. LEXIS 207952 (N.D. Cal. Oct. 17, 2025)........ 21

*Doe v. Regents of the Univ. of Cal.*,
672 F. Supp. 3d 813 (N.D. Cal. 2023) ........ *passim*

*Esebag v. Whaley*,
2023 WL 12007143 (C.D. Cal. Apr. 27, 2023) ........ 26

*Fregosa v. Mashable, Inc.*,
2025 U.S. Dist. LEXIS 200770 (N.D. Cal. Oct. 9, 2025)........ 28

*Gabrielli v. Motorola Mobility LLC*,
2025 U.S. Dist. LEXIS 133836 (N.D. Cal. Jul 14, 2025)........ 12

*Javier v. Assurance IQ, LLC*,
2022 U.S. App. LEXIS 14951 (9th Cir. May 31, 2022) ........ 9, 12

*Longview Fibre Co. v. Rasmussen*,
980 F.2d 1307 (9th Cir. 1992) ........ 19

*Marshall v. MUPU Citrus Ass'n*,
1978 WL 1699 (C.D. Cal. Aug. 30, 1978)........ 26

*Mata v. Zillow Grp., Inc.*,
2024 U.S. Dist. LEXIS 229061 (S.D. Cal. Dec. 18, 2024)........ 21

*Mikulsky v. Bloomingdale's, LLC*,
2025 U.S. App. LEXIS 15222 (9th Cir. June 20, 2025) ........ 12, 21

*Ocasio v. United States*,
578 U.S. 282 (2016)........ 27

*Pampena v. Musk*,
2024 U.S. Dist. LEXIS 138528 (N.D. Cal. Aug. 5, 2024)........ 13

*Riganian v. LiveRamp Holdings, Inc.*,
791 F. Supp. 3d 1075 (N.D. Cal. 2025) ........ 21, 28

*Taylor v. ConverseNow Techs., Inc.*,
2025 U.S. Dist. LEXIS 154861 (N.D. Cal. Aug. 11, 2025)........ 21

*Thomasson v. Gc Servs.*,
2006 U.S. Dist. LEXIS 115430 (S.D. Cal. May 27, 2006)........ 15

*Torres v. Prudential Fin., Inc.*,
22025 U.S. Dist. LEXIS 73736 (N.D. Cal. Apr. 17, 2025) ..... 21
*United States SEC v. Murphy*,
50 F.4th 832 (9th Cir. 2022) ..... 27
*World Skating Fed'n v. Int'l Skating Union*,
357 F. Supp. 2d 661 (S.D.N.Y. 2005) ..... 17

**STATE CASES**

*Blevins v. Mullally*,
22 Cal. App. 519 (1913) ..... 19
*Bradbury v. Superior Court*,
49 Cal. App. 4th 1108 (1996) ..... 14, 15
*City of San Jose v. Superior Ct.*,
2 Cal. 5th 608 (2017) ..... 16
*De Havilland v. FX Networks, LLC*,
21 Cal. App. 5th 845 (2018) ..... 15
*Dr. Leevil, LLC v. Westlake Health Care Ctr.*,
6 Cal. 5th 474 (2018) ..... 10, 12
*Flanagan v. Flanagan*,
27 Cal. 4th 766 (2002) ..... *passim*
*Flowers v. L.A. Cnty. Metro. Transp. Auth.*,
243 Cal. App. 4th 66 (2015) ..... 13
*Garrett Corp. v. State Board of Equal.*,
189 Cal. App. 2d 504 (1961) ..... 16
*Granite Constr. Co. v. Superior Court*,
149 Cal. App. 3d 465 (1983) ..... 14, 22
*In re Eric J.*,
25 Cal.3d 522 (1979) ..... 14
*Int'l Fed'n of Prof'l & Tech. Eng'rs, Local 21, AFL-CIO v. Superior Court*,
42 Cal. 4th 319 (2007) ..... 16
*Ion Equip. Corp. v. Nelson*,
110 Cal. App. 3d 868 (1980) ..... 22, 26
*Kearney v. Salomon Smith Barney, Inc.*,
39 Cal. 4th 95 (2006) ..... 9
*Lafayette Morehouse, Inc. v. Chronicle Publishing Co.*,
37 Cal. App. 4th 855 (1995) ..... 15
*Lexin v. Superior Court*,
47 Cal. 4th 1050 (2010) ..... 10
*Nw. Energetic Servs., LLC v. Cal. Franchise Tax Bd.*,
159 Cal. App. 4th 841 (2008) ..... 18
*Ornelas v. Randolph*,
4 Cal. 4th 1095 (1993) ..... 16
*People v. Asamoto*,
131 Cal. App. 2d 22 (1955) ..... 25

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

*People v. Braden*, 14 Cal. 5th 791 (2023) ........ 27

*People v. Conklin*, 12 Cal. 3d 263 (1974) ........ 9, 10

*People v. Hacker Emporium, Inc.*, 15 Cal. App. 3d 474 (1971) ........ *passim*

*Ribas v. Clark*, 38 Cal. 3d 355 (1985) ........ *passim*

*Rucker v. WINCAL, LLC*, 74 Cal. App. 5th 883 (2022) ........ 16

*Sierra Club v. State Bd. of Forestry*, 7 Cal. 4th 1215 (1994) ........ 13, 20

*Smith v. LoanMe, Inc.*, 11 Cal. 5th 183 (2021) ........ *passim*

*State v. Pacific Powder Co.*, 226 Or. 502 (1961) ........ 22

*Tavernetti v. Superior Court*, 22 Cal. 3d 187 (1978) ........ 9, 13

*Vaughan & Sons, Inc. v. State*, 649 S.W.2d 677 (Tex. Crim. 1983) ........ 22

*Wasatch Prop. Mgmt. v. Degrate*, 35 Cal. 4th 1111 (2005) ........ 24

*Wildlife Alive v. Chickering*, 18 Cal. 3d 190 (1976) ........ 19

**FEDERAL STATUTES**

United States Code, Title 15
§ 22 ........ 17

**FEDERAL RULES**

Federal Rules of Civil Procedure
Rule 16 ........ 8

**STATE RULES**

California Rules of Evidence
Rule 12 ........ 13

**STATE STATUTES**

California Business and Professions Code
§ 17536 ........ 14, 15

California Civil Code
§ 4170 ........ 24
§ 6560 ........ 24

California Code of Civil Procedure
§ 425.16 ........ 14, 15

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

California Penal Code
§ 7 ... *passim*
§ 26 ... 14
§ 31 ... 23
§ 186.10 ... 24
§ 192 ... 14, 22, 23
§ 311 ... 18, 20
§ 374.2 ... 18, 20
§ 484 ... 25
§ 496 ... 25
§ 498 ... 18, 20
§ 532 ... 24
§ 548 ... 25
§ 574 ... 18, 20
§ 630 ... *passim*
§ 631 ... *passim*
§ 632 ... *passim*
§ 632.5 ... 11
§ 632.6 ... 11
§ 632.7 ... *passim*
§ 633.1 ... 21
§ 633.5 ... 10
§ 633.8 ... 21
§ 636 ... 11
§ 637.2 ... 22, 26, 27
§ 637.3 ... 22
§ 637.5 ... 18, 20, 26
§ 637.7 ... 22
§ 638 ... 7, 18, 20, 26
§ 639 ... 18, 20
§ 641.3 ... 24
§ 653 ... 18, 20
§ 653.56 ... 18, 20
§ 11207 ... 18, 20
§ 11234 ... 18, 20
§ 12277 ... 18, 20

California Corporations Code
§ 17701.01 ... 23
§ 17701.02 ... 23
§ 17701.05 ... 23

Oregon Revised Statute
§ 163.040 ... 22

Texas Penal Code Ann.
§ 7.22 ... 22, 23

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

## I. INTRODUCTION

California Penal Code § 631 is the California Invasion of Privacy Act's (Penal Code §§ 630-638.55, "CIPA") statutory prohibition against unauthorized wiretapping.[1] Defendant's motion advances a novel but strained argument that § 631 applies to humans and corporations but not to limited liability companies ("LLCs"). Defendant argues that, because CIPA § 631 applies to "persons" but does not define the term specifically, the Penal Code's default definition in § 7(a)(1) applies and excludes LLCs. Unfortunately, Plaintiffs are forced to invoke Brandolini's Law in opposing this misguided motion.[2]

CIPA "is a coherent statutory scheme" whose express purpose is to provide broad privacy protection for California citizens' communications. *Smith v. LoanMe, Inc.*, 11 Cal.5th 183, 190 (2021); § 630 (CIPA's express "Declaration of policy"). Like all CIPA provisions, § 631 must be interpreted in context with the statutory framework to effectuate that legislative intent. *Ribas v. Clark*, 38 Cal.3d 355, 359 (1985) (interpreting § 631); *see also, e.g., Smith*, 11 Cal.5th at 190 (interpreting CIPA § 632.7); *see Baptiste v. Apple Inc.*, Nos. 23-15392, 23-15775, 2024 U.S. App. LEXIS 5999, at *2 (9th Cir. Mar. 13, 2024) ("When construing state statutes, [federal courts] apply state rules of statutory interpretation." ). As courts in this district have found, § 631 applies to LLCs under CIPA's "person" definition, which specifically lists LLCs. *Ambriz v. Google, LLC*, No. 23-cv-05437-RFL, 2025 U.S. Dist. LEXIS 29609, at *11 (N.D. Cal. Feb. 10, 2025), citing § 632(b); *Doe v. Regents of the Univ. of Cal.*, 672 F. Supp. 3d 813, 817 (N.D. Cal. 2023) (same). That interpretation fits with § 631's statutory language and CIPA's statutory framework, and it gives effect to CIPA's broad protective purpose.

Even if Penal Code § 7's default definition applied, it does not exclude LLCs. Section 7(a)(1) states that "'person' includes a corporation as well as a natural person." The word "includes" is

---

[1] All "§" or "section" references are to California Penal Code provisions unless otherwise stated.
[2] Brandolini's Law, also known as "The B.S. Asymmetry Principle," provides that "the amount of energy needed to refute B.S. is an order of magnitude larger than is needed to produce it." https://effectiviology.com/brandolinis-law/#:~:text=Brandolini's%20law%20(also%20called%20the,what%20was%20said%20is%20false.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

expansive, not exhaustive. *Flanagan v. Flanagan*, 27 Cal.4th 766, 774 (2002) (interpreting CIPA § 632, explaining that "'[i]ncludes' is "ordinarily a term of enlargement rather than limitation.").

Defendant's novel interpretation that § 631 does not prohibit unauthorized wiretapping by LLCs would undermine CIPA's clear, broad protective intent and contradict its coherent statutory framework. The argument that § 631 prohibits humans and corporations from unconsented wiretapping but allows LLCs to engage in unconsented wiretapping is absurd.

Plaintiffs do not spend significant time on Defendant's "dictionary meaning" arguments because they are contrary to the existence of (1) CIPA's "person" definition in § 632(b), which applies to § 631, and (2) Penal Code § 7, the default definition that would apply if § 632(b) did not.

## II. THE MOTION IS PROCEDURALLY IMPROPER.

The parties submitted their Joint Case Management Statement ("Joint CMS") on November 26, 2025. Dkt. 72. On December 3, 2025, the Court issued its Order Following Further Case Management Conference (the "Scheduling Order"). Dkt. 74. The Scheduling Order set a briefing schedule for Defendant's summary judgment motion but did not provide for this motion. Dkt. 74; *see also* FRCP 16(b)(3); N.D. Cal. Local Rule ("L.R.") 16-10. Indeed, the Court did not and had no reason to schedule this motion because Defendant never disclosed that it planned to file it. *See e.g.*, "Defendant's Anticipated Motions" sections of recent Joint Case Management Statements, Dkt. 72 at 2-3; *see also* Dkt. 67 at 3, which makes no mention of any such motion.

To modify a scheduling order, a party must file a motion seeking leave from the Court after meeting and conferring with opposing counsel and must show good cause for modification. L.R. 16-2; FRCP 16(4). Defendant met none of those requirements. Defendant did not meet and confer with Plaintiffs' counsel. Declaration of Eric A. Grover submitted in support of Plaintiffs' Opposition ("Grover Decl."), at ¶ 4-6. Defendant also failed to move for leave to modify the Scheduling Order to file the present motion.[3] Grover. Decl. at ¶ 6. As this motion was never scheduled by the Court and Defendant did not obtain leave to file it, it is an improper motion.

---

[3] Nor could Defendant show good cause. The argument Defendant presented could have been included in its multiple motions to dismiss and/or could be raised as part of the approved summary judgment motion.

## III. CIPA'S EXPRESS LEGISLATIVE INTENT IS TO PROTECT CALIFORNIA CITIZENS' PRIVACY.

CIPA is a "broad, protective, invasion-of-privacy statute." *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal.4th 95, 115 (2006). CIPA begins with a clear "declaration of policy" in § 630. The California Supreme Court has focused on that express policy when it has addressed CIPA provisions, including in *Ribas* when it interpreted § 631 as follows:

> In enacting this statute, the Legislature declared in broad terms its intent "to protect the right of privacy of the people of this state" from what it perceived as "a serious threat to the free exercise of personal liberties [that] cannot be tolerated in a free and civilized society." (Pen. Code, § 630.) ***This philosophy appears to lie at the heart of virtually all the decisions construing the Privacy Act.***

*Ribas*, 38 Cal.3d at 359, quoting § 630 (emphasis added) (finding that § 631 must be interpreted broadly in a way that supports the legislative intent); *see also*, *Tavernetti v. Superior Court*, 22 Cal.3d 187, 191-193 (1978) (recognizing CIPA's broad protective intent when interpreting § 631); *see also, e.g.*, *Smith*, 11 Cal.5th at 199, quoting *Ribas* (interpreting § 632.7); *Flanagan*, 27 Cal.4th at 775, quoting *Ribas* (interpreting § 632).

The California Supreme Court repeatedly has found that the California Legislature intended CIPA to establish strong privacy protections and has instructed other courts to interpret CIPA in a manner that "fulfills the legislative purpose of [CIPA] by giving greater protection to privacy interests." *Flanagan*, 27 Cal.4th at 775. The Ninth Circuit also has recognized that "[t]he California Supreme Court has … emphasized that ***all*** CIPA provisions are to be interpreted in light of the broad privacy-protecting statutory purposes of CIPA." *Javier v. Assurance IQ, LLC*, No. 21-16351, 2022 U.S. App. LEXIS 14951, at *4-5 (9th Cir. May 31, 2022) (emphasis added), citing *Ribas*, 38 Cal.3d at 360 and *Smith*, 11 Cal.5th at 199.

Indeed, the California Supreme Court has found that § 631 prohibits "far more than illicit wiretapping" and encompasses not only intentional wiretapping but also "eavesdropping, or the secret monitoring of conversations by third parties." *Ribas*, 38 Cal.3d at 359-60, citing *Tavernetti*, 22 Cal.3d at 192-93 and other cases; *see also*, *People v. Conklin*, 12 Cal.3d 259, 263 (1974) (interpreting § 631 broadly as prohibiting wiretapping except by law enforcement). "[S]uch secret monitoring denies the speaker an important aspect of privacy of communication – the right to control



KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

the nature and extent of the firsthand dissemination of his statements." *Ribas*, 38 Cal.3d at 361.

Under California rules of statutory interpretation, the court's "fundamental task" when interpreting a statute "is to determine the Legislature's intent so as to effectuate the law's purpose." *Smith*, 11 Cal.5th at 190. Thus, consistent with CIPA's legislative intent, as declared by § 630 and recognized multiple times by the California Supreme Court, the term "person" used in § 631(a) should be read expansively, applying to natural persons, corporations, LLCs, and all legal entities regardless of organizational structure, except those expressly exempt under § 631(b). That broad interpretation provides the greatest protection of people's right to privacy in this state.

## IV. CIPA IS A COHERENT STATUTORY SCHEME THAT BROADLY PROTECTS THE PRIVACY OF CALIFORNIA CITIZENS' COMMUNICATIONS.

The California Supreme Court has found that CIPA "is a coherent statutory scheme." *Smith*, 11 Cal.5th at 193, quoting *Flanagan*, 27 Cal.4th at 776. Courts start with the statute's language, examining it not "in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment." *Smith*, 11 Cal.5th at 190; *see also, e.g., Dr. Leevil, LLC v. Westlake Health Care Ctr.*, 6 Cal.5th 474, 478 (2018) (Courts construe the words of statutes "in their broader statutory context and, where possible, harmonizing provisions concerning the same subject."). "It is a basic canon of statutory construction that statutes in pari materia should be construed together so that all parts of the statutory scheme are given effect." *Lexin v. Superior Court*, 47 Cal.4th 1050, 1090-91 (2010). "Two statutes are considered to be in pari materia when they … have the same purpose or object." *Id.* (internal quotations, citations and original alterations omitted)

The California Supreme Court has interpreted specific CIPA provisions, including § 631, in context with the other CIPA provisions and has adopted constructions that effectuate their intended broad privacy protections. *See e.g.*, *Ribas*, 38 Cal.3d at 359-61 (interpreting § 631 regarding a different issue); *People v. Conklin*, 12 Cal.3d at 263 (finding that CIPA "forbids wiretapping (§ 631) and electronic eavesdropping (§ 632) except by law enforcement officers[,]" with limited express exceptions as provided in *e.g.*, § 633.5.); *Smith*, 11 Cal.5th at 194 (interpreting § 632.7 as applying expansively both to parties and to non-parties); *Flanagan*, 27 Cal.4th at 774-76 (interpreting § 632,

adopting the broader of two proposed constructions, *i.e.*, that a conversation is confidential if a party has an objectively reasonable expectation that the conversation is not being overheard or recorded). Section 631 must be interpreted for the present motion according to the same methodology.

Further supporting that all CIPA provisions must be read in harmony is that nearly all of CIPA's provisions cross-reference each other when they are discussing persons who previously have been convicted of CIPA violations. For example, § 631 references "this section" and "Section 632, 632.5, 632.6, 632.7, or 636." The other CIPA sections, apart from § 636, cross-reference § 631 and other sections. This intentional inclusion of related statutes suggests that the definition of "person" is the same as used in all those cross-referenced sections.

**A. Section 631(a) prohibits conduct by "person[s]," a term that, as defined by CIPA, includes LLCs.**

Section 631 prohibits "any person" from wiretapping or aiding and abetting wiretapping. Although § 631 itself does not define "person," that term is defined in the next CIPA provision, § 632(b). Section 632(b) defines "person" as "an individual, business association, partnership, corporation, ***limited liability company***, or other legal entity, and an individual acting or purporting to act for or on behalf of any government or subdivision thereof, whether federal, state, or local, but excludes an individual known by all parties to a confidential communication to be overhearing or recording the communication."

As mentioned above, nearly all the CIPA provisions, including §§ 631 and 632, cross-reference each other. The 1988 version of the statute, which added § 631 to the Penal Code, already referenced § 632. In 1992, § 631(a) was amended to expand the cross-references to also include §§ 632.5, 632.6, and 632.7. The consistent cross-referencing of related statutes strongly evidences the Legislature's intent to read the provisions together as a cohesive set of privacy protections. That is how the California Supreme Court consistently has instructed courts to interpret CIPA. *See e.g.*, *Smith*, 11 Cal.5th at 193; *Flanagan*, 27 Cal.4th at 776.

Effectuating that coherent statutory scheme, courts in this district have applied the § 632(b) "person" definition when analyzing § 631 claims. *Ambriz*, 2025 U.S. Dist. LEXIS 29609, at *11; *Doe v. Regents*, 672 F. Supp. 3d at 817. Directly on point, the court in *Ambriz* found that "***Section***

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

***631(a) prohibits conduct by 'person[s],' a term which includes LLCs*.**" 2025 U.S. Dist. LEXIS 29609, at *11, citing § 632(b) (emphasis added) (finding that the plaintiffs had alleged conduct "by a person" adequately). Similarly, the court in *Doe v. Regents* analyzed § 631 and found that, ***"[b]y its text, CIPA applies to 'persons[,]'" which is "defined as 'an individual, business association, partnership, corporation, limited liability company, or other legal entity'*** … .'" 672 F. Supp. 3d at 817 (emphasis added, original alterations omitted), quoting § 632(b) and discussing § 631. By reading the CIPA provisions concerning wiretapping, eavesdropping and call recording (*i.e.*, concerning the same subject of protecting the privacy of communications) in harmony, construing the statute's words in their broader statutory context and giving effect to CIPA's purpose, *Ambriz* and *Doe v. Regents* interpreted § 631 properly. *See Ribas*, 38 Cal.3d at 359-60; *Smith*, 11 Cal.5th at 190, 193; *see also*, *Dr. Leevil*, 6 Cal.5th at 478.

Further, the Ninth Circuit and other courts have found that § 631 claims against LLC defendants properly were stated. *See e.g.*, *Mikulsky v. Bloomingdale's, LLC*, Nos. 24-3564, 24-3837, 2025 U.S. App. LEXIS 15222, at *3 (9th Cir. June 20, 2025) (finding § 631 claim against LLC defendant was properly alleged); *Javier v. Assurance IQ, LLC*, No. 21-16351, 2022 U.S. App. LEXIS 14951, at *5 (9th Cir. May 31, 2022) (reversing 12(b)(6) dismissal of § 631 against LLC defendant); *Brown v. Google LLC*, No. 20-CV-03664-LHK, 2021 U.S. Dist. LEXIS 244695, at *3 (N.D. Cal. Dec. 22, 2021) (denying dismissal of § 631 claim against an LLC defendant); *Gabrielli v. Motorola Mobility LLC*, No. 24-cv-09533-JST, 2025 U.S. Dist. LEXIS 133836, at *28 (N.D. Cal. July 14, 2025) (same). Those courts did not interpret § 631 in the untenable manner that Defendant suggests, *i.e.*, prohibiting humans and corporations from unauthorized wiretapping while allowing LLCs to do the same unlawful act.

Nor did this Court interpret § 631 in that untenable manner when it (1) granted Plaintiffs leave to amend the § 631 cause of action in the Second Amended Complaint to address the "in transit" requirement and then (2) denied Defendant's motion to dismiss the Third Amended

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

Complaint, finding the § 631 claim adequately pleaded.[4]

**B. Section 631's express statutory exemptions preclude reading an implied LLC exemption into the statute.**

Section 631(b)(1) provides express exemptions from § 631(a)'s wiretapping prohibitions for two types of businesses: public utilities and telephone companies. There is no mention of LLCs being exempted. Section 631(b)(1) states as follows: "This section shall not apply to any of the following: (1) Any public utility, or telephone company, engaged in the business of … ." The California Supreme Court has found that § 631(b) states "carefully limited exemptive provisions" and unauthorized intentional wiretapping outside of those express provisions is unlawful under § 631(a). *Tavernetti*, 22 Cal.3d at 193.

Under the *expressio unius est exclusio alterius* maxim of statutory construction, "if exemptions are specified in a statute, [courts] may not imply additional exemptions unless there is a clear legislative intent to the contrary." *Sierra Club v. State Bd. of Forestry*, 7 Cal.4th 1215, 1230 (1994). Further, "absent an express statutory exemption, [a] court cannot infer exemption from statutory requirements unless it discerns a clear legislative intent to provide an exemption." *Flowers v. L.A. Cnty. Metro. Transp. Auth.*, 243 Cal.App.4th 66, 80 (2015). Defendant did not and cannot point to any "clear legislative intent" to exempt LLCs from § 631's prohibition against wiretapping. To the contrary, the Legislature has declared in § 630 its clear intent that all CIPA provisions are meant to provide broad privacy protections for Californians' communications. *See Ribas*, 38 Cal.3d at 359-60, citing § 630; *Smith*, 11 Cal.5th at 190. Thus, § 631(b)'s express exemptions confirm that LLCs are ***not*** exempt from §631(a).

[4] In the briefing for Defendant's Rule 12(b)(6) motion to dismiss the Second Amended Complaint, the parties addressed whether only humans can satisfy § 631's "read in transit" requirement. *See* Dkt 42, Def's motion at 23-24; Dkt 43, Plaintiffs' opposition at 28-29. The Court granted Plaintiff leave to amend the § 631 claim (Dkt. 51) and later found that the Third Amended Complaint properly states a § 631 claim against Defendant, an LLC. Dkts. 51, 63. Thus, at least to some degree, the Court already has considered the question and decided that § 631 applies to LLCs. That issue is the crux of Defendant's current motion, indicating that its motion could be denied based on the law-of-the-case doctrine. *Pampena v. Musk*, No. 22-cv-05937-CRB, 2024 U.S. Dist. LEXIS 138528, at *8-9 (N.D. Cal. Aug. 5, 2024) ("The law of the case doctrine acts as a bar when the issue in question was actually considered and decided by the first court." (Internal quotations, citations omitted).)

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

**C. Courts interpret broad protective statutes expansively.**

Courts have interpreted the reach of statutes that provide broad protections for California citizens expansively, even if they do not define or include the word "person." *See e.g.*, *Granite Constr. Co. v. Superior Court*, 149 Cal.App.3d 465, 468 (1983) (addressing Penal Code § 192 and finding that corporations can be found guilty of manslaughter); *Bradbury v. Superior Court*, 49 Cal.App.4th 1108, 1113-16 (1996) (interpreting "person" as used in Cal. Code Civ. Proc. § 425.16 to include a governmental entity); *People v. Hacker Emporium, Inc.*, 15 Cal.App.3d 474, 479-80 (1971) (interpreting the term "person" as used in Business and Professions Code § 17536 to include a "corporation" in order to "sustain the validity of the statute, preserve its constitutionality and to avoid absurdity and injustice").

In finding Penal Code § 192, which does not use "person" or any other scope-defining term, applicable to corporations, the California Court of Appeal in *Granite Construction* held that it was "unnecessary" for the statute to "define its own scope of application" "in light of Penal Code §§ 7 and 26." *Granite Constr.*, 149 Cal.App.3d at 468. "Though many sections of the Penal Code are in the form 'any person who does X is guilty of Y,' this would be an irrational statutory basis for distinction between crimes that can be committed by corporations from crimes that can be committed only by natural persons. If so, mayhem, kidnaping and assaults with intent to do great bodily harm could be committed by corporations, but murder and manslaughter could not. [citations]. ***These results show that the use of 'any person who' language does not provide a distinguishing factor that bars prosecution of corporations for manslaughter. When interpreting statutes, we prefer constructions that do not lead to absurd consequences."*** *Id.* at 492 (emphasis added), citing *In re Eric J.* (1979) 25 Cal.3d 522, 537, among other authorities.

Similarly, *Bradbury* addressed California's anti-SLAPP statute, which uses the term "person" but does not define it. *Bradbury*, 49 Cal.App.4th at 1114-15. Code of Civil Procedure § 425.16(b) provides that "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike …" The *Bradbury* court held that the term "person" "must be read to include a governmental

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

entity," finding that CCP § 425.16(b), refers to a 'person's right of . . . free speech' without qualification." *Id.* The court also found that "person" must be read expansively given "the compelling interest in the promotion of free speech." *Id.* at 1114. In support of its position, the court cited California and federal cases that have treated governmental agencies as persons. *Id.* More specifically, the court highlighted that California "courts have applied section 425.16 to suits against media defendants and newspapers[,]" *i.e.*, entities other than a human. *Id.* at 1114-15, citing *e.g.*, *Lafayette Morehouse, Inc. v. Chronicle Publishing Co.*, 37 Cal.App.4th 855, 862 (1995); *see also, e.g.*, *De Havilland v. FX Networks, LLC*, 21 Cal. App. 5th 845, 855 (2018) (finding that anti-SLAPP motion to strike brought by defendants FX Networks, LLC and Pacific 2.1 Entertainment Group, Inc. should have been granted).

The expansive reading and broad treatment of the term "person" also can be seen in *Hacker Emporium*, where the Court of Appeal held that it was "inconceivable that the Legislature would prescribe civil penalties only against individuals as natural persons and not against entities such as corporations for the fraudulent acts proscribed by the code." *Hacker Emporium*, 15 Cal.App.3d at 479. The court reasoned that "the Legislature would not enact a stronger, more adequate remedy to eliminate the evils of false and misleading representations and at the same time eliminate from the ambit of the statute that type of entity which is generally involved in retail sales and advertising." *Id*. "Such an interpretation would completely defeat the clear objective of the statute" and "provide a haven for those private persons" who could incorporate and "be exempt from the operation of this law." *Id*. Thus, the court defined "person" as used in Business and Professions Code § 17536 to include "corporation" "[i]n order to carry out the legislative intent and purpose of the act." *Id.*

Further, courts have recognized that, when considering CIPA's prohibitions against illicit eavesdropping or recording, "***the company's organizational form is immaterial for these purposes***." *Thomasson v. Gc Servs*., No. 05cv0940-LAB (CAB), 2006 U.S. Dist. LEXIS 115430, at *23, n. 14 (S.D. Cal. May 27, 2006) (emphasis added) (addressing a § 632 claim, ***the court rejected the invitation to ignore legal authorities involving corporate entities simply because the defendant was a limited partnership***).

**D. Even if Penal Code § 7's general definition applied, it is expansive and includes LLCs.**

Section 7(a)(1) provides that a "'person' ***includes*** a corporation as well as a natural person." (Emphasis added.) The use of the word "includes" in the definition means that it is not exhaustive and does not exclude LLCs.

In this regard, the word "includes" is a term of art with well-established meaning in statutory construction. The United States Supreme Court has held that "[t]he word 'includes' is usually a term of enlargement, and not of limitation." *Burgess v. United States*, 553 U.S. 124, 131 n.3 (2008) (quoting 2A Singer § 47:7). The California Supreme Court applies the same principle: "In statutory drafting, the term 'includes' is ordinarily one 'of enlargement rather than limitation.'" *City of San Jose v. Superior Ct.*, 2 Cal.5th 608, 622 n.6 (2017), quoting *Flanagan*, 27 Cal.4th at 774. *Flanagan* further explained that "[t]he 'statutory definition of a thing as "including" certain things does not necessarily place thereon a meaning limited to the inclusions.'" 27 Cal.4th at 774; *see also*, *Rucker v. WINCAL, LLC*, 74 Cal.App.5th 883, 887-88 (2022), quoting *Ornelas v. Randolph*, 4 Cal.4th 1095, 1100–01 (1993) (The use of the word "includes" is "ordinarily a term of enlargement rather than limitation.").

Thus, because § 7 uses the term "includes," the definition of "person" is ***not*** limited to natural persons and corporations. Further, "[b]y its failure to use any language limiting the word 'person,' the Legislature indicated its intention not to limit or circumscribe the scope" of the parties covered. *See, e.g., Hacker Emporium*, 15 Cal.App.3d at 480, citing *Garrett Corp. v. State Board of Equal.*, 189 Cal.App.2d 504, 509 (1961). LLCs clearly are encompassed by this expansive definition.[5]

Beyond § 7(a)(1)'s non-exhaustive language, the Penal Code contains indications that the

[5] Even if the Court disagrees that Section 7 "includes" LLCs under the *Granite* line of cases, Penal Code § 7 lists a corporation as an example of a "person." As a practical matter, an LLC is similar to a corporation in the context of CIPA's privacy protections. Moreover, when a statute uses a general term followed by a non-exhaustive list of specific examples, "the principle of "ejusdem generis" applies. *Int'l Fed'n of Prof'l & Tech. Eng'rs, Local 21, AFL-CIO v. Superior Court*, 42 Cal.4th 319, 341-42 (2007). Under that principle, the general term is not limited to the specifically enumerated things. Instead, it is "restricted to those things that are similar to those which are enumerated specifically." *Id.* (internal quotations, citation omitted).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

Legislature views the term "corporation" broadly in contexts in which doing so will protect California citizens. For example, a relatively new Penal Code provision addressing corporate white-collar crimes defines a "corporation" to include LLCs. *See* § 1398 (eff. Jan. 1, 2025).

Moreover, although the distinction between corporations and LLCs can be relevant in specific contexts, such as tax treatment, there is no reason for such a distinction to be made in a context in which the distinction is utterly irrelevant. Being secretly wiretapped by a corporation is no different from and no less offensive and invasive of privacy than being secretly wiretapped by an LLC or by any other form of business entity. California law protects California citizens against a broad array of privacy violations, as the CIPA § 632(b) definition of "person" reflects.

Defendant relies on inapposite caselaw involving the federal Clayton Act, 15 U.S.C.S. § 22. *See* MJOP at 16, citing *World Skating Fed'n v. Int'l Skating Union*, 357 F. Supp. 2d 661, 663-64 (S.D.N.Y. 2005), and other Clayton Act cases. Beyond being utterly off-topic, the Clayton Act provision that Defendant cites states that "any suit, action, or proceeding under the antitrust laws against a corporation may be brought …" and does not use the "includes" language that Penal Code § 7 uses. 15 U.S.C.S. § 22.

**E. Section 631's omission of a specific definition of "person" is not the clincher Defendant makes it out to be.**

Putting forth zero evidence for its proposition, Defendant speculates that § 631's failure to include a specific definition of "person" must have been deliberate and shows that the Legislature intended a different, narrow definition to apply to CIPA's wiretapping provision. According to Defendant, the Legislature deliberately meant to prohibit persons and corporations from wiretapping California citizens but allow LLCs to wiretap with impunity.

First, as Plaintiffs already have shown, there was no need for the Legislature to add a "person" definition to § 631. CIPA defines "person" in § 632(b). Moreover, §§ 631 and 632 cross-reference each other as well as other CIPA provisions. Because CIPA "is a coherent statutory scheme" that must be interpreted to further its broad protective purpose (*Smith*, 11 Cal.5th at 193), that definition correctly has been interpreted to apply to § 631. *Ambriz*, 2025 U.S. Dist. LEXIS 29609, at *11; *Doe v. Regents*, 672 F. Supp. 3d at 817; *see also*, *Smith*, 11 Cal.5th at 190 (CIPA

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

provisions must be read in context with CIPA's statutory framework in a manner that effectuates CIPA's purpose); *Ribas*, 38 Cal.3d at 359 (same, interpreting § 631).

Second, even if the Legislature had not included a definition of "person" in CIPA, that would not change the result. The Penal Code has a default definition in § 7 that applies when no other specific definition does. As discussed above, § 7 uses the expansive term "includes," making its definition of "person" expressly non-exhaustive. Thus, it encompasses LLCs as a matter of statutory construction. Amending § 7 to add "limited liability company" would have been redundant because "includes" already signals a broad, non-exhaustive definition.

Defendant's reliance on other Penal Code definitions is misplaced. Defendant points to 13 other provisions in the Penal Code that define "person," arguing that, because those sections expressly include "limited liability company" in their definitions, § 631's omission must be intentional. *See e.g.*, MJOP at 13-14, citing §§ 311(c), 374.2(b), 498(a)(1), 574(f), 632(b), 637.5(f)(3), 638(c)(1)), 639, 653h(e), 653.56(c), 11207, 11234, 12277. Before 1994, those Penal Code sections contained a "person" definition that listed examples of specific types of businesses. When California first recognized the LLC as a form of business entity in 1994[6], it amended those specific sections and existing definitions to add "limited liability company." *See e.g.*, Cal. 1994 S.B. 2053, amendments to Penal Code §§ 311(c), 374.2(b), 498(a)(1), 632(b), 637.5(f)(3), 639, 653(h), 653.56(c), 11207, 11234, 12277. For example, "limited liability company" was added in § 632(b) between the existing words "corporation" and "other legal entity." The Legislature's 1994 amendments to those list-style definitions to add the newly recognized LLC business entity does not support that it intentionally omitted LLCs from § 631's reach. On the contrary, the effort to recognize the new LLC form and include it in numerous definitions suggests the Legislature's intent to expand CIPA's reach.

Defendant also argues that the Legislature did not amend § 7's default "person" definition. As already discussed, the existing expansive phrasing of that default definition made adding "limited

---

[6] *See Nw. Energetic Servs., LLC v. Cal. Franchise Tax Bd.*, 159 Cal.App.4th 841, 852 (2008), discussing the 1994 enactment of the LLC Act, citing Senate Bill No. 469 (1993–1994 Reg. Sess.).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

liability company" unnecessary. Defendant further argues that the Legislature could have but did not amend the "person" definition in 2016 when it amended the definition of "spouse" to include registered domestic partners. That the Legislature amended the "spouse" definition to address that specific issue in no way supports that, at the same time, the Legislature reevaluated the "person" definition and chose not to include LLCs. That argument is off the mark.

Lastly, Defendant incorrectly relies on the statutory interpretation rule *expressio unius est exclusio alterius*[7], arguing that because some Penal Code provisions expressly include LLCs, § 631's silence must reflect an intentional exclusion. But *expressio unius* "is a rule [of] interpretation, not a rule of law. The maxim is 'a product of logic and common sense,' properly applied ***only when it makes sense as a matter of legislative purpose***." *Longview Fibre Co. v. Rasmussen*, 980 F.2d 1307, 1313 (9th Cir.1992) (emphasis added); *see also, Wildlife Alive v. Chickering*, 18 Cal.3d 190, 195 (1976) (the *expressio unius* "rule, of course, is inapplicable where its operation would contradict a discernible and contrary legislative intent."). Further, the rule is "inapplicable where no reason exists why persons or things other than those enumerated should not be included, and manifest injustice would follow by not including them." *Hacker Emporium*, 15 Cal.App.3d at 477, citing *Blevins v. Mullally*, 22 Cal.App. 519 (1913).

Here, there is no discernible reason for not including LLCs, especially when excluding them could have the effect of permitting and promoting behaviors that the legislature has sought to ban. Defendant's exclusion of LLCs solely in the wiretapping context clearly goes against legislative intent and is contrary to CIPA's coherent statutory scheme. *See Hacker Emporium*, 15 Cal.App.3d at 477 (holding that "the maxim *expressio unius est exclusio alterius* gives way where it would operate contrary to the legislative intent to which it is subordinate or where its application would nullify the essence of the statute").

In sum, CIPA already defines "person" specifically to include LLCs (§632(b)). Penal Code § 7 already defines "person" expansively, using the word "includes[,]" which encompasses LLCs. Silence in § 631 therefore does not imply exclusion; instead, it reflects reliance on CIPA's specific

---

[7] "The expression of one thing is the exclusion of the other."

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

definition or on the Penal Code's default rule. Inferring exclusion from that silence would upend the statutory scheme. It would ignore CIPA's express intent to give California citizens broad protection of the privacy of their communications and the benefits of CIPA's specific, broad definition.

**F. Defendant's argument that § 631 prohibits only humans, and not businesses, from unauthorized wiretapping contradicts CIPA's statutory scheme and purpose and is legally unsupported.**

As an alternative, Defendant argues that the common dictionary definition of "person," *i.e.*, only human beings, applies to § 631 and necessarily excludes LLCs and all businesses. That argument ignores multiple parts of the existing statutes.

First, it ignores § 631(b)'s statutory language, which provides express exemptions for two specific types of businesses: public utilities and telephone companies. Expressly stating those exemptions confirms that § 631(a) ***does*** apply to other types of businesses. *See e.g.*, *Sierra Club*, 7 Cal.4th at 1230 (***where a statute states express exemptions, no implied exemptions exist***); *see also* § 632.7(b) (exempting the same two businesses as § 631(b).

Second, Defendant's "human only" argument also improperly ignores the existence of CIPA § 632(b)'s specific definition of "person" and the Penal Code's default definition in § 7, which would apply if § 632(b) did not. Both definitions under § 632(b) and § 7 include business entities, such as corporations and LLCs, and are not limited to human beings.

Third, as acknowledged and cited by Defendant on pages 13-14 of its motion, numerous Penal Code provisions define "person" to include corporations, limited liability companies, and other legal entities. *See* MJOP at 13-14, citing §§ 311(c), 374.2(b), 498(a)(1), 574(f), 632(b), 637.5(f)(3), 638(c)(1)), 639, 653h(e), 653.56(c), 11207, 11234, 12277. The term "person" clearly is not limited to individual human beings.

Further, for the reasons discussed in Sections IV.A-E above, interpreting § 631's use of "person" to mean that only humans, not businesses, are prohibited from unauthorized wiretapping conflicts with CIPA's legislative purpose, CIPA's coherent statutory scheme, and case law that correctly has applied CIPA's § 632(b)'s definition to § 631. *See* § 630; *Ribas*, 38 Cal.3d at 359-60;

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

*Ambriz*, 2025 U.S. Dist. LEXIS 29609, at *11; *Doe v. Regents*, 672 F. Supp. 3d at 817. In addition to *Ambriz* and *Doe v. Regents*, which directly found that § 631 applies to LLCs, numerous other courts have found § 631 claims against those and other business types to be properly stated. *See e.g.*, *Mikulsky*, 2025 U.S. App. LEXIS 15222, at *3; *Riganian v. LiveRamp Holdings, Inc.*, 791 F. Supp. 3d 1075, 1092 (N.D. Cal. 2025); *Taylor v. ConverseNow Techs., Inc.*, No. 25-cv-00990-SI, 2025 U.S. Dist. LEXIS 154861, at *17 (N.D. Cal. Aug. 11, 2025); *Mata v. Zillow Grp., Inc.*, No. 24-cv-01095-DMS-VET, 2024 U.S. Dist. LEXIS 229061, at *12-19 (S.D. Cal. Dec. 18, 2024).

The cases that Defendant cites do not support its claim that § 631 applies only to humans. *See* MJOP at 8, citing *Doe v. Eating Recovery Ctr. LLC*, No. 23-cv-05561-VC, 2025 U.S. Dist. LEXIS 207952, at *19 (N.D. Cal. Oct. 17, 2025) and *Torres v. Prudential Fin., Inc.*, No. 22-cv-07465 (CRB), 2025 U.S. Dist. LEXIS 73736, at *15 (N.D. Cal. Apr. 17, 2025). In each case, the court reviewed whether the defendant ***business*** proved that it was entitled to summary judgment on a § 631 claim and ***did not hold, or even imply,*** that only humans can engage in unlawful wiretapping. *Torres* considered whether the third-party business had read the information at issue while it was in transit. 2025 U.S. Dist. LEXIS 73736, at *15-16. That the court *also* discussed employe access to the data does not support that it viewed § 631 as applying only to humans and not businesses. *See id.*

Defendant also argues incorrectly that all CIPA provisions that refer to a "person" without providing a specific definition should be interpreted the same way, regardless of context. In so arguing, Defendant cites statutory provisions that specifically address law enforcement employees, kidnapping, barricading, or serious physical injury. MJOP at 9-10, citing §§ 633.1 (recording of telephone communications by airport law enforcement officer) and 633.8 (duties of peace officer when eavesdropping on and recording of communications when responding to emergency taking of hostage or barricading of location). Defendant argues that those statutes clearly refer to human beings - an observation that is true but irrelevant. Those circumstance- and law enforcement-specific statutes do not reflect the Legislature's intention as to § 631's privacy protections from wiretapping.

Moreover, the Penal Code routinely uses the term "person" in ways that are context-dependent. Courts do not respond by redefining "person" across the entire code. Instead, courts

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

interpret the term sensibly in context. That contextual application exists regardless of whether "person" includes corporations under § 7, and courts have managed it for well over a century without difficulty. *See e.g., Granite Constr.*, 149 Cal.App.3d at 467.

Defendant also argues that §§ 637.3(a) and 637.7(a), which use the phrase "person or entity," support that § 631's use of "person" means only humans. MJOP at 10. Section 637.3 addresses use of voice stress analyzers. § 637.7 addresses use of electronic tracking devices. Section 637.7(f) also refers to "a person, business, firm, company, association, partnership, or corporation licensed under Division."

Defendant's own cited authority undermines its argument. *Ion Equip. Corp. v. Nelson*, 110 Cal.App.3d 868, 880 (1980), interpreted §637.2's language "any person" (without the phrase "or entity") to include corporations based on CIPA's statutory framework. ***Thus, courts already have determined that statutes, including the section that provides the right of private action under CIPA, do not need to specify "or entity" for the statute to apply to businesses.*** Nor does Defendant's authority support – indeed, it contradicts – Defendant's interpretation that "person" means only human beings because "any person" under § 637.2, which is undefined in that specific provision, applies to corporations and presumably other legal entities.

Crucially, nowhere in § 631 is the term "human being" used nor does the statute's language refer to "another" human being when referring to proper defendants. Indeed, "[t]here is no announced intention to preserve some common law limiting doctrine." *Granite Constr.*, 149 Cal.App.3d at 470. In supporting its position that corporations could be held guilty of manslaughter even if the scope of application was undefined in § 192, the court in *Granite* discussed examples of statutes that do, in fact, use that narrow, specific term and limited application to human beings. *See id*. at 471-72, citing *State v. Pacific Powder Co.*, 226 Ore. 502, 531 (1961) (examining Oregon Revised Statute § 163.040 and finding that the statute's references to "another" after referring to a "human being" limited prosecution for manslaughter to human beings) and *Vaughan & Sons, Inc. v. State*, 649 S.W.2d 677, 678 (Tex. Crim. 1983) (exempting corporations from prosecution for manslaughter because Texas Penal Code Ann. § 7.22(a) uses the pronoun "he" to refer to offenders and accepts that "soulless" corporations cannot formulate intent). In finding these cases

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

distinguishable and inapplicable to its analysis, the *Granite* court found that § 192 defines the crime of manslaughter without referring to "another" human being, does not contain pronouns, and California does impute intent to corporations. *Id*.

That same reasoning and analysis applies here to § 631, which does not refer to a "human being," does not use gendered pronouns, and implicates actions and intent that can be imputed to LLCs. As discussed in detail above, the term "person" as used in § 631 already has been defined expressly by various statutes to include partnerships, corporations, LLCs, and other legal entities (see CIPA definition in § 632(b)) or has been interpreted expansively to mean more than human beings (see default definition in § 7) considering the statute's purpose and clear legislative intent to grant broad privacy protection. Defendant's "humans only" argument is wholly without merit.[8]

**G. Although no further analysis is needed because CIPA and the case law interpreting it make it clear that § 631 applies to LLCs, it is worth noting that other California statutes treat LLCs as "persons."**

The current California "Revised Uniform Limited Liability Company Act," Corporations Code §§ 17701.01, *et seq*., defines "Person" to mean "an individual, partnership, limited partnership, trust, a trustee of a trust, including, but not limited to, a trust described under Division 9 (commencing with [§] 15000) of the Probate Code, estate, association, corporation, limited liability company, or other entity, whether domestic or foreign. …." Corp. Code § 17701.02(v).

Further, Corporations Code § 17701.05 provides that an LLC "shall have all the powers of a natural person in carrying out its business activities," listing various examples, including the power to "[s]ue, be sued, complain, and defend any action, arbitration, or proceeding, whether judicial, administrative, or otherwise, in its own name. Other California Codes similarly include LLCs under

[8] Assuming *arguendo* that the statute did apply only to human beings and not business entities, Defendant as an LLC would still be liable for the actions of its employees under the doctrine of respondeat superior for wiretapping and eavesdropping upon Defendant's website users, without notice or authorization, for Defendant's financial benefit. Penal Code § 31 provides that "[a]ll persons concerned in the commission of a crime, whether it be a felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission…are principals in any crime so committed." Given the Penal Code's lack of expression to exempt or exclude LLCs, Defendant would still be liable as a principal to the unlawful conduct.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

the general term "person." *See e.g.*, Cal. Civ. Code § 4170 ("'Person" means a natural person, corporation, government or governmental subdivision or agency, business trust, estate, trust, partnership, limited liability company, association, or other entity.'"); Cal. Civ. Code § 6560 (same).

## V. DEFENDANT'S INTERPRETATION LEADS TO ABSURD RESULTS.

Courts should interpret statutes in a manner that avoids "absurd consequences the Legislature did not intend." *Smith*, 11 Cal.5th at 190; *see also, e.g.*, *Wasatch Prop. Mgmt. v. Degrate*, 35 Cal.4th 1111, 1122 (2005) ("statute[s] should be interpreted to avoid an absurd result."). Defendant's argument that the Court should interpret § 631 as not applying to LLCs would lead to multiple absurd results.

Defendant's argument that humans and corporations are forbidden to engage in unauthorized wiretapping but LLCs and any other business forms are free to do so would be an absurd result. It makes no sense that the Legislature would allow a business to engage in unauthorized wiretapping of California citizens simply because it is an LLC or any form other than a corporation. That inconsistent construction would undermine the protective purpose of § 631 and CIPA. Defendant has not even attempted to explain why an LLC would be exempt from § 631 but a corporation is not. Defendant's theory would mean that anyone could circumvent § 631 simply by forming a business entity other than a corporation.

Further, if "person" in § 7 excludes LLCs, then LLCs would be exempt from multiple criminal prohibitions in the Penal Code that use the undefined term "person" without a section-specific definition. Examples include

**Money Laundering (§ 186.10).** The statute provides that "Any person who conducts or attempts to conduct a transaction ... with the specific intent to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on of any criminal activity ... is guilty of the crime of money laundering." Under Defendant's theory, LLCs could launder money with impunity.

**Commercial Bribery (§ 641.3).** This statute imposes liability on "any person who offers or gives an employee money or any thing of value" corruptly. Under Defendant's interpretation, LLCs could bribe employees without criminal liability.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

> ***See also,*** *e.g.*, Fraud (§ 532); Bribery of Legislators (§§ 85-86); Insurance fraud (§§ 548 *et seq.*); Tax evasion (Various sections); Environmental crimes (Various sections); Theft and embezzlement (§§ 484 *et seq*.); Receiving stolen property (§ 496).

Defendant's interpretation would create an unprecedented safe harbor for LLCs to commit a whole host of crimes with impunity, simply by virtue of their organizational form. That result is absurd and could not have been intended by the Legislature. *See Hacker Emporium*, 15 Cal.App.3d at 479 (rejecting interpretation that would defeat the statute's objective and provide a haven for business entities).

Such an approach also would defeat CIPA's stated purpose, which is "to protect the right of privacy of the people of this state" from "a serious threat to the free exercise of personal liberties." § 630; *Ribas*, 38 Cal.3d at 359-60. That arbitrary distinction would incentivize privacy-invasive businesses to organize as LLCs to avoid liability. Given that many modern technology companies are organized as LLCs, Defendant's interpretation would render CIPA largely toothless against the very entities most likely to engage in mass data collection.

Defendant's alternative argument that § 631 prohibits only human beings, not businesses, from unauthorized wiretapping also would lead to absurd results. Given CIPA's broad protective purpose, why would the Legislature allow all businesses to wiretap California citizens without authorization? The answer is that it would not. "It is fundamental that the objective sought to be achieved by a statute as well as the evil to be prevented is of prime consideration in its interpretation, and where a word of common usage has more than one meaning, the one which will best attain the purposes of the statute should be adopted, even though the ordinary meaning of the word is thereby enlarged or restricted and especially in order to *avoid absurdity or to prevent injustice*." *Hacker Emporium*, 15 Cal.App.3d at 478 (emphasis in original), citing *People v. Asamoto*, 131 Cal.App.2d 22, 29 (1955).

Defendant does not deny that CIPA's other provisions, like § 632's prohibition against eavesdropping and call recording, apply to humans and businesses alike. It would make no sense for the Legislature to allow businesses to engage in unauthorized wiretapping but prohibit them from eavesdropping or secretly recording telephone calls.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

Unsurprisingly, Defendant relies on specious reasoning when attempting to support its "only humans" argument. For example, Defendant argues that other statutes' use of gendered pronouns ("his" or "her") indicates that they apply only to humans. MJOP at 9. Most fundamentally, **Section 631 does not use any gendered pronouns,** which, applying Defendant's argument, supports that it applies to businesses and humans.

Defendant's argument also ignores § 7(a), which expressly states that "[w]ords used in the masculine gender include the feminine and neuter." That provision directly addresses the gendered pronoun issue; masculine pronouns ("his") include the neuter, which applies to legal entities. Moreover, the cases Defendant cites are inapposite. *Marshall v. MUPU Citrus Ass'n*, No. 78-1072-HP, 1978 WL 1699, at *2–3 (C.D. Cal. Aug. 30, 1978), interpreted federal legislation, not the California Penal Code, and did not address § 7's provision that masculine words include the neuter. *Esebag v. Whaley*, 2023 WL 12007143, at *15 (C.D. Cal. Apr. 27, 2023), is even less relevant, as that court was interpreting a memorandum of understanding, not legislation.

Defendant also argues that reading § 631 as applying only to humans is "consistent" with CIPA and the Penal Code. MJOP at 8. It would be difficult to stray further from reality. As discussed above, CIPA § 632(b)'s definition of "person" expressly includes LLCs and other businesses, as do the definitions found in §§ 637.5, 638(c)(1), and the numerous Penal Code provisions cited by Defendant on pages 13-14 of its motion. Further, § 631 and other CIPA provisions contain specific exemptions for businesses, such as public utilities and telephone companies. *See, e.g.*, §§ 631(b), 632(e), and 632.7(b). That means that other unenumerated businesses are not exempt. Moreover, § 7(a)(1)'s default Penal Code definition is expansive and offers "corporations" as an example of "person[s]."

Also flawed (and strange) is Defendant's reliance on case law that found that a corporation is entitled to sue under § 637.2 for a § 632 violation. MJOP at 10-11, citing *Ion Equip. Corp.*, 110 Cal.App.3d at 880. Section 637.2 grants "any person" a right of action but does not define "person." *Ion* found that, even though § 637.2 lacked a definition, the corporation could sue for an alleged § 632 violation. *Ion*, 110 Cal.App.3d at 880 (stating that it was narrowly addressing only §§ 632 and 632.7).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

First, although not at issue, *Ion* in no way supports Defendant's argument that ***Plaintiffs*** do not have the right to sue an LLC defendant for unauthorized wiretapping in violation of § 631(a). *See* MJOP at 11. Even Defendant admits that "person," the term that § 637.2 uses, includes humans. Plaintiffs are humans.

Second, according to Defendant, because § 631 does not have a definition of "person," an LLC would have no right of action under § 637.2 if it discovered that its communications were being illegally wiretapped. Again, that clearly would be an absurd result that CIPA did not intend. Most importantly, § 631 was intended to provide broad privacy protections for California citizens against unauthorized wiretapping. Its purpose is ***not*** to protect LLCs or other business entities that wiretap those citizens.

## VI. THE RULE OF LENITY DOES NOT APPLY.

The rule of lenity applies ***only*** when, after applying all the rules of statutory interpretation, a court concludes that a statute contains "an ***egregious*** ambiguity and uncertainty." *People v. Braden*, 14 Cal.5th 791, 824 (2023) (emphasis added, internal quotations omitted); *see also*, *e.g.*, *United States SEC v. Murphy*, 50 F.4th 832, 845 n.5 (9th Cir. 2022) ("[E]ven assuming it applies with equal force in a civil case …, the rule of lenity applies only if the statute contains 'grievous ambiguity' after using all traditional tools of statutory interpretation."), quoting *Ocasio v. United States*, 578 U.S. 282, 283 (2016). It "does not apply every time there are two or more reasonable interpretations of a penal statute." *Smith*, 11 Cal.5th at 202 (internal quotations, citations omitted). The rule "applies 'only if the court can do no more than guess what the legislative body intended.'" *Braden*, 14 Cal.5th at 824.

The California Supreme Court expressly has denied application of the rule of lenity in interpreting CIPA. *Smith*, 11 Cal.5th at 202. There, the court rejected the defendant's narrow interpretation of § 632.7 that would exempt parties to a call from liability. The court held that CIPA must be interpreted broadly to fulfill its privacy-protecting purpose. *Id.* at 198. Rejecting the defendant's lenity argument, the court explained:

> We do not face that degree of uncertainty in this case – or, frankly, any great uncertainty at all regarding legislative intent. Here, … the legislative history, the purpose of the statute, general public policy concerns, and logic all favor the

> interpretation we adopt. Of even more significance, so too does the statutory language. Accordingly, we decline LoanMe's invitation to apply the rule of lenity.

*Id.* at 202 (emphasis added, internal quotations and original alterations omitted).

Following the California Supreme Court's direction, federal courts applying California law have rejected lenity arguments consistently in CIPA cases. *See e.g.*, *Fregosa v. Mashable*, *Inc*., No. 25-cv-01094-CRB, 2025 U.S. Dist. LEXIS 200770, at *25-27 (N.D. Cal. Oct. 9, 2025); *Deivaprakash v. Condé Nast Digit.*, No. 25-cv-04021-RFL 2025 U.S. Dist. LEXIS 172906 *11-12 (N.D. Cal. Sept. 4, 2025); *Riganian.*, 791 F. Supp. 3d at 1094.

<u>There is no egregious ambiguity as to whether Section 631 applies to LLCs</u>. As discussed, when § 631's statutory language is read in context with the other CIPA provisions in the manner that effectuates CIPA's broad protective purpose, § 631's application to "person[s]" includes LLCs. *See* §§ 631, 632(b); *Ambriz*, 2025 U.S. Dist. LEXIS 29609, at *11; *Doe v. Regents*, 672 F. Supp. 3d at 817; *see also*, § 630. Further, Penal Code § 7 uses the term "includes", which is an expansive term. If there is any ambiguity at all, it is not so extreme that the court is left to guess what the Legislature intended in enacting § 631.

The "California Supreme Court has instructed courts to interpret CIPA in the manner that 'fulfills the legislative purpose of CIPA by giving greater protection to privacy interests.'" *Fregosa*, 2025 U.S. Dist. LEXIS 200770, at *14-15, (some internal quotations, citation omitted), quoting *Flanagan*, 27 Cal.4th at 775. Applying the rule of lenity here would undermine that directive. *See id.*

## VII. CONCLUSION

For the reasons set forth above, Defendant's motion should be denied.

Respectfully submitted,

Dated: January 9, 2026

**KELLER GROVER LLP**

By: /s/ *Eric A. Grover*

ERIC A. GROVER
*Attorneys for Plaintiffs*

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861