Matthew D. Pearson, SBN 294302
Matthew.Pearson@wbd-us.com
**WOMBLE BOND DICKINSON (US) LLP**
400 Spectrum Center Drive, Suite 1700
Irvine, California 92618
Telephone: (714) 557-3800
Facsimile: (714) 557-3347

Attorneys for Defendant
SUSSEX PUBLISHERS, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

R.C. and D.G., on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

SUSSEX PUBLISHERS, LLC, and DOES 1-100, inclusive,

Defendants.

Case No.: 3:24-cv-02609-JSC

The Honorable Jacqueline Scott Corley

**REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS ON PLAINTIFFS' CALIFORNIA INVASION OF PRIVACY ACT, CAL. PENAL CODE § 631 CLAIM**

**DATE: February 5, 2026**
**TIME: 10:00 A.M.**
**COURTROOM: 8**

Action Filed: November 30, 2023
Initial CMC: August 1, 2024

## I. INTRODUCTION

Contrary to Plaintiffs' assertion, no court has ever described CIPA as a "coherent statutory scheme" when applied to the internet. Instead, courts have described Penal Code § 631[1] as "badly drafted;" "patently ambiguous;"[2] containing "obtuse language;" incapable of "map[ping] properly onto the internet" and, therefore, "virtually impossible to apply…to the online world;" "virtually impossible to understand;" and, ultimately, creating an "untenable" "state of affairs" where defendants and courts are left to guess whether the defendant's "online conduct fits within the language of the statute."[3]

CIPA's incomprehensibility arises from the fact that it was "not drafted with the internet in mind" and, as such, requires courts to "contort themselves to fit the type of conduct alleged in this case into the language of a 1967 criminal statute about wiretapping." § 631(a) makes it unlawful to "read[], or attempt[] to read, or to learn the contents or meaning of any…communication while the same is in transit…." That language makes sense when applied to ***humans*** listening in on conversations in real time because ***humans*** can listen and learn simultaneously (i.e., while the communication is in transit).

It makes no sense, however, when applied to the situation here—a business entity collecting data. CIPA itself, as well as courts interpreting it, have drawn a distinction between actions entities can perform and actions they cannot. Take, for example, § 632, which prohibits the unlawful recording of confidential communications. Because entities can record, it follows that § 632 has a definition of "person" that includes entities. The same cannot be said for learning the contents of a communication while it is in transit. That is an innately human act, a fact supported by the Legislature's decision not to include an expansive definition of "person" in § 631. Additionally, when analyzing § 631, albeit in a different context, courts have drawn a distinction between "eavesdroppers" (humans) and "tape recorders" (entities), with the former giving rise to liability and the latter not.

---

[1] All "§" references in this Motion are to the California Penal Code unless otherwise stated.
[2] *People v. Wilson*, 17 Cal. App. 3d 598, 602 (Ct. App. 1971).
[3] Unless otherwise indicated, the quotations in this paragraph are to *Doe v. Eating Recovery Ctr. LLC*, No. 23-CV-05561-VC, 2025 WL 2971090 (N.D. Cal. Oct. 17, 2025).

While Sussex's argument may be novel, it is not, as Plaintiffs claim, "B.S." [Dkt. 76, n. 2.] Applying established principles of statutory construction, commonsense, and, if needed, the rule of lenity, there is one valid conclusion. § 631 does not apply to Sussex; the Motion should be granted.

## I. THE LANGUAGE OF CIPA, NOT ITS PURPOSE, GOVERNS.

The crux of Plaintiffs' Opposition is that the Court should find that § 631 applies to Sussex because CIPA should be interpreted in a way that "provides the greatest protection of people's right to privacy in this state," [Dkt. 76, 10:8], and expanding the entities to which CIPA applies increases that protection. But the Ninth Circuit has expressly cautioned against engaging in the type of purpose-first interpretation that Plaintiffs advocate for. According to the Ninth Circuit, "even if the policy concerns are warranted, we must still strictly construe the plain language of the statute" because the court's job is to "apply the statute as written," not "add to or otherwise re-mold statutory text to try to meet a statute's perceived policy objectives." *Harris v. Harris*, 935 F.3d 670, 674 (9th Cir. 2019).

The reason for this prohibition is simple: by "mold[ing] the language of the [statute] to fit [the statute's] policy goals," the Court would "render[] the text as written meaningless." *Massachusetts v. Nat'l Institutes of Health*, 770 F. Supp. 3d 277, 298 (D. Mass. 2025), *judgment entered*, No. 1:25-CV-10338, 2025 WL 1063760 (D. Mass. Apr. 4, 2025), *and aff'd*, No. 25-1343, 2026 WL 26059 (1st Cir. Jan. 5, 2026). For example, numerous courts within this district have found, based on the plain language of the statute, that "the first clause of Section 631(a)…does not apply to the context of the internet." *Williams v. What If Holdings, LLC*, No. C 22-03780 WHA, 2022 WL 17869275, at *2 (N.D. Cal. Dec. 22, 2022). *See also In re Google Assistant Privacy Litig.,* 457 F. Supp. 3d 797, 825 (N.D. Cal. 2020) (explaining that "the plain text of the statute ... expressly requires that the unauthorized 'connection' be made with 'any telegraph or telephone wire, line, cable, or instrument'" (quoting Cal. Penal Code § 631(a))). Yet, under Plaintiffs' proposed approach, the "plain text of the statute" would not matter so long as the interpretation adopted increased the "protection of people's right to privacy in this state." [Dkt. 76, 10:8.]

The same is true with regard to the second clause of § 631(a). Courts have interpreted it to apply only where the contents of a communication are "read, attempt[ed] to [be] read, or learn[ed]"

while the communication is "in transit"—that is, *en route* to the intended recipient. *Torres v. Prudential Fin., Inc.*, No. 22-CV-07465 (CRB), 2025 WL 1135088, at *6 (N.D. Cal. Apr. 17, 2025). This "strict interpretation," which could "mean that CIPA could never apply in the context of the internet," *id.* at *6, has, nevertheless, been adopted because statutory interpretation "starts with [the statute's] language" and, "[i]f the language…is unambiguous," ends there, *ApolloMedia Corp. v. Reno*, 19 F. Supp. 2d 1081, 1089 (N.D. Cal. 1998), *aff'd*, 526 U.S. 1061 (1999). To hold otherwise would invite judicial re-drafting of statutes in violation of the separation of powers. *See In re Basil St. Partners, LLC,* No. 9:11-BK-19510-FMD, 2013 WL 4461566, at *9 (Bankr. M.D. Fla. Aug. 19, 2013) ("[T]o read…[a] term…into the statute would be to re-write the statutory text under the guise of judicial interpretation, an encroachment into the legislative realm.").

At bottom, while the purpose of a statute may help guide a court in interpreting it, the purpose cannot override the statute's express language. And, as discussed below, the express language of § 631 makes clear that it does not apply to Sussex.

## II. § 632(B)'S DEFINITION OF "PERSON" DOES NOT APPLY TO § 631.

It is beyond dispute that § 631 does not define the word "person." It is likewise beyond dispute that CIPA does not include a definition of person that applies to CIPA as a whole. In light of this, Plaintiffs urge this Court to apply to § 631 the definition of "person" found in § 632(b)—a definition that expressly includes limited liability companies. [*See* Dkt. 76, 11:12-25.] *See also* Cal. Penal Code § 632(b). The Court cannot do so.

Every piece of contextual evidence in CIPA demonstrates that § 632(b)'s definition of person does not apply to § 631. First, had the Legislature intended to incorporate § 632's definition into § 631, it certainly knew how to do so. It expressly incorporated into § 631 § 638's definition of "telephone company." Cal. Penal Code § 631(c) ("For purposes of this section, 'telephone company' is defined in paragraph (3) of subdivision (c) of Section 638."). That it did not do the same for § 632's definition of "person" only supports Sussex's argument that the Legislature intended to leave the word "person" undefined.

Second, the Legislature expressly limited § 632's definition of "person" to § 632. Cal. Penal Code § 632(b) ("***For the purposes of this section***, 'person' means…." (emphasis added). *See also*

*Make UC a Good Neighbor v. Regents of Univ. of California*, 16 Cal. 5th 43, 57 (2024) ("[A] statutory definition that begins with the phrase, '[a]s used in this section,' ... belies any legislative intent to apply the definition[ ] outside of the specified section." (internal citations omitted and alterations in original)). Had the Legislature intended for § 632's definition of "person" to apply to CIPA generally, it new how to do so. In § 638.50, the Legislature defined four terms "***[f]or purposes of this chapter***," none of which included "person." Cal. Penal Code § 638.50. This, again, demonstrates that the Legislature deliberately left "person," as used in § 631, undefined.

Beyond the contextual evidence disproving Plaintiffs' argument, Plaintiffs' claim that the Court, on its own, should incorporate into § 631 § 632's definition of "person" creates an untenable situation. The Legislature defined the word "person" in three different sections of CIPA, and each time in a slightly different manner. *See* Cal. Penal Code §§ 632(b), § 637.5(f)(3), § 638(c)(1). Is the Court simply to pick and choose which definition it wants to apply on an *ad hoc* basis? That is not how statutory interpretation works.

Plaintiffs also state that "courts in this district have applied the § 632(b) 'person' definition when analyzing § 631 claims," citing *Doe v. Regents of Univ. of California*, 672 F. Supp. 3d 813 (N.D. Cal. 2023) and *Ambriz v. Google, LLC*, No. 23-CV-05437-RFL, 2025 WL 830450, (N.D. Cal. Feb. 10, 2025), and even go so far as to state that, "[d]irectly on point, the court in *Ambriz* found that 'Section 631(a) prohibits conduct by "person[s]," a term which includes LLCs.'" [Dkt. 76, 11:26-12:11.] Plaintiffs' claims are misleading.

In neither *Doe* nor *Ambriz* did the court engage in any meaningful statutory analysis. In *Doe*, a public entity argued that it could not be held liable under CIPA because it was not a "person." *Doe*, 672 F. Supp. 3d at 817. The court agreed, finding that "[b]ecause the text of CIPA does not expressly include liability for public entities,…UC Regents is immune from liability under CIPA." *Id.* at 817–18. In reaching this decision, the court referenced § 632's definition of "person" but did so without any analysis, merely stating, in full:

> By its text, CIPA applies to "[p]ersons." Cal. Pen Code § 631(a). "Persons" is further defined as "an individual, business association, partnership, corporation, limited liability company, or other legal entity" or "an individual acting or purporting to act for or on behalf of any government or subdivision thereof, whether federal, state, or

local." Cal. Pen Code § 632(b).

*Id.* at 817. This lack of analysis is both a far cry from holding that § 632's definition of "person" applies to § 631 and understandable, given that, regardless of the definition the court applied (i.e., ordinary meaning; the definitions in §§ 632(b), § 637.5(f)(3), § 638(c)(1); or the definition in § 7), the defendant was immune.

The same is true with regard to *Ambriz*. While the court did cite to §632(b) when stating that "Section 631(a) prohibits conduct by 'person[s],' a term which includes LLCs," that is all it said. *Ambriz*, 2025 WL 830450, at *4. Again, the court's lack of analysis is understandable; there was no reason to dig any deeper because "Google d[id] not dispute that it is a person under the meaning of the statute." *Id.*

The other cases to which Plaintiffs cite in their Opposition are equally unavailing. In none of those cases did the LLC defendant challenge whether CIPA § 631 applied to it. *See e.g., Mikulsky v. Bloomingdale's, LLC*, No. 24-3564, 2025 WL 1718225, at *1 (9th Cir. June 20, 2025) (upholding dismissal for lack of personal jurisdiction); *Javier v. Assurance IQ, LLC*, No. 21-16351, 2022 WL 1744107, at *2 (9th Cir. May 31, 2022) (concluding that Section 631(a) requires "prior consent of all parties to a communication"); *Brown v. Google, LLC*, No. 20-CV-3664-YGR, 2022 WL 17961497, at *20 (N.D. Cal. Dec. 12, 2022) (granting in part motion for class certification); *Gabrielli v. Motorola Mobility LLC*, No. 24-CV-09533-JST, 2025 WL 1939957, at *11 (N.D. Cal. July 14, 2025) (rejecting "bona fide" error and party exemption defenses). That the courts in these cases did not, on their own, question the applicability of § 631 to business entities or, more specifically, LLCs in no way supports Plaintiffs' claim that the statute applies to Sussex here.

In the end, two things remain true: (1) § 632(b)'s definition of "person" does not apply to § 631 and (2) no court has engaged in the analysis necessary to interpret the word "person."[4]

[4] Plaintiffs also claim that through its Motion, Sussex is asking this Court to read into § 631 an exemption for LLCs, which, they assert, this Court cannot do. [Dkt. 76, 13:12-13 (arguing that "'[courts] may not imply additional exemptions unless there is a clear legislative intent to the contrary.'" (alteration in original).] Plaintiffs incorrectly conflate exemptions, which shield from liability parties to whom the statute would otherwise apply, and applicability, which asks whether the statute applies to the party in the first place. Sussex is not arguing that it is exempt from § 631; it is arguing that § 631 does not apply to it at all.

## III. THERE ARE ONLY TWO POSSIBLE INTERPRETATIONS OF "PERSON," NEITHER OF WHICH INCLUDES SUSSEX.

The law is clear: "[w]hen a statute does not define a term, [courts] typically give the phrase its ordinary meaning." *Animal Legal Def. Fund v. United States Dep't of Agric*., 933 F.3d 1088, 1093 (9th Cir. 2019). That leaves the Court with two options. It can find "person," as used in § 631, undefined and therefore apply the "ordinary meaning" of "person" at the time § 631 was enacted. Or it can find that § 7's definition of "person" applies. Either way, § 631 does not apply to Sussex.

### a. Under the "Ordinary Meaning" of Person, § 631 Does Not Apply to Sussex.

Plaintiffs do not dispute that the "ordinary meaning" of person in 1988—the year § 631 was enacted—was "a human being (i.e. natural person)" and not a business entity. Instead, they argue that when faced with similar statutory construction issues, courts often interpret "person" (or the lack of "any other scope-defining term") to include business entities. [Dkt. 76, 14:2-22.] Plaintiffs, however, have not identified any cases involving similar statutory construction issues.

For example, Plaintiffs cite to and and rely on *Granite Constr. Co. v. Superior Ct*., 149 Cal. App. 3d 465 (Ct. App. 1983), for the proposition "that the use of 'any person who' language does not provide a distinguishing factor that bars prosecution of corporations" under the Penal Code. [Dkt. 76, 14:19-20 (quoting *Granite*, 149 Cal. App. 3d at 492.).] But, in making this argument, Plaintiffs fail to comprehend the difference between the statute at issue in *Granite* and the statute at issue here. In *Granite*, the statute "define[d] a crime" (i.e., manslaughter) and did "not define its own scope of application." *Granite*, 149 Cal. App. 3d at 468. Indeed, the statute merely stated that "[m]anslaughter is the unlawful killing of a human being without malice" and enumerated its three kinds. Cal. Penal Code § 192. It said nothing as to who could commit the crime.

That is not true for § 631. It does not simply define an act; it states ***who*** is prevented from committing that act and the consequences of failing to comply. *See* Cal. Penal Code § 631(a) ("Any person who…[commits one of the prohibited acts] is punishable by…."). In fact, to interpret § 631 like the court in *Granite* interpreted § 192—that is, not "defin[ing] its own scope"—would effectively read the phrase "any person" out of § 631, which this Court cannot do. *Wells v. One2One Learning Found*., 39 Cal. 4th 1164, 1207 (2006), *as modified* (Oct. 25, 2006) ("[I]nterpretations

which render any part of a statute superfluous are to be avoided.”).

Plaintiffs likewise cite to and rely on *Bradbury v. Superior Court*, 49 Cal. App. 4th 1108 (1996) and *People v. Hacker Emporium, Inc*., 15 Cal. App. 3d 474 (1971), cases in which California courts interpreted the term “person” in civil statutes to include business entities. Again, Plaintiffs miss the mark. Whereas it may be “inconceivable that the Legislature would prescribe ***civil penalties*** only against individuals as natural persons and not against entities such as corporations for the fraudulent acts proscribed by the code,” *Hacker Emporium, Inc*., 15 Cal. App. 3d at 479 (emphasis added), § 631 is not a ***civil*** statute. It is a ***criminal*** statute, the violation of which could result in imprisonment. And when criminal statutes are involved, “ambiguities” must be construed “in favor of defendants.” *United States v. Gonzalez-Mendez*, 150 F.3d 1058, 1061 (9th Cir. 1998).

Plaintiffs also argue that “person,” as used in in § 631, cannot be interpreted to mean a “human being” because doing so would render § 631’s exceptions for public utilities and telephone companies superfluous. [Dkt. 76, 20:11-15.] Not so. § 631 defines “telephone companies” by incorporating § 638’s definition of the same term, Cal. Penal Code § 631(c), and § 638’s definition of “telephone companies” expressly includes ***individuals***. *See* Cal. Penal Code § 638(c)(1), (c)(3) (defining “telephone company” as including “any other ***person*** that provides residential or commercial telephone service to a subscriber utilizing any of the technologies or methods enumerated in paragraph” and defining “person” as including “individuals” (emphasis added).) In other words, interpreting “person” to mean human being does not render the telephone-company exception superfluous; it still applies to ***individuals*** who qualify as telephone companies.

The same is true with regard to § 631’s exemption for “public utilities.” A “public utility” is defined by § 216 of California’s Public Utilities Act. It provides, among other things, that “[w]hen any ***person*,”** which the Act defines as an “an individual, a firm, and a copartnership,” Cal. Pub. Util. Code § 205, “performs any service for, or delivers any commodity to, any person, private corporation, municipality, or other political subdivision of the state, that in turn either directly or indirectly, mediately or immediately, performs that service for, or delivers that commodity to, the public or any portion thereof, that ***person****…****is a public utility*** subject to the jurisdiction, control, and regulation of the commission and the provisions of this part.” Cal. Pub. Util. Code § 216(c)

(emphasis added). Therefore, again, interpreting "person" as used in § 631 to mean "human being" does not render § 631's public-utilities exemption superfluous; it simply limits the exception to only those persons subject to § 631 in the first place.

Then, Plaintiffs assert that because "numerous Penal Code provisions define 'person' to include corporations, limited liability companies, and other legal entities," "[t]he term 'person' clearly is not limited to…human beings." [Dkt. 76, 20:20-24.] Plaintiffs have it backwards. That the Legislature chose to define "person" as including "corporations, limited liability companies, and other legal entities" in other sections but opted not to do so in § 631 evidences the Legislature's intent to leave the term undefined. *Washington v. United States Dep't of State*, 996 F.3d 552, 562 (9th Cir. 2021) ("[O]missions from a statute should be understood as intentional exclusions").

Finally, Plaintiffs fail to address the impact of the Legislature's decision to include in §§ 637.3(a) and 637.7(a) the phrase "person or entity," choosing instead to focus on immaterial differences in the conduct these sections regulate. [Dkt. 76, 22:4-8.] But, as the court in *Boy Scouts of Am. Nat'l Found. v. Superior Ct.*, 206 Cal. App. 4th 428 (2012) noted, "the use of the word 'or' in the phrase 'person or entity'…[is] crucial to [the] interpretation of the word 'person.'" *Id.* at 444. This is so because "[w]hen used in a statute, the word 'or' indicates an intention to designate separate, disjunctive categories," meaning when the Legislature "used the word 'or' in the phrase 'person or entity'," as it did in §§ 637.3(a) and 637.7(a), "its intent was to designate 'person' and 'entity' as separate categories of defendants…." *Id.* The only way to treat "persons" and "entities" as "separate categories of defendants" under § 631 is to interpret "person" as the Legislature intended it to be interpreted—as a human being.

Plaintiff has offered no rationale as to why this Court should not apply the "ordinary meaning" of "person" and hold that § 631 does not apply to Sussex. The Motion should be granted.

**b. § 7's Definition of "Person" Does Not Include Sussex.**

Plaintiffs do not dispute that § 7's definition of "person" does not expressly include LLCs, like Sussex. They, instead, argue that the language of § 7's definition—namely, that "'[p]erson' includes a corporation as well as a natural person," Cal. Penal Code § 7(a)(1)—leaves open the possibility that LLCs can be "persons." Specifically, Plaintiffs assert that "'[t]he word 'includes' is

usually a term of enlargement, and not of limitation.'" [Dkt. 76, 16:7-8 (citing *Burgess v. United States*, 553 U.S. 124, 131 n.3 (2008)).] Plaintiffs are correct on the law but wrong on its application.

As used in § 7, the word "includes" ***is*** a "term of enlargement." It enlarges the ordinary definition of "person," i.e., a human being, to "include[] a corporation…." Cal. Penal Code § 7(a)(1). Indeed, had the Legislature believed that "person" naturally included corporations, there would have been no need to "enlarge" the definition at all.

But, to take this one step further, as Plaintiffs propose, and find that by defining "person" to "include[] a corporation as well as a natural person," the Legislature intended to include within the definition every business entity would be improper and would render the language of the definition meaningless. *State of California ex rel. Metz v. Farmers Grp., Inc.*, 156 Cal. App. 4th 1063, 1071 (2007) ("To interpret the statute in the manner urged by appellant would improperly alter the statutory scheme to 'enlarge its scope.'"). "Person" would no longer be a defined term; it would be a placeholder to be filled in by the Court on an *ad hoc* basis. That is clearly not what the Legislature intended when it defined "person" and would raise serious Constitutional issues. *See United States v. JDT*, 762 F.3d 984, 996 (9th Cir. 2014) ("To satisfy due process, a penal statute must define the criminal offense [1] with sufficient definiteness that ordinary people can understand what conduct is prohibited and [2] in a manner that does not encourage arbitrary and discriminatory enforcement." (internal quotations omitted).)

**c. Plaintiffs' "Absurdity" Argument Actually Support Sussex's Position.**

Plaintiffs argue that the Court should not apply § 7's definition of "person" to § 631 because doing so would lead to an "absurd result;" "humans and corporations [would be] forbidden [from] engag[ing] in unauthorized wiretapping but LLCs and any other business forms [would be] free to do so," [Dkt. 76, 24:10-11], despite the fact that "the distinction between corporations and LLCs…is utterly irrelevant" in the context of § 631, [*id.* at 17:4-6]. In making this argument, however, Plaintiffs prove Sussex's point. The relevant distinction is not between corporations and LLCs; it is between humans and entities. For example, humans "read[], or attempt[] to read, or to learn the contents…of a[]…communication while the same is in transit," Cal. Penal Code § 631(a); entities do not. Humans can be in "immediate danger of death or serious physical injury," *id.* at §

633.8(a); entities cannot. And humans "refuse[] to come out from a covered or enclosed position" or are "held against [their] will," *id.* at § 633.8(g); entities do not and are not. Ultimately, to the extent the Court agrees with Plaintiffs that drawing a distinction between corporations and LLCs would lead to "absurd results," its only option is to interpret "person" as it was intended to be interpreted, as a human being, which § 7 expressly allows this Court to do. Cal. Penal Code § 7(c) ("Words and phrases shall be construed according to the context and the approved usage of the language….").

## IV. THE RULE OF LENITY REQUIRES THIS COURT TO GRANT THE MOTION.

The rule of lenity only applies "as a last resort, when a court has applied all other aids of statutory interpretation and is still left with an ambiguous statute." *United States v. Gardner*, 993 F. Supp. 2d 1294, 1301 (D. Or. 2014). That is not the case here. Sussex has provided two plausible interpretations of "person" as used in § 631, both grounded in and supported by the statute's express language. Plaintiffs have offered none, asking instead that this Court (1) apply a definition from another section that, by its own terms, does not apply or (2) rewrite the statute in order to unlawfully expand its reach. [Dkt. 76, 10:8.]

However, to the extent the Court does find that § 631 is ambiguous, it has only one option. It must apply the rule of lenity, *Crandon v. United States*, 494 U.S. 152, 158 (1990) ("[B]ecause the governing standard is set forth in a criminal statute, it is appropriate to apply the rule of lenity in resolving any ambiguity in the ambit of the statute's coverage."), and interpret § 631 "in favor of the defendants subjected to [it]," i.e., Sussex, *United States v. Santos*, 553 U.S. 507, 514 (2008). To do otherwise would violate "the fundamental principle that no citizen should be held accountable for a violation of a statute whose commands are uncertain, or subjected to punishment that is not clearly prescribed." *Id.* Sussex's Motion should be granted.

## V. CONCLUSION

For the reasons stated above, Defendant Sussex Publishers LLC respectfully requests that the Court grant this Motion and dismiss as inapplicable Plaintiffs' claim under California Penal Code § 631.

/ / /

Respectfully submitted,

Dated: January 16, 2026

**WOMBLE BOND DICKINSON (US) LLP**

By: */s/ Matthew D. Pearson*
MATTHEW D. PEARSON

*Attorney for Defendant*
SUSSEX PUBLISHERS, LLC