UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.C., et al.,<br><br>               Plaintiffs,<br><br>       v.<br><br>SUSSEX PUBLISHERS, LLC,<br><br>               Defendant. | Case No.  24-cv-02609-JSC<br><br>**ORDER RE: DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 75 |

Plaintiffs seek to represent a class of people whose private and medical information Defendant allegedly mishandled in violation of California law.  (Dkt. No. 55.)[1]  Defendant, a limited liability company ("LLC"), (*id.* ¶ 25), moves for judgment on the pleadings as to Plaintiffs' California Penal Code § 631 claim on the ground it does not apply to LLCs.  (Dkt. No. 75.)  Having carefully considered the parties' submissions, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the February 5, 2026 hearing, DENIES Defendants' motion, and holds an LLC is a "person" under section 631.  Following the California Supreme Court's guidance on statutory interpretation in general and the California Invasion of Privacy Act ("CIPA") in particular, the Court construes "person" consistently with "person" under California Penal Code § 632 and to effectuate CIPA's broad purpose of protecting the privacy of Californians' communications.  As Defendant's arguments "person" includes only human beings or only corporations and human beings are unavailing, the rule of lenity is not appropriate.

**BACKGROUND**

On November 30, 2023, Plaintiffs sued Defendant in California Superior Court and alleged

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

violations of California state law.  (Dkt. No. 1-1.)  Defendant removed to this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).  (Dkt. No. 1.)

After Defendant moved to dismiss, Plaintiffs filed an amended complaint.  (Dkt. Nos. 14, 16.)  Defendant again moved to dismiss, and at the hearing on Defendant's motion, the Court granted Plaintiffs leave to file a second amended complaint, which they did.  (Dkt. Nos. 20, 33, 36.)  Defendant moved to dismiss Plaintiffs' second amended complaint, and the Court granted Defendant's motion in part and denied it in part.  (Dkt. Nos. 42, 51.)

Plaintiffs then filed a third amended complaint alleging: (1) violations of the California Confidentiality of Medical Information Act, Cal. Civ. Code §§ 56.06, 56.101, 56.10, 56.36; (2) violations of the California Consumer Privacy Act, Cal. Civ. Code § 1798.150(a)(1); (3) aiding and abetting unlawful interception under CIPA, Cal. Penal Code § 631; (4) unlawful recording of and eavesdropping upon confidential communications under CIPA, Cal. Penal Code § 632; (5) and invasion of privacy, Cal. Const. art. 1 § 1.  (Dkt. No. 55.)  Defendant moved to dismiss Plaintiffs' California Penal Code § 631 claim, and the Court denied Defendant's motion.  (Dkt. Nos. 57, 63.)  Defendant then answered the complaint.  (Dkt. No. 66.)

On December 3, 2025, the Court scheduled summary judgment briefing and argument.  (Dkt. No. 74.)  Defendant now moves for judgment on the pleadings as to Plaintiffs' California Penal Code § 631 claim.  (Dkt. No. 75.)

**DISCUSSION**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989) (citation omitted).  "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a Rule 12(b)(6) motion to dismiss."  *Kawasaki Jukogyo Kabushiki Kaisha v. Rorze Corp.*, 782 F. Supp. 3d 836, 850 (N.D. Cal. 2025) (citing *Dworkin v. Hustler Mag., Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)).  So, when considering a motion under Federal Rule of Civil Procedure 12(c), the Court

2

"must accept the facts as pled by the nonmovant." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1053 (9th Cir. 2011) (citation omitted).

Defendant moves for judgment on the pleadings as to Plaintiffs' California Penal Code § 631 claim.  Plaintiffs first respond Defendant's motion is procedurally improper because the Court has set a schedule for summary judgment briefing but not for this motion, and Defendant did not disclose this motion to the Court in advance.  Because "a party may move for judgment on the pleadings" at any point "[a]fter the pleadings are closed—but early enough not to delay trial," the Court considers Defendant's motion on the merits.  *See* Fed. R. Civ. P. 12(c).

## I.   DEFINITION OF "PERSON" UNDER CALIFORNIA PENAL CODE § 631

California Penal Code § 631(a) makes liable "[a]ny person" who participates in wiretapping, but section 631 does not define "person."  *See* Cal. Penal Code § 631.  So Defendant, an LLC, argues "person" does not include LLCs and asks the Court to dismiss Plaintiffs' section 631 claim.

### A.   Interpreting California Statutes

"When interpreting state law, federal courts are bound by decisions of the state's highest court. . . .  In the absence of such a decision, a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, 884 F.3d 812, 820 (9th Cir. 2018) (quotation marks and citations omitted); *see also Kairy v. SuperShuttle Int'l*, 660 F.3d 1146, 1150 (9th Cir. 2011) ("In a case requiring a federal court to apply California law, the court 'must apply the law as it believes the California Supreme Court would apply it.'" (citation omitted)).  Federal courts are therefore "bound to follow the considered dicta as well as the holdings of the California Supreme Court when applying California law." *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1164 (9th Cir. 1995) (citation omitted).

The California Supreme Court has explained its approach to statutory interpretation:

> When we interpret a statute, our fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose.  We first examine the statutory language, giving it a plain and commonsense meaning.  We do not examine that language in isolation, but in the context of the statutory framework as a whole in order to determine

United States District Court
Northern District of California

its scope and purpose and to harmonize the various parts of the enactment.  If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend.  If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy. . . .  Furthermore, we consider portions of a statute in the context of the entire statute and the statutory scheme of which it is a part, giving significance to every word, phrase, sentence, and part of an act in pursuance of the legislative purpose.

*Smith v. LoanMe, Inc.*, 11 Cal. 5th 183, 190 (2021) (cleaned up).  "It is a basic canon of statutory construction that statutes in pari materia should be construed together."  *Lexin v. Superior Court*, 47 Cal. 4th 1050, 1090-91 (2010) (citations omitted) (explaining statutes are in "pari materia" when they "have the same purpose or object" (quotation marks and citations omitted)).

**B.    California Penal Code § 631**

Section 631 is part of the California Invasion of Privacy Act ("CIPA"), which the California Legislature enacted in 1967 "'to protect the right of privacy by, among other things, requiring that all parties consent to a recording of their conversation."  *Smith*, 11 Cal. 5th at 191 (quoting *Flanagan v. Flanagan*, 27 Cal. 4th 766, 769 (2002)).  To effectuate this purpose, CIPA's wiretapping provision, California Penal Code § 631, authorizes fines and imprisonment for:

> Any **person**, [1] who, by means of any machine, instrument, or contrivance, or in any other manner, intentionally taps, or makes any unauthorized connection . . . with any telegraph or telephone wire, line, cable, or instrument . . . , or [2] who willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message . . . while the same is in transit or passing over any wire, line, or cable . . . , or [3] who uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or [4] who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section . . .

Cal. Penal Code § 631(a) (emphasis added).  CIPA's next section, California Penal Code § 632, addresses eavesdropping on or recording confidential communications by authorizing fines and imprisonment for:

> A **person** who, intentionally and without the consent of all parties to a confidential communication, uses an electronic amplifying or recording device to eavesdrop upon or record the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph,

4

United States District Court
Northern District of California

telephone, or other device, except a radio . . .

Cal. Penal Code § 632(a).

Although sections 631 and 632 address distinct conduct, they share "the same purpose or object," *see Lexin*, 47 Cal. 4th at 1090 (quotation marks and citations omitted); namely, "protect[ing] the right of privacy by, among other things, requiring that all parties consent to a recording of their conversation," *see Smith*, 11 Cal. 5th at 191 (quotation marks and citation omitted). The California Supreme Court therefore directs courts to "construe" sections 631 and 632 "together." *See Lexin*, 47 Cal. 4th at 1090 (citations omitted). And although section 631 does not define "person," section 632 defines a "person" as "an individual, business association, partnership, corporation, *limited liability company*, or other legal entity." Cal. Penal Code § 632(b) (emphasis added). So, in order "to harmonize" sections 631 and 632, *see Smith*, 11 Cal. 5th at 190, a "person" under section 631 also should include LLCs.

Given California Supreme Court decisions regarding CIPA in general and section 631 in particular, the Court concludes the California Supreme Court would reach the same conclusion. *See Kairy*, 660 F.3d at 1150 ("[T]he court must apply the law as it believes the California Supreme Court would apply it." (quotation marks and citation omitted)); *see also Aceves*, 68 F.3d at 1164 (explaining courts are "bound to follow the considered dicta as well as the holdings").

The "fundamental task" for courts interpreting California law "is to determine the Legislature's intent so as to effectuate the law's purpose." *Smith*, 11 Cal. 5th at 190. "In enacting [CIPA], the Legislature declared in broad terms its intent 'to protect the right of privacy of the people of this state' from what it perceived as 'a serious threat to the free exercise of personal liberties [that] cannot be tolerated in a free and civilized society.'" *Ribas v. Clark*, 38 Cal. 3d 355, 359 (1985) (quoting Cal. Penal Code § 630)). CIPA is therefore a "broad, protective invasion-of-privacy statute" enacted in response to "serious and increasing threat[s] to the confidentiality of private communications." *See Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 115 (2006); *see also Tavernetti v. Superior Court*, 22 Cal. 3d 187, 190 (1978) (explaining section 631 "broadly prohibits the interception of wire communications and disclosure of [their] contents"). "This philosophy appears to lie at the heart of virtually all the decisions construing the Privacy

Act." *Ribas*, 38 Cal. 3d at 359 (citation omitted). So, the California Supreme Court has repeatedly rejected constructions which would narrow the scope of CIPA as "inconsistent with [CIPA's] broad wording and purpose." *See id.* at 360 (rejecting interpretation of "section 631 as merely encompassing the use of electronic amplifying and recording devices"); *see also Smith*, 11 Cal. 5th at 199 ("The interpretation of section 632.7 we adopt is better aligned with [CIPA's] aims and declarations than a narrower interpretation would be."); *Kearney*, 39 Cal. 4th at 119-120 (refusing to exempt from liability communications recorded from outside California). The California Supreme Court's emphasis on CIPA's purpose—protecting Californians' private communications—and broad scope supports this Court's conclusion an LLC is a "person" under section 631.

The California Supreme Court has also construed CIPA provisions to ensure a "'coherent statutory scheme.'" *See Smith*, 11 Cal. 5th at 193 (quoting *Flanagan*, 22 Cal. 4th at 776). Interpreting "person" under section 631 to exclude LLCs would create a statutory scheme in which LLCs cannot be liable for wiretapping but can be liable for eavesdropping or recording confidential communications. Defendant contends CIPA provisions defining a "person" as including an LLC indicate the Legislature deliberately left "person" in section 631 undefined so as to exclude LLCs. *See, e.g.*, Cal. Penal Code §§ 632(b); 637.5(f)(3); 638(c)(1). But Defendant does not explain why, in light of CIPA's "coherent statutory scheme," the California Legislature would create this inconsistency. *See Smith*, 11 Cal. 5th at 193 (quotation marks and citation omitted). Instead, construing section 631 to apply to LLCs, just as other CIPA provisions do, best effectuates CIPA's coherent statutory scheme.

Ultimately, Defendants do not point to any California court case adopting their proposed narrower construction of section 631. To the contrary, the California Supreme Court, when describing section 631, often ignores its "person" requirement altogether. *See, e.g.*, *Tavernetti*, 22 Cal. 3d at 193 ("[W]e hold that disclosure of the contents of a private telephone conversation, intercepted by means of an intentional wiretap, is illegal under section [631(a)], unless within the carefully limited exemptive provisions of [section 631(b)]."); *Ribas*, 38 Cal. 3d at 359 ("Section 361 was aimed at one aspect of the privacy problem—eavesdropping, or the secret monitoring of

conversations **by third parties**." (emphasis added)); *People v. Conklin*, 12 Cal. 3d 259, 263 (1974) (explaining section 631 "forbids wiretapping . . . except by law enforcement officers").

So, because the California Supreme Court directs courts to harmonize CIPA's provisions and effectuate CIPA's broad purpose of protecting the privacy of Californians' communications, "person" under California Penal Code § 631 includes an LLC like Defendant.[2]

### C.     Defendant's Proposed Constructions

Defendant proposes two alternative interpretations of "person" under California Penal Code § 631 which would exclude LLCs.  Neither is persuasive.

### 1.     "Person" as a "Human Being (i.e., Natural Person)"

Defendant first contends the Court should adopt the ordinary meaning of "person," which, according to Black's Law Dictionary, the Oxford English Dictionary, and the Merriam-Webster Dictionary, means "a human being" or "natural person," rather than a "legal entity."  (Dkt. No. 75 at 15-16.)

As an initial matter, Defendant improperly relies on federal appellate and district court cases to argue ordinary meaning, based on dictionary definitions, is dispositive.  *See, e.g.*, *Animal Legal Def. Fund v. U.S. Dep't of Agric.*, 933 F.3d 1088, 1093 (9th Cir. 2019) ("When a statute does not define a term, [courts] typically give the phrase its ordinary meaning." (quotation marks and citation omitted)); *United States v. Cox*, 963 F.3d 915, 920 (9th Cir. 2020) ("To determine ordinary meaning, we consider dictionary definitions." (citations omitted)).  As explained above, this Court instead is bound by the California Supreme Court's approach to interpreting California statutes.  *See PSM Holding Corp.*, 884 F.3d at 820.

---

[2] The Court's conclusion is consistent with many other federal courts.  *See, e.g.*, *Ambriz v. Google, LLC*, No. 23-CV-05437-RFL, 2025 WL 830450, at *4 (N.D. Cal. Feb. 10, 2025) ("Section 631(a) prohibits conduct by 'person[s],' a term which includes LLCs." (citing Cal. Penal Code § 632(b))); *Doe v. Regents of Univ. of California*, 672 F. Supp. 3d 813, 817 (N.D. Cal. 2023) ("By its text, CIPA applies to '[p]ersons,' . . . further defined as 'an . . . limited liability company.'" (quoting Cal. Penal Code §§ 631(a), 632(b))); *see also, e.g.*, *Mikulsky v. Bloomingdale's, LLC*, Nos. 24-3564, 24-3837, 2025 WL 1718225, at *1 (9th Cir. June 20, 2025) (assuming LLCs covered by section 631); *Javier v. Assurance IQ, LLC*, No. 21-16351, 2022 WL 1744107, at *2 (9th Cir. May 31, 2022) (same); *Brown v. Google LLC*, No. 20-CV-03664-LHK, 2021 WL 6064009, at *18 (N.D. Cal. Dec. 22, 2021) (same); *Gabrielli v. Motorola Mobility LLC*, No. 24-CV-09533-JST, 2025 WL 1939957, at *10 (N.D. Cal. July 14, 2025) (same).

The California Supreme Court "do[es] not examine [statutory] language in isolation, but in the context of the statutory framework as a whole in order to . . . harmonize [its] various parts." *Smith*, 11 Cal. 5th at 190 (quotation marks and citation omitted).  And Defendant's interpretation of a "person" as a "human being (i.e. natural person)" does not make sense in the context of section 631 as a whole.  Section 631(b)(1) specifically exempts from liability "[a]ny public utility, or telephone company, engaged in the business of providing communications services and facilities."  Cal. Penal Code § 631(b)(1).  If "person" in section 631(a) meant a "human being," it would be unnecessary to exempt public utilities and telephone companies, which are not human beings, from liability.  *See Wells v. One2One Learning Found.*, 39 Cal. 4th 1164, 1207 (2006) ("[I]nterpretations which render any part of a statute superfluous are to be avoided." (citations omitted)).

Defendant contends section 631(b)(1) is not superfluous because California Penal Code § 638 defines a "telephone company" as "a telephone corporation . . . or any other person that provides residential or commercial telephone service."  *See* Cal. Penal Code § 638(c)(3); *see also* Cal. Penal Code § 631(c) (referencing definition in § 638(c)(3)).  But if "person" only included human beings, it would still be superfluous to exempt telephone corporations from liability.  Defendant's argument regarding "public utility" is even further afield.  "'Public utility' includes every common carrier, toll bridge corporation, pipeline corporation, gas corporation, electrical corporation, telephone corporation, telegraph corporation, water corporation, sewer system corporation, and heat corporation, where the service is performed for, or the commodity is delivered to, the public or any portion thereof."  *See* Cal. Pub. Util. Code § 216(a)(1).  So, "public utility" includes only corporations and not human beings.  But, Defendant contends, "any person or corporation [who] performs any service for" a California person, corporation, or municipality is also subject to California's Public Utility Act's provisions.  *Id.* § 216(c).  That persons can be subject to California's Public Utility Act does not transform persons into public utilities.

Defendant also points to CIPA provisions exempting specific human beings from liability.  *See, e.g.*, Cal. Penal Code § 633.1(a) (providing section 631 does not prohibit conduct by "any person regularly employed as an airport law enforcement officer . . . acting within the scope of his

United States District Court
Northern District of California

or her authority"); Cal. Penal Code § 633.8(b) (providing "a designated peace officer" may use a recording device in particular circumstances "notwithstanding" CIPA). But that CIPA exempts particular types of human beings from liability does not mean only human beings can be liable under section 631.

Finally, Defendant's reliance on *Ion Equipment Corp. v. Nelson*, 110 Cal. App. 3d 868 (1980), is unavailing. There, a corporation alleged a former employee violated section 632 by recording a telephone call with another employee without the corporation's consent. *Id.* at 875. The corporation sued under section 637.2, which authorizes a private right of action by "[a]ny person who has been injured by a violation of this chapter," but did not define "person." *Id.* at 879-80; *see also* Cal. Penal Code § 637.2. The appellate court held "a corporation may bring an action pursuant to Penal Code sections 632 and 637.2" because as "a corporation is considered a 'person' which may be held liable for invasion of privacy pursuant to [§ 632], . . . the Legislature intended the words 'any person' stated in [§ 637.2(a)] to include corporations as well." *Ion Equipment Corp.*, 110 Cal. App. 3d at 879-880. Defendant argues because the court's holding went "no further" than the "instant appeal," *Ion Equipment Corp.* supports its argument. *Id.* at 880. To the contrary, *Ion Equipment Corp.* suggests section 632's broad definition of person can apply to CIPA provisions which do not define "person."

So, the Court rejects Defendant's proposal to interpret "person" under section 631 as a "human being" and not an LLC.

### 2.      "Person" as a "Corporation" or "Natural Person"

Defendant next argues section 631 adopts the definition of "person" from California Penal Code § 7, which provides "'[p]erson' includes a corporation as well as a natural person." Cal. Penal Code § 7(a)(1). Under California's Corporations Code, LLCs are not corporations. *See Ontiveros v. Constable*, 27 Cal. App. 5th 259, 273 (2018) (citing *People v. Pac. Landmark, LLC*, 129 Cal. App. 4th 1203, 1211-12 (2005)). But Defendant does not cite any California state court case relying on the Penal Code's general definition of "person" to interpret CIPA or explain why the Penal Code's general definitions should supplant definitions in CIPA itself. Furthermore, that "'[p]erson' *includes* a corporation as well as a natural person," Cal. Penal Code § 7(a)(1), does not

United States District Court
Northern District of California

9

necessarily mean "person" does not include other types of legal entities, like LLCs.  *See Flanagan*, 27 Cal. 4th at 774 (in interpreting CIPA, noting "'[i]ncludes' is 'ordinarily a term of enlargement rather than limitation'" (citation omitted)).

If the Court were to adopt Defendant's proposed interpretation, section 631 would prohibit wiretapping by corporations but not by LLCs.  Defendant presents no explanation why the California Penal Code or CIPA would treat corporations differently from LLCs.  And, given CIPA's goal of broadly protecting Californians' private communications, interpreting CIPA to hold corporations liable, while creating a safe haven for LLCs, would be an absurd result.  *See Wasatch Prop. Mgmt. v. Degrate*, 35 Cal. 4th 1111, 1122 (2005) ("[S]tatutes should be interpreted to avoid an absurd result." (citations omitted)); *see also People v. Hacker Emporium, Inc.*, 15 Cal. App. 3d 474, 479 (1971) (construing "person" to apply to corporations "to avoid absurdity and injustice" of allowing people to "incorporate and . . . be[come] exempt from the operation of this law").

So, the Court refuses to interpret "person" under section 631 as meaning "a corporation . . . [or] natural person."  Cal. Penal Code § 7(a)(1).

### D.    Rule of Lenity

The rule of lenity "generally requires that 'ambiguity in a criminal statue should be resolved in favor of lenity, giving the defendant the benefit of every reasonable doubt on questions of interpretation."  *People v. Reynoza*, 15 Cal. 5th 982, 1012 (2024) (quotation marks and citation omitted).  However, California courts only invoke the rule of lenity when there is "an egregious ambiguity and uncertainty" and "two reasonable interpretations of the same provision stand in relative equipoise."  *People v. Braden*, 14 Cal. 5th 791, 824 (2023) (cleaned up).  When "the legislative history, the purpose of the statute, general public policy concerns, [] logic . . . [and] the statutory language" all favor a court's interpretation, the rule of lenity is not appropriate.  *Smith*, 11 Cal. 5th at 202; *see also id.* at 202 n.11 (choosing not to address arguments the rule of lenity is not applicable to CIPA claims by a civil plaintiff).

Defendant argues the Court should apply the rule of lenity and adopt one of its proposed interpretations of "person" under section 631.  As an initial matter, Defendant's rule of lenity

United States District Court
Northern District of California

United States District Court
Northern District of California

argument improperly relies on federal, rather than California state law. However, for the reasons explained above, Defendant has not presented another "reasonable interpretation[]" of person under section 631 which "stand[s] in relative equipoise" with the Court's interpretation. *See Braden*, 14 Cal. 5th at 824 (cleaned up). As in *Smith v. LoanMe, Inc.*, 11 Cal. 5th 183 (2021), CIPA's language and purpose, as well as public policy and logic "all favor" the Court's interpretation, so there is insufficient uncertainty to justify applying the rule of lenity. *Id.* at 202.

So, the Court refuses to exempt Defendant from liability by applying the rule of lenity and adopting one of Defendant's proposed definitions of "person" under California Penal Code § 631.

## CONCLUSION

For the reasons stated above, the Court DENIES Defendant's motion for judgment on the pleadings as to Plaintiffs' California Penal Code § 631 claim.

This Order disposes of Docket No. 75.

**IT IS SO ORDERED.**

Dated: February 2, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

11