ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
RACHAEL G. JUNG (SBN 239323)
rjung@kellergrover.com
**KELLER GROVER LLP**
1965 Market Street
San Francisco, California 94103
Telephone: (415) 543-1305
Facsimile: (415) 543-7861

DON BIVENS (*pro hac vice admission)*
don@donbivens.com
**DON BIVENS, PLLC**
15169 N. Scottsdale Road, Suite 205
Scottsdale, Arizona 85254
Telephone: (602) 708-1450

SCOT BERNSTEIN (SBN 94915)
swampadero@sbernsteinlaw.com
**LAW OFFICES OF SCOT D. BERNSTEIN, A PROFESSIONAL CORPORATION**
101 Parkshore Drive, Suite 100
Folsom, California 95630
Telephone: (916) 447-0100
Facsimile: (916) 933-5533

*Attorneys for Plaintiffs*
R.C. and D.G., Individuals

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

R.C. and D.G., individually and on behalf of a class of similarly situated individuals,

Plaintiffs,

v.

SUSSEX PUBLISHERS, LLC; and DOES 1 through 100, inclusive,

Defendants.

Case No: 3:24-cv-02609-JSC

Assigned to Honorable Jacqueline Scott Corley

**PLAINTIFFS' STATEMENT IN RESPONSE TO DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED**

[N.D. Cal. Local Rule 79-5]

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

Pursuant to Northern District of California Local Rule 79-5(f)(3) and 79-5(c)(1), Plaintiffs submit this statement in response to Defendant Sussex Publishers, LLC's ("Defendant") Administrative Motion to Consider Whether Another Party's Materials Should be Sealed. Dkt. 86. Plaintiffs concurrently are filing the Declaration of Eric A. Grover in support of this statement and a Proposed Order. *See* L.R. 79-5(c)(2) and (c)(3).

## I. LEGAL STANDARD

Courts "'recognize a general right to inspect and copy public records and documents, including judicial records and documents.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016), quoting *Nixon v. Warner Commnc'ns Inc.*, 435 U.S. 589, 597 (1978). When documents are presented with a summary judgment motion, the party seeking to seal must show that "compelling reasons" outweigh "the strong presumption in favor of public access to court records." *Id.* at 1096-98 (internal quotation marks omitted), citing *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) and *Foltz v. State Farm Mut. Auto Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir. 2003). Whether a "compelling reason" exists is "best left to the sound discretion of the trial court." *Id.* at 1097.

When an administrative motion to consider sealing another party's material is filed, Local Rule 79-5(f)(3) provides that the designating party must file a statement and/or declaration as described in 79-5(c)(1). Subsection (c)(1) requires a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient.

## II. COMPELLING REASONS EXIST TO SEAL THE SPECIFIC DOCUMENTS AND PORTIONS OF DOCUMENTS LISTED IN DEFENDANT'S ADMINISTRATIVE MOTION.

### A. Legitimate Privacy Interests Warrant Sealing the Documents at Issue.

Courts in this district and others in the Ninth Circuit "routinely conclude that the need to protect medical privacy qualifies as a 'compelling reason' for sealing records." *Andrade v. Costco Wholesale Corp.,* No. 23-cv-06125-TSH, 2025 U.S. Dist. LEXIS 259071, at *4 (N.D. Cal. Dec. 15, 2025); *Revels v. Hale*, No. 22-cv-06723-JST, 2025 U.S. Dist. LEXIS 48410, at *8 (N.D. Cal. Mar.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

17, 2025) (recognizing same); *Morilha v. Alphabet Inc.*, No. 24-cv-02793-JST, 2024 U.S. Dist. LEXIS 141346, at *2 (N.D. Cal. Aug. 8, 2024) (same); *Pratt v. Gamboa*, No. 17-cv-04375-LHK, 2020 U.S. Dist. LEXIS 90913, at *5 (N.D. Cal. May 22, 2020) (same); *Allphin v. Peter K. Fitness, LLC*, No. 13-cv-01338-BLF, 2015 U.S. Dist. LEXIS 6772, at *3 (N.D. Cal. Jan. 16, 2015) (same); *Supple v. Bluecross Blueshield of Ill.*, No. 2:24-cv-01340-DAD-JDP, 2026 U.S. Dist. LEXIS 55660, at *4-5 (E.D. Cal. Mar. 16, 2026) (same); *Dozier v. Dzurenda*, No. 3:18-CV-0570-RCJ-CBC, 2018 U.S. Dist. LEXIS 218081, at *5 (D. Nev. Dec. 26, 2018) (same); *Penny v. City of L.A.,* No. CV 20-7211-DMG (MAAx), 2022 U.S. Dist. LEXIS 252070, at *5-6 (C.D. Cal. Mar. 21, 2022) (similar).

Courts have found that the need to protect medical privacy includes information about a plaintiff's mental health history, condition, and treatment. *See e.g.*, *Housh v. Rackley*, No. 17-cv-04222-HSG (PR), 2018 U.S. Dist. LEXIS 174676, at *5 (N.D. Cal. Oct. 10, 2018) (finding that compelling reasons justified sealing redacted portions of documents containing "sensitive medical and mental health information, which are entitled to a strong presumption of privacy," citing Health Insurance Portability and Accountability Act of 1996, Pub. L. 104-191, 110 Stat. 1936 (codified as amended in scattered sections of 42 U.S.C.) and California's Confidentiality of Medical Information Act, Cal. Civil Code § 56, *et seq.*); *A.C. v. City of Santa Clara*, No. 13-CV-03276-HSG, 2015 U.S. Dist. LEXIS 86708, at *6 (N.D. Cal. July 2, 2015) (finding that confidentiality concerns regarding medical and mental health records concerns outweigh the presumption of public access to court records); *Burmayan v. Garfield Beach CVS, LLC*, No. CV 23-1788 FMO (AGRx), 2025 U.S. Dist. LEXIS 271130, at *3-4 (C.D. Cal. Oct. 6, 2025) ("the need to protect plaintiff's medical privacy" was compelling reason to seal documents containing "plaintiff's sensitive mental health information, such as psychological evaluations, mental health reports, and medical progress notes."); *Penny*, 2022 U.S. Dist. LEXIS 252070, at *5-6 ("There are compelling reasons to seal private medical information, especially with regard to mental health diagnoses."); *Dozier*, 2018 U.S. Dist. LEXIS 218081, at *5 (finding the need to maintain the confidentiality of the plaintiffs' sensitive health information, medical and mental health history, and treatment records outweighed the need for the public's access to the information).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

Defendant's **Exhibits 4-11, 14-16, 18, and 20** contain sensitive medical information related to Plaintiffs' mental health conditions and the treatment they were undergoing and/or seeking. This highly personal and private information includes mental health symptoms and issues, diagnoses and treatment, therapists' names and locations, health insurance coverage, and mental health appointment information. Plaintiffs' interest in protecting the confidentiality of their medical information and the public interest in protecting medical privacy in general outweigh the need for public access to Plaintiffs' personal mental health information.

Further, in addition to private medical information, Defendant's **Exhibits 4-10, 14, 16-19, 21-22, 24, and 28** contain Plaintiffs' personally identifying information, including their first and last names, physical home addresses, telephone numbers, email addresses, and browsing history containing personal and/or medical information. California Civil Code § 1798.81.5(d)(1)(A) defines "personal information" as an individual's "first name or first initial and the individual's last name in combination with any one or more of the following data elements, when either the name or the data elements are not encrypted or redacted": (i) social security number; (ii) unique identification numbers used to verify an individual's identity, such as a driver's license or passport number; (iii) account number or credit or debit card number along with access information; (iv) medical information; (v) health insurance information; (vi) unique biometric data; and (vii) genetic data.

Courts in this district routinely find compelling reasons to seal personally identifying information that has minimal relevance to the underlying causes of action. *Stiner v. Brookdale Senior Living, Inc.,* No. 17-cv-03962-HSG, 2022 U.S. Dist. LEXIS 58641, at *8-9 (N.D. Cal. Mar. 30, 2022), citing *Am. Automobile Ass'n of N. Cal., Nev., & Utah*, 2019 U.S. Dist. LEXIS 42978, at *6-8 (N.D. Cal. Mar. 14, 2019) (finding compelling reasons to seal personally identifiable information, "including names, addresses, phone numbers, and email addresses") and *Benedict v. Hewlett-Packard Co.*, 2014 U.S. Dist. LEXIS 7368, at *9-10 (N.D. Cal. Jan. 21, 2014) (granting motion to seal personal information, including a home address, phone number, and email address).

The Ninth Circuit also has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm. *See, e.g.*, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003); *Nursing Home Pension*

*Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 U.S. Dist. LEXIS 84000, *9-10 (N.D. Cal. Oct. 31, 2007) (sealing home addresses and other information to protect confidential witnesses' private information). Thus, while an individual's name and contact information may be less personal in isolation, revealing such information in documents that also contain or can be tied to Plaintiffs' medical information may cause harm to Plaintiffs' medical privacy interest. That interest is even more acute here, where the Court already has given Plaintiffs permission to proceed using only their initials.

Accordingly, there are compelling reasons to grant Plaintiffs' request to maintain under seal those specific documents and redacted portions of documents listed in Defendant's administrative motion (Dkt. 86) and in Plaintiffs' Proposed Order submitted herewith.

**B. Plaintiffs Will Suffer Loss of Privacy and Injury If Sealing Is Denied.**

Plaintiffs will lose their privacy in their sensitive mental health information and their personally identifying information if that private information is made publicly accessible. The only way to protect Plaintiffs' personal and medical privacy and to prevent further exposure to harm is to keep the requested documents under seal.

**C. There Is No Less Restrictive Alternative to Sealing that Would Be Sufficient.**

No means other than sealing will protect Plaintiffs' confidential mental health information and personally identifying information tied to that medical information, the protection of which outweighs the public right of access to court records.

Respectfully submitted,

Dated: June 2, 2026

**KELLER GROVER LLP**

By: /s/ *Eric A. Grover*

ERIC A. GROVER
*Attorneys for Plaintiffs*

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861